# EXHIBIT A

Charles L. Doerksen, #135423
Attorney at Law
2100 Tulare Street, Suite 410
Fresno, California 93721
559 233 3434

Attorney for plaintiff GREG OCCHIONERO

UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

GREG OCCHIONERO,

Plaintiff,

vs.

CITY OF FRESNO, and DOES 1 through 40,

Defendants.

Case No. 1:05-CV-01184-AWI-SMS

FIRST AMENDED COMPLAINT FOR VIOLATION OF EQUAL PROTECTION CLAUSE (42 U.S.C. § 1983); DEMAND FOR JURY TRIAL

Plaintiff GREG OCCHIONERO alleges as follows:

**JURISDICTION & VENUE**

1. Plaintiff GREG OCCHIONERO ("OCCHIONERO") brings this action for redress of defendant CITY OF FRESNO'S violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Court has jurisdiction over the claim, which is brought under 42 U.S.C. §1983.

2. Venue is proper in the Fresno division of the Eastern District of California, in that defendant CITY OF FRESNO is situated in, and all of the events alleged herein occurred in, this district, and in particular, in the City and County of Fresno.

///

**PARTIES**

3. Plaintiff OCCHIONERO is an individual protected by 42 U.S.C. § 1983, and at all times a resident of Clovis, Fresno County, California. Plaintiff OCCHIONERO has, until the actions of defendant CITY OF FRESNO as alleged herein, made a living by recycling (primarily recycling polyurethane foam), which entailed collecting and baling the foam on his parents' real property until the material could be resold.

4. Defendant CITY OF FRESNO is a municipal corporation and charter city established and existing under the laws of the State of California.

5. Plaintiff OCCHIONERO is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive and, therefore, sues these defendants by fictitious names. Plaintiff OCCHIONERO will amend this complaint to allege their true names and capacities when ascertained. Plaintiff OCCHIONERO is informed and believes, and on that basis alleges, that each of these fictitiously named defendants is responsible in some manner for the acts or omissions alleged in this complaint and that plaintiff OCCHIONERO's injuries were proximately caused by acts or omissions of these defendants.

6. Some of the persons or entities sued herein may be persons or entities with whom or which plaintiff OCCHIONERO is acquainted, but at this time plaintiff is not aware of information or facts that cause him to conclude that he is aware of the identities of any persons or entities sued herein, other than those defendants whose identities are specifically alleged. For these reasons, plaintiff OCCHIONERO alleges on information and belief that he knows the identities of DOES 21 through 40, inclusive, but is unaware at this time of the specific details of the actions and conduct of these particular defendants that give rise to their legal liability to plaintiff. Plaintiff OCCHIONERO will seek leave to amend the complaint when he has knowledge of facts indicating the true nature of their capacity and conduct in the events described in this complaint.

**FACTUAL ALLEGATIONS**

7. Plaintiff OCCHIONERO's parents, Michael and Vincenza Occhionero own a commercial property located at 2680 North Miami, Fresno, California (the "Property"), which is used by their son, plaintiff OCCHIONERO, for his recycling.

8. Plaintiff OCCHIONERO's problems with defendant CITY OF FRESNO began in the summer of 2002. Municipal Auditing Services ("MAS") wrote to OCCHIONERO asking whether he had a "City of Fresno Business Tax Certificate." Apparently, defendant CITY OF FRESNO had contracted with MAS to locate businesses that were not paying business taxes to the CITY OF FRESNO. It appears that the contract between CITY OF FRESNO and MAS permitted the latter to collect taxes. Plaintiff OCCHIONERO challenged the appropriateness of CITY OF FRESNO's relationship with MAS, asserting that it was an unconstitutional delegation of taxing authority; a letter writing war began in July 2002, and continued through November 2002.

9. In February of 2003, defendant CITY OF FRESNO, through its Code Enforcement Division, began an aggressive campaign against OCCHIONERO, which continued over several months. Although there are many notations in the Case History Report concerning plaintiff OCCHIONERO's foam being stacked too high, the only Notice of Violation that was issued related solely to materials being stored in the parking area and loading zone. Interestingly, the first inspection was not in response to a complaint regarding the Property, but was "proactive" (see Code Enforcement Service Request, dated March 3, 2003, a true and correct copy of which is attached hereto as **Exhibit A** and made a part hereof). Also, the Case History Report generated on July 17, 2003, a true and correct copy of which is attached hereto as **Exhibit B**, and made a part hereof, has a note that reads "Mayor's Task Force, High Risk Reporting Party" which has been deleted in all subsequent runs of that report.

10. On June 16, 2003, plaintiff OCCHIONERO filed a claim for damages with defendant CITY OF FRESNO, challenging the propriety of the relationship between MAS and defendant CITY OF FRESNO; an amended claim was filed on July 14, 2003; true and correct copies of which are attached hereto, together as **Exhibit C** and made a part hereof. On July 28, 2003, plaintiff OCCHIONERO filed a complaint in the Fresno County Superior Court naming, among others, defendant CITY OF FRESNO; the complaint was never served. On November 26, 2003, plaintiff OCCHIONERO filed an amended complaint, a true and correct

///

copy of which is attached hereto as **Exhibit D** and made a part hereof. It was apparently served on the same day.

11. Plaintiff is informed and believes, and thereon alleges, that in retaliation for plaintiff OCCHIONERO's challenge of defendant CITY OF FRESNO's relationship with MAS, that on or about November 26, 2003, defendant CITY OF FRESNO obtained an "Inspection and Abatement Warrant" (the "Warrant"), to come on to the Property and to inspect a supposed nuisance, namely, foam that was allegedly stacked too high. Thereafter, defendant CITY OF FRESNO gave "notice" that an "inspection" of the Property was going to take place. A true and correct copy of the notice is attached hereto as **Exhibit E** and made a part hereof (the "Notice"). The body of the Notice states, in full, as follows:

> An **inspection** at 2680 N. Miami Avenue, Fresno, California will be conducted by the City of Fresno, Department of Planning and Development, Code Enforcement Division and the City of Fresno Fire Department on December 8, 2003 at 11:00 a.m.
>
> [¶] This **inspection** will be done pursuant to an Inspection/Abatement Warrant issued by the Fresno County Superior Court. A copy of the warrant will be delivered at the time of service." (Emphasis added.)

12. There is no dispute (a) that the one-page Notice is all that was provided, (b) that the language of the Notice itself does not disclose that **abatement** would also be done pursuant to the Warrant, but rather, it was expressly limited to an **inspection**, and (c) that *after* service of the Notice and *prior* to the inspection/abatement, plaintiff OCCHIONERO went to City Hall and spoke to defendant CITY OF FRESNO's employee who had posted the Notice and tried to find out what the Notice meant; the employee, Israel Trejo, refused to provide either a copy of the Warrant or an explanation of what it was. Plaintiff OCCHIONERO is informed and believes, and thereon alleges, that defendant CITY OF FRESNO refused to provide this information because it did not want plaintiff OCCHIONERO to know what was about to happen.

13. On or about December 8, 2003, Code Enforcement began executing on the Warrant, and removed a variety of plaintiff OCCHIONERO's materials over the next several days. The amount of the removed materials will be the subject of proof.

14. On or about December 31, 2003, defendant CITY OF FRESNO issued a Notice of Public Nuisance Summary Abatement Billing, assessing charges against the Property's owners in the amount of $13,085.07, for costs allegedly incurred in abating the "nuisance"; the Property owners appealed the billing.

15. On April 1, 2004, following an evidentiary hearing, defendant CITY OF FRESNO's Independent Hearing Officer issued its decision, a true and correct copy of which is attached hereto as **Exhibit F** and made a part hereof, upholding the charges in the amount of $13,085.07 (the "Cost-Recovery Award"). The Hearing Officer found that "The facts in this case do *not* support a finding of imminent danger justifying the use of summary abatement under FMC § 9-805.3 … [however] the City is entitled to recovery of the costs of the abatement conducted pursuant to the warrant under FMC Sections 1-604, *et seq.*" The Hearing Officer also stated, "It is troublesome that [petitioners] were not given a copy of the warrant when it was requested …." Defendant CITY OF FRESNO unsuccessfully argued that it could not, and did not, make the determination that the situation posed a threat "imminently dangerous …" until it got inside of the building; but this was belied by the following evidence:

(a) Mr. Fultz of the Fresno Fire Department ("FFD") was in the building early on, approximately ten months prior to the abatement and saw the high-piled foam, and claims to have subsequently completed research which alerted him to the danger, but he could not explain why he waited to do something.

(b) The City was aware of the foam "piled to the ceiling" for at least ten months prior to the abatement action, as is demonstrated by photographs taken on at least eight different occasions in months prior to the abatement action, and as memorialized in the Case History Report; with regard to each picture taken on each of the eight occasions, Mr. Fultz of the FFD testified that that was how things looked when he arrived on December 8th.

(c) Mr. Fultz testified (i) that, since the foam would not spontaneously combust, it could not pose a threat "imminently dangerous …" unless there was an ignition source present, and (ii) that there was *not* an ignition source present at the time of the abatement action.

16. On or about May 10, 2004, the Property owners filed a petition for writ of administrative mandamus in the Fresno County Superior Court, seeking to overturn the Cost-Recovery Award.

17. The Fresno County Superior Court agreed with the Hearing Officer that an "imminent danger" did *not* exist, and on or about November 12, 2004, overturned the Cost-Recovery Award. Specifically, the Court found that defendant CITY OF FRESNO could not recover any of its abatement costs (the "Judgment"); A true and correct copy of the Judgment is attached hereto as **Exhibit G** and made a part hereof.

**CLAIM FOR RELIEF**

**(Violation of Equal Protection Clause - 42 U.S.C. § 1983)**

18. Plaintiff OCCHIONERO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 17 above.

19. Plaintiff OCCHIONERO is informed and believes and thereon alleges that defendant CITY OF FRESNO has systematically, as a result of official policy and/or custom, deprived plaintiff OCCHIONERO of his constitutional right to equal protection of the law. Paragraphs 7 through 17 and 19 through 24 show that plaintiff OCCHIONERO's constitutional right to equal protection of the law was violated as a direct and proximate result of the official policy and/or custom of defendant CITY OF FRESNO; for each of these occurrences:

(a) The acts or omissions of defendant CITY OF FRESNO, through its duly constituted agents, were intentional;

(b) The acts or omissions were done under color of law; and

(c) The acts or omissions were the cause of the deprivation of plaintiff OCCHIONERO's rights protected by the Constitution or laws of the United States. The constitutional deprivation is plaintiff OCCHIONERO claim regarding the violation of the Equal Protection Clause of the Fourteenth Amendment, and is asserted under the standards for a claim by a "class of one." Plaintiff OCCHIONERO alleges: (i) he was treated differently from other similarly situated persons; (ii) the difference in treatment was intentional; and (iii) there was no rational basis for the difference in treatment - rather, the difference in treatment was

"punishment" for plaintiff OCCHIONERO's exercise of his constitutional rights (i.e., complaining about MAS) and/or based on a malicious or bad faith intent to injure plaintiff OCCHIONERO.

20. Plaintiff OCCHIONERO is informed and believes and thereon alleges that he was singled out for different treatment by local authorities, and that there is no rational basis for the difference in treatment of those similarly situated. The reason for the singling out of plaintiff OCCHIONERO was irrational and the product of intentional and arbitrary discrimination and uneven application. Defendant CITY OF FRESNO'S conduct was taken for the purpose of punishing plaintiff OCCHIONERO for exercising his constitutional rights (i.e., complaining about MAS) and/or based on a malicious or bad faith intent to injure plaintiff OCCHIONERO and interfering with his use of the property, and any excuse for the difference in treatment is nothing more than after-the-fact pretextual rationale. In addition, plaintiff OCCHIONERO contends defendant CITY OF FRESNO'S treatment was the result not of prosecutorial discretion honestly (even if ineptly – even if arbitrarily) exercised but an illegitimate desire to "get" plaintiff motivated solely by ill will towards him or an otherwise illegitimate, vindictive, or spiteful desire wholly unrelated to any legitimate state objective.

21. Plaintiff OCCHIONERO is informed and believes and thereon alleges that defendant CITY OF FRESNO has interfered with plaintiff OCCHIONERO's livelihood; more specifically:

(a) Defendant CITY OF FRESNO selectively enforced the Fresno Municipal Code against plaintiff OCCHIONERO, and applied criteria not having any basis in fact and not used to evaluate operations carried out by others.

(b) Plaintiff OCCHIONERO is informed and believes and thereon alleges that:

(1) Plaintiff OCCHIONERO is similarly-situated with every other person or entity (i) that has exercised his or its First Amendment right to freedom of speech by challenging a municipal law, regulation or practice, and/or (ii) has collected materials for recycling and re-sale.

(2) Plaintiff OCCHIONERO was treated differently than other similarly-situated persons or entities without any rational basis for the difference in treatment in that the CITY OF FRESNO, through its agents, carried out an aggressive Code Enforcement campaign, applied criteria not having any basis in fact and not used to evaluate operations carried out by others, and which directly and indirectly targeted plaintiff OCCHIONERO's recycling operation. Defendant CITY OF FRESNO's actions were taken for the purpose of punishing plaintiff OCCHIONERO for challenging the appropriateness of CITY OF FRESNO's relationship with MAS, asserting that it was an unconstitutional delegation of taxing authority, and/or based on a malicious and bad faith intent to injure plaintiff OCCHIONERO.

(3) Plaintiff OCCHIONERO will need initial disclosures and discovery to allow him to allege a more finite description of the identity of others who have not been treated in the same fashion. At this juncture, requiring plaintiff OCCHIONERO to plead additional factual details that establish a negative, i.e., no rational basis for the difference in treatment, places plaintiff OCCHIONERO in the position of pleading matters beyond his knowledge and ability to find out prior to discovery.

22. The constitutional deprivation, as alleged above, occurred as a direct and proximate result of the official policy and/or custom of defendant CITY OF FRESNO.

23. Plaintiff OCCHIONERO is informed and believes and thereon alleges that the "official policy" of defendant CITY OF FRESNO has manifested itself in decisions officially made by defendant CITY OF FRESNO'S policy-making officials and/or ratification of the deprivation by defendant CITY OF FRESNO'S policy-making officials, and/or rules or regulations promulgated, adopted, or ratified by the governmental entity's legislative body.

24. Plaintiff OCCHIONERO is informed and believes and thereon alleges that the "official policy" of defendant CITY OF FRESNO has also manifested itself in a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of defendant CITY OF FRESNO, in that:

(a) Defendant CITY OF FRESNO has an actionable custom of "getting plaintiff" in that it is persistent and well settled and amounts to a de facto official policy. This was

done for the purpose of punishing plaintiff for exercising his constitutional rights and interfering with plaintiff OCCHIONERO's use of his property, and not under any conceivable stretch of the imagination for the legitimate purpose of abating an alleged public nuisance.

(b) Defendant CITY OF FRESNO is responsible for the widespread abuses and practices that are so pervasive as to have the force of law: (i) the abuses are not limited to one isolated instance, but rather, several; (ii) high-ranking officials who establish the local government's policy customarily acted in a certain manner without a formal declaration of policy and thereby bound the local government; and (iii) plaintiff OCCHIONERO has been subjected to a series of acts that were inflicted by lower-level employees and agents of defendant CITY OF FRESNO with the knowledge and tacit connivance of those running the municipality, and such employees and agents have engaged in a custom which is so pervasive that either the local government body itself or, more likely, certain of its high-ranking officials actually know of this custom or are reckless with regard to its existence (e.g., the treatment of plaintiff OCCHIONERO was widely known to high officials, but such officials never told the employees to stop the abuse and did not take any remedial steps after the constitutional violation thereby condoning and acquiescing in the practice).

(c) There is sufficient evidence of a long-standing and widespread practice and incidents to justify a finding of a custom of "getting" plaintiff without any rational basis for the difference in treatment. Furthermore, evidence of routine conduct by defendant CITY OF FRESNO (i.e., not going after citizens) is relevant to showing defendant CITY OF FRESNO'S actionable custom.

25. As a result of the acts and omissions of defendant CITY OF FRESNO, through its duly constituted agents as alleged herein, plaintiff OCCHIONERO has suffered general and special damages, including but not limited to emotional distress and mental suffering, damage to his reputation and damage to his livelihood, all in an amount according to proof.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff OCCHIONERO prays for judgment against defendant CITY OF FRESNO as follows:

1. For compensatory damages in an amount according to proof, but in the approximate amount of $500,000;

2. For attorney's fees pursuant to 42 U.S.C. section 1988;

3. For costs incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: November 10, 2005

/s/ Charles L. Doerksen

Charles L. Doerksen,
Attorney for plaintiff
GREG OCCHIONERO

**DEMAND FOR JURY TRIAL**

The plaintiff in the above-entitled action requests a trial by jury as provided by Amendment VII of the United States Constitution and by Rule 8 of the Federal Rules of Civil Procedure.

Dated: November 10, 2005

/s/ Charles L. Doerksen

Charles L. Doerksen,
Attorney for plaintiff
GREG OCCHIONERO

CITY OF FRESNO
CODE ENFORCEMENT SERVICE REQUEST

Date: 03/03/03 By: DSR Time: 01:33:14 PM Case Number: 03-90002022

Location: 2680 N MIAMI AVE Apt: APN: 496-217-09
Property: FRESNO CA 93727
Contact Person: (OW) OCCHIONERO MICHAEL & VINCENZA
Mailing Address: 757 LAVERNE AVE
CLOVIS, CA 93611
Ph.(0) 0

Zone: M-1 - LIGHT MANUFACTURING; Council Dist: 4; Orig: PROACTIVE

Case Type: PN RUBBISH/JUNK/MISC ITEMS; Insp ID: ISRAEL TREJO
Case Text:
Rubbish/junk located throughout the property.
.
96 000007727 CASE CLOSED 9/27/96 SSC ZC HOME OCC
.
03/03/2003 10:17 AM DESIREEK

Mike O.
292-9210

Send Ltr~Input FI~Update HTE

*Violation (select):* PUBLIC NUISANCE ZONING HOUSING
*Letter (select):* N.O.V. or N & O Inspector: ______

PUBLIC NUISANCE:

FMC: 9-804(a) - Rubbish or junk (refuse, garbage, litter, scrap metal, scrap wood, concrete, asphalt, tires, piles of earth, appliances, furniture, bush/tree cuttings, vehicle parts) ______
*located:* gutter park strip driveway front yard side yard back yard alley throughout vacant lot

FMC: 9-804(b) - Combustible material likely to become easily ignited or debris resulting from any fire which constitutes a fire hazard (tall dry weeds/grass)
Other ______
*located:* gutter park strip driveway front yard side yard back yard alley throughout vacant lot

FMC: 9-804(c) - Inoperable vehicle(s) ______ # of vehicles.
Description: ______ Location: ______

FMC: 9-804(d) - (1) Weeds (2) Sagebrush (3) Noxious Weeds (4) Puncture vines/tumbleweeds (5) Poison Ivy/Oak (6) Dry grass or grass likely to become dry.
*located:* gutter park strip driveway front yard side yard back yard alley throughout vacant lot

FMC: 9-804(e) - Dead or hazardous trees, residue from a fire or demolition.
*located:* gutter park strip driveway front yard side yard back yard alley throughout vacant lot

FMC: 9-804(f) - Attractive Nuisance (list) ______

FMC: 9-804(g) - Sidewalk Obstruction (list) ______

FMC: 9-804(h) - Parking vehicles on an unimproved (unpaved) surface.

FMC: 9-804(i) - Landscaping overgrown causing (*select*) fire hazard, traffic obstruction or blight to neighborhood.

FMC: 9-804(j) - Violation of Zoning Ordinance Section (listed below).

**Public Nuisance Blurbs:** Inoperable vehicle Vehicle parking Landscaping

ZONING VIOLATIONS *(list sections)*: ______

Consisting of: See attached pg ______

It will be required that you: ______

**Zoning Blurbs:** Auto repairs Farm animals Fences Landscaping Recreational Vehicles - Illegal open storage of R.V./utility trailer 12-306I.1.f Oversized Vehicles Structures Use of property Used Materials Yard Sales

DEADLINES: All violations are to be removed by: (18 days) 10 (Immediately)

Send Tenant copy: YES NO

| CASE TYPE<br>Assessor's Parcel Number<br>ADDRESS | DATE ESTBL<br>INSPECTOR | STATUS<br>TENANT NAME | STATUS DATE<br>TENANT NBR |
|---|---|---|---|
| PN RUBBISH/JUNK/MISC ITEMS<br>496-217-09<br>2680 N MIAMI AVE<br>FRESNO CA 93727 | 3/03/03<br>ISRAEL TREJO | ACTIVE | 3/03/03 |

CASE DATA:

| | |
|---|---|
| INSIDE/OUTSIDE CITY | INSIDE CITY LIMITS |
| ZONE CODE | M-1 |
| ZONE DESCRIPTION | LIGHT MANUFACTURING |
| INSPECTION AREA | 3 07/18/98 |
| COUNCIL DISTRICT | 4 |
| ACREAGE | |
| RESERVED 7 | |
| RESERVED 8 | |
| RESERVED 9 | |
| RESERVED 10 | |
| INSPECTOR'S OFFICE HOURS | |
| INSPECTOR'S PHONE NUMBER 498- | |
| DATE1 | |
| TIME | |
| DESC OF VIOLATION/LOCATION 1 | |
| DATE2 | |
| DESC OF VIOLATION/LOCATION 2 | |
| CC: | |
| CC: | |
| AMOUNT | |

NARRATIVE:

| | |
|---|---|
| Rubbish/junk located throughout the property. | 3/03/03 |
| . | 3/03/03 |
| 96 000007727 CASE CLOSED 9/27/96 SSC ZC HOME OCC | 3/03/03 |
| . | 3/03/03 |
| 03/03/2003 10:17 AM DESIREEK | 3/03/03 |

NOTICE NAMES:

| | |
|---|---|
| OCCHIONERO MICHAEL & VINCENZA | OWNER |
| MAYOR'S TASK FORCE, HIGH RISK | REPORTING PARTY |

HISTORY:

| SCHEDULED | ACTION | STATUS | RESULTED | INSPECTOR | |
|---|---|---|---|---|---|
| 2/21/03 | FIRST INSPECTION | COMPLETED | 3/03/03 | ISRAEL TREJO | |
| | RSLT TEXT: Various materials located throughout the property | | | | 6/11/03 |
| | including: refuse, vehicle parts, scrap metal, carpet pads, | | | | 6/11/03 |
| | cardboard, and foam for beds. PO explained he collects | | | | 6/11/03 |
| | recyclable items throughout the city, bales it, then takes | | | | 6/11/03 |
| | the bales to recycle centers. po did not allow pictures to | | | | 6/11/03 |
| | be taken on site. Inside bldg. recyclables are highly | | | | 6/11/03 |
| | stacked.IXT | | | | 6/11/03 |
| | 03/03/2003 10:18 AM DESIREEK | | | | 6/11/03 |
| 3/03/03 | SERVICE REQUEST | ISSUED | 3/03/03 | | |

| CASE TYPE / Assessor's Parcel Number / ADDRESS | DATE ESTBL / INSPECTOR | STATUS / TENANT NAME | STATUS DATE / TENANT NBR |
|---|---|---|---|
| PN RUBBISH/JUNK/MISC ITEMS<br>496-217-09<br>2680 N MIAMI AVE<br>FRESNO CA 93727 | 3/03/03<br>ISRAEL TREJO | ACTIVE | 3/03/03 |

HISTORY: SCHEDULED ACTION STATUS RESULTED INSPECTOR

3/06/03 MEETING/CONFERENCE COMPLETED 3/06/03
NARRATIVE: 1:30 P.M. DISCUSSED SITE PLAN WITH RAY BEACH, STAN DILBECK, VINCE BANKS AND IXT. 3/11/03 3/11/03
03/11/2003 01:28 PM ISRAELT 3/11/03

3/12/03 GENERAL NOTES COMPLETED 3/12/03
NARRATIVE: Forwarding to clericle N.O.V. FBG 3/12/03
03/12/2003 08:17 AM DESIREEK 3/12/03

3/13/03 LETTER MAILED COMPLETED 3/13/03
NARRATIVE: NOV mailed to PO and tenant re: 9-804(j) relinquishment, reduction, or alteration of the parking area via storage of used materials. Recycling unapproved materials. 3/13/03 3/13/03 3/13/03
.IXT 3/13/03
03/13/2003 02:08 PM JOHNRO 3/13/03

4/01/03 TELEPHONE CALL COMPLETED 4/01/03
NARRATIVE: PLACED CALL TO FIRE DEPT. SCHEDULED APPT TO MEET TOMORROW AT 1:00 PM. 4/01/03 4/01/03
04/01/2003 03:43 PM ISRAELT 4/01/03

4/01/03 LETTER RECEIVED COMPLETED 4/01/03
NARRATIVE: RECEIVED LETTER FROM UNKNOWN PERSON REQUESTING VARIOUS INFORMATION. LETTER STATES INSPECTION CANNOT BE DONE WITHOUT A COURT ORDER. 4/02/03 4/02/03 4/02/03
04/02/2003 03:48 PM ISRAELT 4/02/03

4/02/03 RE-INSPECTION COMPLETED 4/02/03 ISRAEL TREJO
RSLT TEXT: MET WITH INSPECTOR RICK FULTZ FROM FIRE DEPT. ITEMS REMAIN THROUGHOUT PROPERTY. 6/12/03 6/12/03
04/02/2003 03:53 PM ISRAELT 6/12/03

4/02/03 TELEPHONE CALL COMPLETED 4/02/03
NARRATIVE: 4:19 P.M. RECEIVED VOICE MSG FROM RICK FULTZ. HE STATED HE CONTACTED OCCUPANT AND HE INFOMRED OCCUPANT TO REDUCE THE HEIGHT OF THE ITEMS INSIDE OF THE BUILDING. HE STATED HE GAVE THE OCCUPANT TWO WEEKS TO REDUCE THE PILE AND WILL GO BACK TO PROPERTY EVERY TWO WEEKS UNTIL COMPLAINCE. 4/11/03 4/11/03 4/11/03 4/11/03 4/11/03
04/11/2003 10:46 AM ISRAELT 4/11/03

4/11/03 RESEARCH PROPERTY COMPLETED 4/11/03
NARRATIVE: SUBMITTED S-96-76 TO PLANNER STAN DILBECK(P&D) FOR REVIEW. 4/11/03
04/11/2003 10:48 AM ISRAELT 4/11/03

| CASE TYPE<br>Assessor's Parcel Number<br>ADDRESS | DATE ESTBL<br>INSPECTOR | STATUS<br>TENANT NAME | STATUS DATE<br>TENANT NBR |
|---|---|---|---|
| PN RUBBISH/JUNK/MISC ITEMS<br>496-217-09<br>2680 N MIAMI AVE<br>FRESNO CA 93727 | 3/03/03<br>ISRAEL TREJO | ACTIVE | 3/03/03 |

```
HISTORY:   SCHEDULED ACTION                       STATUS      RESULTED  INSPECTOR

           4/14/03  CORRESPONDENCE RECEIVED       COMPLETED   4/14/03
                    NARRATIVE:  FROM STAN DILBECK. NO OUTDOOR STORAGE IS ALLOWED IN ANY OF      5/06/03
                                THE PARKING AREA OR PARKING STALLS. NO STORAGE IS ALLOWED        5/06/03
                                IN THE REQUIRED LOADING ZONE OR ACCESS THERETO. THERE MUST       5/06/03
                                BE A CLEAR DRIVE AREA FROM DRIVEWAY APPROACH TO THE PARKING      5/06/03
                                AREA.                                                            5/06/03
                                05/06/2003  09:15  AM  ISRAELT                                   5/06/03

           5/01/03  RE-INSPECTION                 COMPLETED   5/01/03  ISRAEL TREJO
                    RSLT TEXT:  2:39 P.M. VARIOUS MATERIALS LOCATED THROUGHOUT, INCLUDING        6/11/03
                                THE PARKING AREAS. MATERIALS INCLUDE: CARDBOARD, SCRAPWOOD,      6/11/03
                                FOAM FOR FURNITURE, CARPET PADDING, REFUSE, AND SCRAP            6/11/03
                                METAL. MATERIALS INSIDE BLDG ARE STACKED TO THE CEILING.         6/11/03
                                05/06/2003  09:37  AM  ISRAELT                                   6/11/03

           5/06/03  TELEPHONE CALL                COMPLETED   5/06/03
                    NARRATIVE:  10:10 A.M. TO INSPECTOR FULTZ(FD). EXPLAINED THE MATERIALS       5/06/03
                                INSIDE BLDG ARE HIGHLY STACKED. HE SAID THE PO HAS REMOVED       5/06/03
                                A LOT OF MATERIAL AND HE IS WORKING WITH PO ON COMPLIANCE.       5/06/03
                                05/06/2003  10:12  AM  ISRAELT                                   5/06/03

           5/07/03  CITATION (ISSUED BY INSPECTOR) COMPLETED  5/07/03
                    NARRATIVE:  Administrative citation 03-90002022.1 was issued on 5/1/03       5/08/03
                                and mailed on 5/7/03 to the property owner re: alteration        5/08/03
                                of the parking area via storage of used materials. The           5/08/03
                                amount of the citation issued was $100.00. Payment is due        5/08/03
                                by June 6,2003.                        IXT                       5/08/03
                                05/08/2003  02:49  PM  FRANKGB                                   5/08/03

           5/20/03  RE-INSPECTION                 COMPLETED   5/20/03  ISRAEL TREJO
                    RSLT TEXT:  3:00 P.M. VARIOUS MATERIALS LOCATED THROUGHOUT THE PARKING       6/11/03
                                AREAS. MATERIALS INCLUDE: CARDBOARD, PADDING, REFUSE, AND        6/11/03
                                UNKNOWN ITEMS UNDER TARPS. MATERIALS INSIDE BLDG APPEAR          6/11/03
                                TO BE HIGHLY STACKED.                                            6/11/03
                                05/21/2003  02:34  PM  ISRAELT                                   6/11/03

           5/21/03  TELEPHONE CALL                COMPLETED   5/21/03
                    NARRATIVE:  2:30 P.M. LEFT VOICE MSG FOR RICK FULTZ(FIRE DEPT) AND           5/22/03
                                REQUESTED REPORT OF INSPECTIONS.                                 5/22/03
                                05/22/2003  04:41  PM  ISRAELT                                   5/22/03

           5/21/03  FAX                           COMPLETED   5/21/03
                    NARRATIVE:  RECEIVED FROM RICK FULTZ. FAX IS  A FIRE INSPECTION NOTICE       5/22/03
                                DATED 4-2-03. NOTICE EXPLAINS TO MAINTAIN CLEAR AISLES ALL       5/22/03
```

| CASE TYPE<br>Assessor's Parcel Number<br>ADDRESS | DATE ESTBL<br>INSPECTOR | STATUS<br>TENANT NAME | STATUS DATE<br>TENANT NBR |
|---|---|---|---|
| PN RUBBISH/JUNK/MISC ITEMS<br>496-217-09<br>2680 N MIAMI AVE<br>FRESNO CA 93727 | 3/03/03<br>ISRAEL TREJO | ACTIVE | 3/03/03 |

5/21/03 FAX COMPLETED 5/21/03
NARRATIVE: INSIDE STORAGE TO BE MAINTAINED AT SIX FEET OR LESS. 5/22/03
05/22/2003 04:46 PM ISRAELT 5/22/03

5/23/03 CITATION (ISSUED BY INSPECTOR) COMPLETED 5/23/03
NARRATIVE: Administrative citation 03-90002022.2 was issued on 5/20/03 5/27/03
and mailed on 5/23/03 to the Po re: Consisting of the 5/27/03
relinquishment, reduction or alteration or the parking area 5/27/03
via storage of used materials. The amount of the citation 5/27/03
issued was $250.00. Payment is due by June 23,2003. 5/27/03
05/27/2003 09:29 AM FRANKGB 5/27/03

6/10/03 RE-INSPECTION COMPLETED 6/10/03 ISRAEL TREJO
RSLT TEXT: 2:07 P.M. VARIOUS MATERIALS LOCATED THROUGHOUT THE PARKING 6/30/03
AREAS. MATERIALS INCLUDE: CARDBOARD, PADDING, METAL, AND 6/30/03
UNKNOWN ITEMS UNDER TARPS. MATERIALS INSIDE BLDG ARE HIGHLY 6/30/03
STACKED. PERSON AT LOCATION GOT IN A VEHICLE DROVE SLOWLY 6/30/03
DOWN THE STREET, MADE A U-TURN AND PARKED IN THE MIDDLE OF 6/30/03
THE STREET AND APPROX. 10 YARDS TO THE REAR OF MY VEHICLE. 6/30/03
THE PERSON APPEARED TO PUT A CLIP BOARD ON THE HOOD OF THE 6/30/03
CAR BEFORE HE STARTED DRIVING. PERSON GOT OUT OF VEHICLE 6/30/03
AND WENT TO LOCATION. AS I WAS TAKING A PHOTO, PERSON RAN 6/30/03
TOWARDS MY VEHICLE, YELLING AND HAD HIS HANDS UP. I LEFT 6/30/03
LOCATION BEFORE PERSON COULD REACH MY VEHICLE. 6/30/03
06/11/2003 09:51 AM ISRAELT 6/30/03

6/12/03 CITATION (ISSUED BY INSPECTOR) COMPLETED 6/12/03
NARRATIVE: Citation 03-90002022.3 was mailed to PO and tenant 6/16/03
regarding FMC: 12-411-B; 12-226.5.I.3; 12-306.I.1.a,b 6/16/03
Consisting of the relinquishment, reduction or altercation 6/16/03
of the parking area via storage of used materials. The 6/16/03
citation was for the amount of $500.00. IXT. 6/16/03
06/16/2003 09:05 AM MATTM 6/16/03

6/26/03 RE-INSPECTION COMPLETED 6/26/03 ISRAEL TREJO
RSLT TEXT: 1:44 P.M. VARIOUS MATERIALS LOCATED THROUGHOUT THE PARKING 7/02/03
AREAS. MATERIALS INCLUDE: CARDBOARD, PADDING, METAL, AND 7/02/03
UNKNOWN ITEMS UNDER TARPS. MATERIALS INSIDE ARE STACKED TO 7/02/03
THE CEILING. SPOKE TO PERSON AT SITE WHO SAID PROPERTY 7/02/03
OWNER HAD A STROKE. PERSON AT SITE SAID HE WAS THE PROPERTY 7/02/03
OWNER; HE WOULD NOT IDENTIFY HIMSELF. I TRIED EXPLAING WHAT 7/02/03
ITEMS NEED TO BE REMOVED; PERSON WOULD NOT LISTEN, HE CUT 7/02/03
ME OFF AND SAID HE FILED REPORT WITH RISK MGMT. PERSON SAID 7/02/03
HE WOULD NOT REMOVE THE ITEMS FROM THE PARKING AREA AND 7/02/03
INSIDE BECAUSE RISK MGMT HAS NOT GOTTEN BACK TO HIM. PHOTOS 7/02/03
WERE TAKEN OF LOCATION; PERSON TOOK PHOTOS OF ME. GEORGE 7/02/03
VALDES ACCOMPANIED ME ON INSPECTION. 7/02/03
06/26/2003 05:22 PM ISRAELT 7/02/03

| CASE TYPE / Assessor's Parcel Number / ADDRESS | DATE ESTBL / INSPECTOR | STATUS / TENANT NAME | STATUS DATE / TENANT NBR |
|---|---|---|---|
| PN RUBBISH/JUNK/MISC ITEMS | 3/03/03 | ACTIVE | 3/03/03 |
| 496-217-09 | | | |
| 2680 N MIAMI AVE | ISRAEL TREJO | | |
| FRESNO CA 93727 | | | |

HISTORY:

| SCHEDULED | ACTION | STATUS | RESULTED | INSPECTOR |
|---|---|---|---|---|
| 7/01/03 | CITATION (ISSUED BY INSPECTOR) | COMPLETED | 7/01/03 | |

NARRATIVE: Administrative citation 03-90002022.4 was issued on 6/26/03 and mailed on 7/1/03 to the property owner re: 12-411-B; 12-226.5.I.3; 12-306.I.1.a,b: Consisting of the relinquishment, reduction or alteration of the parking area via storage of used materials. The amount of the citation issued was $500.00. Payment is due by August 1,2003. 07/01/2003 08:19 AM FRANKGB — 7/02/03 7/02/03 7/02/03 7/02/03 7/02/03 7/02/03 7/02/03

| SCHEDULED | ACTION | STATUS | RESULTED | INSPECTOR |
|---|---|---|---|---|
| 7/03/03 | LETTER RECEIVED | COMPLETED | 7/03/03 | |

NARRATIVE: LETTER RECEIVED FROM UNKNOWN PERSON. LETTER HAS A LIST OF SENTENCES AND STATES THEY ARE QUESTIONS WHICH NEED TO BE ANSERED, SUCH AS, PROVIDE THE LAW THAT REQUIRES ONE TO IDENTIFY ONESELF. 07/11/2003 09:40 AM ISRAELT — 7/11/03 7/11/03 7/11/03 7/11/03 7/11/03

| SCHEDULED | ACTION | STATUS | RESULTED | INSPECTOR |
|---|---|---|---|---|
| 7/03/03 | TELEPHONE CALL | COMPLETED | 7/03/03 | |

NARRATIVE: 07/08/2003 01:24 PM LARRYR call to Mr. Occhionero to make an appointment to meet him at the property to discuss his site plan, and how the case can get resolved. He stated he will call me on Monday July 7, to let me know what time. — 7/11/03 7/11/03 7/11/03 7/11/03

| SCHEDULED | ACTION | STATUS | RESULTED | INSPECTOR |
|---|---|---|---|---|
| 7/07/03 | TELEPHONE CALL | COMPLETED | 7/07/03 | |

NARRATIVE: 07/08/2003 01:26 PM LARRYR No call from PO, so I called at 11:00am to see if we can meet tomorrw, as I am leaving work early. He agreed to call me in the AM for appointment. — 7/11/03 7/11/03 7/11/03

| SCHEDULED | ACTION | STATUS | RESULTED | INSPECTOR |
|---|---|---|---|---|
| 7/08/03 | TELEPHONE CALL | COMPLETED | 7/08/03 | |

NARRATIVE: 07/08/2003 01:29 PM LARRYR No call from PO, so called him. He stated he is quick deeding property over to his son and the son will set up a meeting to discuss what needs to be done to bring property into compliance. — 7/11/03 7/11/03 7/11/03 7/11/03

| SCHEDULED | ACTION | STATUS | RESULTED | INSPECTOR |
|---|---|---|---|---|
| 7/10/03 | LETTER MAILED | COMPLETED | 7/10/03 | |

NARRATIVE: LETTER MAILED TO PROPERTY OWNERS. LETTER WAS WRITTEN BY LARRY RADAR AND IS A RESPONSE TO LETTERS RECEIVED FROM UNKNOWN PERSON AND PHONE CALL WITH PROPERTY OWNER. 07/11/2003 09:50 AM ISRAELT — 7/11/03 7/11/03 7/11/03 7/11/03

| ACTION | STATUS |
|---|---|
| *** BILLED PROPERTY OWNER *** | PENDING |
| COLLECTION PROCESSING | PENDING |
| CLOSE CASE | PENDING |

FINES:

| DESCRIPTION | CHARGE | PAID | BILLED | LIEN AMT | LIEN PAID |
|---|---|---|---|---|---|
| CITATION 1ST | 100.00 | .00 | 100.00 | .00 | .00 |

PREPARED 7/17/03, 11:03:58
PROGRAM CE200L
CITY OF FRESNO

CASE HISTORY REPORT
CASE NUMBER 03-90002022

PAGE 6

| CASE TYPE<br>Assessor's Parcel Number<br>ADDRESS | DATE ESTBL<br>INSPECTOR | STATUS<br>TENANT NAME | STATUS DATE<br>TENANT NBR |
|---|---|---|---|
| PN RUBBISH/JUNK/MISC ITEMS<br>496-217-09<br>2680 N MIAMI AVE<br>FRESNO CA 93727 | 3/03/03<br>ISRAEL TREJO | ACTIVE | 3/03/03 |

FINES:

| DESCRIPTION | CHARGE | PAID | BILLED | LIEN AMT | LIEN PAID |
|---|---|---|---|---|---|
| CITATION 2ND | 250.00 | .00 | 250.00 | .00 | .00 |
| CITATION 3RD | 1000.00 | .00 | 500.00 | .00 | .00 |

CLAIM FOR DAMAGES PURSUANT TO CAL. F. GOV. CODE SECTION § 900-910 ET SEQUITER

COPY

Greg Occhionero, Michael Occhionero, Vincenza Occhionero,

CLAIMANTS, C/O:2680,N. Miami Avenue, Fresno,California,

FRESNO CITY CLERK, 2600 Fresno St.,Fresno, California,93271.

**TO: CITY OF FRESNO; AND ANY AND ALL RESPONSIBLE OFFICERS; EMPLOYEES;AGENTS;PERSONNEL;JOHN DOES 1-100;CITY MANAGER; & MAYOR Alan Autry; L.P. Molina TAX REVENUE SUPERVISOR; MUNICIPAL AUDITING SERVICES & Kevin Weigant:**

1. This a claim against the City of Fresno,California, and all responsible persons,including all officers,employees,agents, personnel, JOHN DOES 1-100 whose names and positions or titles are presently unknown to the claimants herein, for damages suffered due to negligence, misfeasance,malfeasance,malice, menace,fraud,constructive fraud,deciet,discrimination including selective inforcement of city ordinances under the fresno municipal city code, tort and personal injuries to claimants named above, Greg Occhionero,Michael Occhionero,Vincenza Occhionero, which is made pursuant to the laws of the State of California under the California Government Code, and the State of California Government Tort Claims Act found at Government Code Section § 900, Et Sequiter, AS FOLLOWS:

2. **THIS CLAIM IS FOR NEGLIGENCE,TORT PERSONAL INJURY,FRAUD,EXTORTION CONSTRUCTIVE FRAUD,DECIET,MISFEASANCE,MALFEASANCE,NONFEASANCE, MALICE,MENACE,EMOTIONAL DISTRESS,DISCRIMINATION INCLUDING SELECTIVE ENFORCEMENT OF THE MUNICIPAL CODE,RESULTING FROM THE ILLEGAL,UNLAWFUL ACTIONS OF THE PARTIES OR PERSONS NAMED ABOVE BETWEEN THE DATES OF July 26, 2002 AND THE PRESENT DATE OF JUNE 16,2003 a.d. FOR WHICH ABOVE NAMED CLAIMANTS HEREBY DEMAND TO BE COMPENSATED FOR THEIR LOSSES AND INJURIES, OR THEY WILL SEEK REMEDY IN A COURT OF COMPETENT JURISDICTION.THIS CLAIM IS ALSO FOR INDEMNIFICATION AGAINST ABOVE NAMED PARTIES FOR FUTURE LOSS.**

3. FACTUAL CIRCUMSTANCES WHICH FORM THE BASIS OF THIS CLAIM;

On the day of July 26, 2002 a.d. Claimants received a notice

from Mr. L.P. Molina ,Tax Revenue Supervisor, with the Fresno Business Tax and Permits division within the Department of Administrative Services, which was attached to or accompanying another letter written by a Mr. Kevin Weigant for the firm of: "Municipal Auditing Services", hereafter MAS, in which said individual, L.P. Molina purported to give authorization via the City of Fresno to the said Mr. Kevin Weigant and said firm MAS, TO CONDUCT "DISCOVERY" COMPLIANCE VERIFICATIONS WITH THE CITY'S BUSINESS TAX ORDINANCE, FOR THE PURPOSE OF FINDING BUSINESSES THAT ARE NOT PAYING BUSINESS TAXES TO THE CITY OF FRESNO.

EVER SINCE THAT DAY CLAIMANTS HAVE BEEN CONTINUALLY HARASSED BY NUMEROUS IDENTIFIED AND UNIDENTIFIED PERSONS CONNECTED TO, AND WORKING FOR THE CITY OF FRESNO,CALIFORNIA ,IN VIOLATION OF THE CLAIMANTS RIGHTS ENUMERATED UNDER THE CALIFORNIA CONSTITUTION UNDER ARTICLE I SECTION § 1, ET SEQUITER, BASED UPON THE FALSE, FRAUDULENT CLAIM BY SAID PARTIES THAT CLAIMANTS ARE OPERATING A RECYCLING BUSINESS WHICH IS SUBJECT TO THE FRESNO CITY MUNICIPAL CODE, AND ITS CODE ENFORCEMENT AGENTS AND AGENCIES. SAID PERSONS AND PARTIES HAVE BEEN ATTEMPTING BY COERCION ,THREATS, AND INTIMIDATION TO EXTORT FEES,FINES AND LICENSES FROM THE CLAIMANTS HEREIN WHICH CLAIMANTS ARE NOT SUBJECT TO BECAUSE THEY ARE NOT NOW AND HAVE NEVER BEEN ENGAGED IN ANY PRIVILEGED ACTIVITY THAT IS SUBJECT TO SUCH FINES FEES, OR LICENSES.

CLAIMANTS HAVE BEEN VISITED NUMEROUS TIMES BY CITY OF FRESNO INSPECTORS, ENFORCEMENT OFFICIALS INCLUDING THE FIRE INSPECTOR OR HIS REPRESENTATIVE, AND HAVE BEEN CITED FOR ALLEGED VIOLATIONS OF THE CITY FIRE CODE,AND OR OTHER MUNICIPAL CODE OR ORDINANCE, ON AT LEAST THREE SEPARATE OCCASIONS, ON 6/2/2003; 6/12/2003;

6/19/2003, BY WHICH THE SAID CITY PERSONNEL, EMPLOYEES, OR OFFICER HAVE BEEN ATTEMPTING TO EXTORT FUNDS FROM CLAIMANTS WHICH THEY ARE NOT ENTITLED UNDER THE LAW, AS RETRIBUTION FOR CLAIMANTS DEMANDING AND CLAIMING THEIR UNALIENABLE RIGHTS UNDER THE STATE CONSTITUTION, UNDER ARTICLE I., SECTION § 1, WHICH WAS MADE CLEAR TO THE CITY OF FRESNO AND SAID PERSONNEL,EMPLOYEES,AND OFFICERS IN NUMEROUS LETTERS WHICH CLAIMANTS HAVE SENT TO THE SAID PERSONS AS WELL AS TO THE MAYOR OF THE CITY OF FRESNO,Alan Autry, TO WHICH CLAIMANTS HAVE NEVER RECEIVED A DIRECT RESPONSE TO THEIR PLAIN QUESTIONS AS TO THEIR AUTHORITY TO SUPERCEDE THE PROVISIONS OF CALIFORNIA CONSTITUTION ARTICLE I.,SECTION § 1, EFFECTIVELY ABOLISHING THE EXPRESS INALIENABLE RIGHTS OF THE CLAIMANTS, AND SUBJECTING CLAIMANTS TO ARBITRARY,CAPRICIOUS,FIAT, WITHOUT ANY NOTICE,AND OPPORTUNITY TO BE HEARD, NOR STATE OR FEDERAL DUE PROCESS OF LAW TO DEFEND AND PROTECT CLAIMANTS SAID INALIENABLE RIGHTS , WHICH CAN NOT BE TAKEN AWAY BY CITY OFFICIALS,PERSONNEL, EMPLOYEES,AGENTS,OR AGENCIES AT THEIR WHIM OR WHIMSY.

SINCE THE SAID CONTINUAL VIOLATION OF CLAIMANTS PRIVACY, AND THE CONTINUAL INVASION OF CLAIMANTS PRIVATE PROPERTY LOCATED AT 2680 N. MIAMI AVENUE,FRESNO, CALIFORNIA, CLAIMANTS HAVE BEEN PREOCCUPIED WITH MAKING EFFORTS TO COMPLY WITH THE REQUESTS OF SAID CITY PERSONNEL TO MOVE CERTAIN MATERIALS FROM THE SAID PROPERTY, AND HAVE LOST MANY WORK HOURS DUE TO THE SAID CONTINUAL HARASSMENT, WHICH CLAIMANTS NOW DEMAND TO BE COMPENSATED FOR, AS WELL AS FOR THE EMOTIONAL DISTRESS,AND INCREASED HEALTH PROBLEMS CAUSED BY THE ADDED STRESS BROUGHT ABOUT BY THE SAID CITY PERSONNEL. CLAIMANTS HAD THEIR WATER TURNED OFF BY THE SAID CITY AGENTS AND AGENCIES WITHOUT ANY DUE PROCESS OF LAW IN VIOLATION

OF CLAIMANTS STATE AND FEDERAL RIGHTS TO SAID DUE PROCESS OF LAW WHICH HAS CAUSED CLAIMANTS FURTHER COSTS AND DAMAGED THEM FOR WHICH THEY HEREBY DEMAND COMPENSATION. THE BASIS FOR THE CITY'S SAID ACTIONS WAS THAT THE CLAIMANTS FAILED TO APPLY FOR SERVICES AND FAILED TO APPLY FOR A LICENSE, ETC., BUT WHEN THE CLAIMANTS REQUESTED THE AUTHORITY IN THE LAW WHICH REQUIRED CLAIMANTS TO DO THESE THINGS, CLAIMANTS WERE MET WITH STONEWALLING AND FAILURE TO ADDRESS OR ANSWER THE SPECIFIC ISSUES AND QUESTIONS RAISED BY CLAIMANTS IN THEIR WRITTEN CORRESPONDENCE WITH SAID OFFICIALS WHICH WRITTEN CORRESPONDENCE IS IN THE POSSESSION OF THE SAID PERSONNEL,OFFICERS,EMPLOYEES,AGENTS AND AGENCIES, INCLUDING THE OFFICE OF THE CITY MAYOR,Alan Autry.

4. **STATEMENT OF DAMAGES CLAIMED AND DEMAND FOR PAYMENT;**

(1) CLAIMANT Greg Occhionero has suffered the following costs losses from work time, and other related expenses caused by the said fraudulent illegal activities of the city and its said personnel: OUT OF POCKET COSTS OF: $ 698.69¢; LOSSES OF TIME FROM WORK: 183 hours + @ $ 37.50 AN HOUR = $ 6,862.50¢ COST OF AUTOMOBILE TRAVEL RELATING TO THE FOREGOING: 922 MILES @ 36 ¢ a mile = $331.92 ¢.

(2) CLAIMANT Michael Occhionero has suffered the following costs and loss of work time caused by the said actions of the city of fresno and their personnel: 112 hours of lost work @ $33 dollars an hour = $ 3,696 dollars.

(3) CLAIMANT Vincenza Occhionero has suffered continual emotional distress and is to the point that she is afraid to get her mail due to the constant fear of more harassment via the U.S. MAIL, WHICH IS ALSO A VIOLATION OF FEDERAL MAIL

FRAUD LAWS WHICH IS PROSECUTABLE IN THE FEDERAL COURTS.FOR WHICH SHE DEMANDS TO BE COMPENSATED IN THE AMOUNT OF $ 10,000 Dollars FOR THE COMPOUNDED SYMPTOMS OF DIABETIES WHICH SHE SUFFERS FROM, AND WHICH HAVE INCREASED AND GOTTEN WORSE SINCE THE CITY HAS BEEN ENGAGING IN SUCH HARASSMENT AGAINST CLAIMANTS, INCREASING THE STRESS AND EMOTIONAL DISTRESS LEVEL TO AN INTOLLERABLE DEGREE CAUSING NEEDLESS SUFFERING AND DEPRESSION,AS WELL AS PHYSICAL PAIN.

-EMOTIONAL DISTRESS-

ALL CLAIMANTS HAVE SUFFERED CONTINUAL EMOTIONAL DISTRESS FROM THE SAID HARASSMENT AND ILLEGAL,UNLAWFUL EXTORTION,FRAUD,COERCION, ETC., OF SAID CITY OF FRESNO PERSONNEL, FOR WHICH THEY DEMAND COMPENSATION FOR IN THE AMOUNT OF: $ 10,000 Dollars EACH, AS SAID ACTIONS WERE RECKLESS AND WITH WANTON DISREGARD OF THE LAW OR THE RIGHTS OF SAID CLAIMANTS HEREIN.

-CLAIM FOR INDEMNIFICATION-

CLAIMANTS HEREBY CLAIM INDEMNIFICATION AGAINST THE SAID CITY OF FRESNO PERSONNEL,OFFICALS,EMPLOYEES,AGENTS AND AGENCIES FOR THE TOTAL AMOUNT OF ANY AND ALL SAID FINES,FEES,OR LICENSES AND COSTS THEREOF, AS WELL AS FOR COURT COSTS FEES,EXPENSES, RELATED TO THE COURT LITIGATION NECESSARY FOR THE RETURN OF ANY OF SUCH FINES FEES, AND EXPENSES AND COSTS RELATED THERETO, INCLUDING FOR $850 DOLLARS PRESENTLY BEING CHARGED BY THE CITY AGAINST CLAIMANTS FOR ALLEGED VIOLATIONS OF CITY CODES,ETC., AND UP TO $ 100,000 Dollars FOR LEGAL COSTS, WHICH CAN BE AMENDED AT ANY TIME WHEN THE NEED ARISES.

-CAVEAT-

RESPONDENTS SHOULD BE AWARE THAT THE CLAIMANTS WILL PURSUE LEGAL

ACTION IN A COURT OF COMPETENT JURISDICTION IF THIS CLAIM FOR DAMAGES IS NOT PAID IN FULL AND IMMEDIATELY AND FORTHWITH. CONSIDER THIS A DEMAND FOR PAYMENT BY ALL CLAIMANTS NAMED HEREIN.

-NOTICES-

MAIL ALL NOTICES REGARDING THIS MATTER TO: CLAIMANTS, C/O: 2680 N. MIAMI Avenue,Fresno,California.

RESPECTFULLY PRESENTED,

DATED:6/16/2003 a.d.

/s/____________________
Greg Occhionero,
CLAIMANT.

/s/____________________
Michael Occhionero,
CLAIMANT.

/s/____________________
Vincenza Occhionero,
CLAIMANT.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COPY

CITY OF FRESNO
RISK MANAGEMENT
DIVISION
2003 JUL 14 PM 1:17

AMENDED
**CLAIM FOR DAMAGES PURSUANT TO CALIF. GOV. CODE SECTION § 900-910, ET SEQ.**

Gregory Occhionero, Michael Occhionero, Vincenza Occhionero,

CLAIMANTS, %: 2680,N. Miami Avenue, Fresno, California,

FRESNO CITY CLERK,
2600 Fresno St.,
Fresno, California, 93271.

To: CITY OF FRESNO; AND ANY AND ALL RESPONSIBLE OFFICERS; EMPLOYEES; AGENTS; PERSONNEL; JOHN DOES 1-100; CITY MANAGER; & MAYOR Alan Autry; L.P. Molina TAX REVENUE SUPERVISOR; MUNICIPAL AUDITING SERVICES (MAS)& Kevin Weigant:

<u>**Dates and Parties**</u>

1. All dates are inclusive: 07/26/02, 08/04-10/04/02, 08/30/02, 09/12/02, 09/25/02, 10/04/02, 10/07/02, 10/14/02, 10/15/02, 10/21/02, 10/23/02, 10/24/02, 10/28/02, 10/30/02, 11/06/02, 11/07/02, 11/08/02, 11/09/02, 11/12/02, 11/13/02, 11/14/02, 11/15/02, 03/13/03, 03/29/03, 04/02/03, 05/01/03, 05/20/03, 06/10/03, 06/26/03, 06/30/03 plus all dates not yet determined. **MAS agents:** Kevin Weigant, .Steve Cole; **City of Fresno:** L. P. Molina, R. S., Randy (no last name), L.F. Corrales, John M. Harlan, Jr., Israel Trejo, Rick Fultz, George Valdez, Brian Reams, Mayor Alan Autry, City Manager Daniel G. Hobbs, and all DOES 1-100 not yet identified.

2. All additional dates and John Does will be discovered during discovery, and all future occurrences from this date forward.

3. This a claim against the City of Fresno,California, and all responsible persons, including all officers, employees, agents, personnel, JOHN DOES 1-100 whose names and positions or titles are presently unknown to the claimants herein, for damages suffered due to negligence, misfeasance, malfeasance, malice, menace, fraud, constructive fraud, deceit, discrimination including selective Enforcement of city ordinances under the Fresno Municipal City Code, tort and personal injuries to claimants named above: Gregory Occhionero, Michael Occhionero, Vincenza. Occhionero, which is made pursuant to the laws of the State of

California under the California Government Code, and the State of California Government Tort Claims Act found at Government Code § 900, et seq., AS FOLLOWS:

4. THIS CLAIM IS FOR NEGLIGENCE, TORT PERSONAL INJURY, FRAUD, EXTORTION, CONSTRUCTIVE FRAUD, DECEIT, MISFEASANCE, MALFEASANCE, NONFEASANCE, MALICE, MENACE, EMOTIONAL DISTRESS, DISCRIMINATION INCLUDING SELECTIVE ENFORCEMENT OF THE MUNICIPAL CODE, RESULTING FROM THE ILLEGAL, UNLAWFUL ACTIONS OF THE PARTIES OR PERSONS NAMED ABOVE BETWEEN THE DATES OF July 26, 2002 AND THE PRESENT DATE OF July 14, 2003 A.D. FOR WHICH ABOVE NAMED CLAIMANTS HEREBY DEMAND TO BE COMPENSATED FOR THEIR LOSSES AND INJURIES, OR THEY WILL SEEK REMEDY IN A COURT OF COMPETENT JURISDICTION. THIS CLAIM IS ALSO FOR INDEMNIFICATION AGAINST ABOVE NAMED PARTIES FOR FUTURE LOSS.

5. **FACTUAL CIRCUMSTANCES WHICH FORM THE BASIS OF THIS CLAIM:** On the day of July 26, 2002 A.D. Claimants received a notice from Mr. L.P. Molina, Tax Revenue Supervisor, with the Fresno Business Tax and Permits division within the Department of Administrative Services, which was attached to or accompanying another letter written by a Mr. Kevin Weigant for the firm of: "Municipal Auditing Services," (hereinafter, MAS) in which said individual, L.P. Molina purported to give authorization via the City of Fresno to the said Mr. Kevin Weigant and said firm MAS, **to conduct "discovery" compliance verifications with the City's Business Tax Ordinance, for the purpose of finding businesses that are not paying business taxes to the City of Fresno.** Ever since that day claimants have been continually harassed by numerous identified and unidentified persons connected to, and working for the City of Fresno, California, in violation of the claimants rights enumerated under the California Constitution under Article I §1, et seq., based upon the false, fraudulent claim by said parties that claimants are operating a recycling business which is subject to the Fresno City Municipal Code, and its code enforcement agents and agencies. Said persons and parties have been attempting by coercion, threats, and intimidation to extort fees, fines and licenses from the claimants herein which claimants are not subject to because the are not now and have never been engaged in any privileged activity that is subject to such fines fees, or licenses, claimants have been visited numerous times by City of Fresno inspectors, enforcement officials including the fire inspector or his representative, and have been cited for alleged violation of the City fire code, and/or

other municipal code or ordinance, on at least three separate occasions, on June 2, 2003 (06/02/03); June 12, 2003 (06/12/03); June 19, 2003 (06/19/03), by which the said city personnel, employees, or offices have been attempting to extort funds from claimants which they are not entitled under the law, as retribution for claimants demanding and claiming their unalienable rights under the State Constitution, under Article I, §1, which was made clear to the City of Fresno and said personnel, employees, and officers in numerous letters which claimants have sent to the said persons as well as to the mayor of the City of Fresno, Alan Autry, to which claimants have never received a direct response to their plain questions as to their authority to supercede the provisions of California Constitution Article I, §1, effectively abolishing the express inalienable rights of the claimants, and subjecting claimants to arbitrary, capricious, fiat, without any notice, and opportunity to be heard, nor state or federal due process of law to defend and protect claimants said inalienable rights , which can not be taken away by City officials, personnel, employees, agents, or agencies at their whim or whimsy. Since the said continual violation of claimants privacy, and the continual invasion of claimants private property located at 2680 N. Miami Avenue, Fresno, California, claimants have been preoccupied with making efforts to comply with the requests of said City personnel to move certain materials from the said property, and have lost many work hours due to the said continual harassment, which claimants now demand to be compensated for, as well as for the emotional distress, and increased health problems caused by the added stress brought about by the said city personnel. Claimants had their water turned off by the said City agents and agencies without any due process of law in violation claimants state and federal rights to said due process of law which has caused claimants further costs and damaged them for which they hereby demand compensation. The basis for the City's said actions was that the claimants failed to apply for services and failed to apply for a license, etc., but when the claimants requested the authority in the law which required claimants to do these things, claimants were met with stonewalling and failure to address or answer the specific issues and questions raised by claimants in their written correspondence with said officials which written correspondence is in the possession of the said personnel, officers,

employees, agents and agencies, including the office of the City Mayor, Alan Autry.

6. **STATEMENT OF DAMAGES CLAIMED AND DEMAND FOR PAYMENT:**

(1) CLAIMANT Gregory Occhionero has suffered the following costs losses from work time, and other related expenses caused by the said fraudulent illegal activities of the city and its said personnel: **out of pocket costs of: $ 698.69**; losses of time from work: 183 hours + @ $ 37.50 an hour = **$ 6,862.50**; cost of automobile travel relating to the foregoing: 922 miles @ $.36 a mile **$331.92.**

(2) **Claimant** Michael Occhionero has suffered the following costs and loss of work time caused by the said actions of the City of Fresno and their personnel: 112 hours of lost work @ $33.00 dollars an hour **3,696.00 dollars**. In addition, on June 23-25, 2003, Michael Occhionero suffered from a stroke and spent 3 days in the hospital as a result of the harassment. Cost is unavailable at this time.

(3) **Claimant** Vincenza Occhionero has suffered continual emotional distress and is to the point that she is afraid to get her mail due to the constant fear of more harassment via the U.S. mail, which is also a violation of federal mail fraud laws which is prosecutable in the federal courts for which she demands to be compensated in the amount of **10,000.00 dollars** for the compounded symptoms of diabetes which she suffers from, and which have increased and gotten worse since the city has been engaging in such harassment against claimants, increasing the stress and emotional distress level to an intolerable degree causing needless suffering and depression1as well as physical pain.

**-EMOTIONAL DISTRESS-**

All **claimants have suffered continual emotional distress** from the said harassment and illegal, unlawful extortion, fraud, coercion, etc., of said City of Fresno personnel, for which they demand compensation for in the amount of: **10,000 dollars each**, as said actions were reckless and with wanton disregard of the law or the rights of said claimants herein.

**-CLAIM FOR INDEMNIFICATION-**

Claimants, hereby, claim indemnification against the said **City of Fresno personnel, officials,**

**employees, agents and agencies** for the **total amount** of any and all said fines, fees, or licenses and costs thereof, as well as for **court costs fees, expenses, related to the court litigation** necessary for the return of any of such fines, fees, and expenses and/or costs related thereto, including for **850.00 dollars** presently being charged by the city against claimants for alleged violations of city codes, etc., and up to **100,000 dollar** for legal costs, which can be amended at any time when the need arises.

**-CAVEAT-**

**Respondents should be aware** that the claimants will pursue legal action in a court of competent jurisdiction if this claim for damages is not paid in full and immediately and forthwith.

Consider this a demand for payment by all claimants named herein.

**-NOTICES-**

**Mail** all notices regarding this matter to:

Claimants, %: 2680 N. Miami Avenue, Fresno, California.

Respectfully Presented,

Dated: 07/14/03 A.D.

Gregory Occhionero,
Claimant.

Michael Occhionero,
Claimant.

Vincenza Occhionero,
Claimant.

Greg Occhionero,
Michael Occhionero,
C/O: 2680 N. Miami,
FRESNO,CALIFORNIA,
[93721].

PLAINTIFFS' IN PERSON IN CASE#: 03-CECG 02623.

FILED
NOV 2 3 2003
FRESNO COUNTY SUPERIOR COURT
By ____________ C.A. - DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

| | |
|---|---|
| Greg Occhionero,<br>Michael Occhionero,<br>PLAINTIFFS,<br><br>-VS-<br><br>CITY OF FRESNO CALIFORNIA, MAYOR Alan Autry;MUNICIPAL AUDITING SERVICES LLC .,Kevin Weigant,in his capacity with MUNICIPAL AUDITING SERVICES; L.P. MOLINA TAX REVENUE SUPERVISOR FOR THE CITY OF FRESNO;RANDY S.CITY OF FRESNO UTILITIES BILLING & COLLECTION DIVISION;L.F. CORRALES,REVENUE SUPERVISOR FOR CITY OF FRESNO; STEVE COLE,MUNICIPAL AUDITING SERVICES INC.EMPLOYEE;JOHN M. HARLAN JR. BUSINESS TAX SERVICE REPRESENTATIVE FOR CITY OF FRESNO UTILITIES,BILLING & COLLECTION DIVISION;ISRAEL TREJO,CITY OF FRESNO CODE ENFORCEMENT OFFICER; RICK FULTZ, CITY OF FRESNO FIRE DEPARTMENT CODE ENFORCEMENT OFFICER;GEORGE VALDES,CITY OF FRESNO STANDARD SPECIALIST INVESTIGATOR;<br><br>DEFENDANTS. | CASE#: 03-CECG-02623<br>VERIFIED<br>AMENDED CIVIL COMPLAINT FOR DECLARATORY RELIEF AND FOR SUBSEQUENT EQUITABLE RELIEF OF PLAINTIFFS Michael Occhionero and Greg Occhionero. |

///

COMES NOW PLAINTIFFS Greg Occhionero AND Michael Occhionero with their civil Complaint for declaratory relief, and for subsequent equitable relief, as follows:

-VENUE & JURISDICTION-

This Court has Jurisdiction over this action pursuant to the provisions set out in California Constitution Article VI, and under California Code of Civil Procedure Section 1060. This Court is the proper venue for this action pursuant to the facts that the controversy stated herein , and all causes of action set forth herein, and all actions perpetrated by the defendants were committed by the said defendants within the city of fresno, California, within the county of Fresno, and the Plaintiffs herein the Occhioneros' reside in the said county of Fresno, California and the said defendants do business or work within the city and the county of Fresno, and worked within the City and County of Fresno California at the time they committed the actions complained of herein.

///

///

///

///

///

///

///

///

///

///

///

-PARTIES-

Plaintiffs herein are members of the Soveriegn People of the Republic of California, and are inhabitants on the land. The defendants named herein are a local government entity, the Mayor of said entity, and an officer of the said entity ,as well as a LIMITED LIABILITY CORPORATION , and its officers , the Weigant's and Steve Cole, who work for MUNICIPAL AUDITING SERVICES,LLC. Other defendants include Randy S.,L.F. Corrales,John M. Harlan Jr. Israel Trejo,Rick Fultz,George Valdes, all of which are employees previously named does in the first complaint,for the city of Fresn

-FACTS & ALLEGATIONS-

1. On the day of May 10, 2002 the department of administrative services, Tax Revenue Supervisor, for the city of fresno, california, in the county of fresno, california, issued a letter which was addressed to:"BUSINESS OWNER/OPERATOR", WITH NO NAME OR ADDRESS FOR THE SAID "BUSINESS OWNER/OPERATOR", INDICATING IT WAS A COMPUTER GENERATED GENERAL LETTER FOR MASS MAILING.

2. On July 26, 2002 a.d., "Municipal Auditing Services", a limited liability corporation ,whose main office is in the city of Fresno,California, mailed a letter ,with the above cited letter attached to it, to plaintiffs at "POLYURETHANE FOAM RECYCLERS OF AMERICA", 2680 N Miami, Fresno,CA 93727." THIS LETTER WAS UNSIGNED, AND WAS ONE SINGLE PAGE IN LENGTH WITH A "CASE I.D. #: 9087" AT THE TOP RIGHT HAND CORNER . A COPY OF THE

SAID LETTER DATED July 26, 2002, and the ATTACHED LETTER DATED: May 10,2002 a.d. WITH YELLOW HIGHLIGHTING ON BOTH , are here attached marked exhibit #: 1 . Both of the said letters are hereby incorporated into the body of this complaint and plaintiffs herein request the court to take judicial notice of the same pursuant to the provisions set out in California Evidence Code Section § 451-453 Et Sequiter. Letter number one, dated May 10, 2002 , was signed by defendant L.P. Molina, "Tax Revenue Supervisor" for "Fresno Business Tax and Permits". Said defendant, L.P. Molina stated in his letter of May 10, 2002 a.d. that " THE CITY OF FRESNO HAS AUTHORIZED MR. Kevin Weigant AND THE FIRM OF MUNICIPAL AUDITING SERVICES (MAS) **TO CONDUCT "DISCOVERY" COMPLIANCE VERIFICATIONS WITH THE CITY BUSINESS TAX ORDINANCE."** AND FURTHER STATED " THE PURPOSE OF THIS PROGRAM IS TO FIND BUSINESSES THAT ARE NOT PAYING BUSINESS TAXES IN THE CITY." AND:"IN THIS REGARD, MAS IS ACTING AS AN EXTENSION OF CITY STAFF AND OPERATING UNDER THE RULES AND REGULATIONS OF THE CITY'S BUSINESS TAX ORDINANCE.**ALL** INFORMATION OBTAINED AS PART OF THE DISCOVERY IS STRICTLY CONFIDENTIAL AND SHALL BE USED BY THE CITY FOR THE ADMINISTRATION OF THE BUSINESS TAX ORDINANCE AND RELATED PERMITS. PLEASE EXTEND YOUR COMPLETE COOPERATION TO MR. Weigant OF MAS AND HIS ASSOCIATES. YOU MAY CONTACT ME AT (559) 621-6878 IF YOU REQUIRE ANY INFORMATION ABOUT CITY BUSINESS TAXES. THANK YOU RESPECTFULLY, MR. L.P. MOLINA, TAX REVENUE SUPERVISOR, FRESNO BUSINESS TAX AND PERMITS."

3. After receiving the two letters, one accompanying the other, in the united states mail, plaintiffs herein , mailed a letter , by certified return reciept, via the united states mail, to the "Tax Revenue Supervisor" **for** the City of Fresno, Business Tax &

Permits division,Mr. L.P. Molina, a defendant named herein this action. A copy of the said letter, which was dated August 30, 2002 a.d. is here attached to this complaint, marked as exhibit #:2, WHICH PLAINTIFFS HEREBY INCORPORATE HEREIN BY REFERENCE AS IF FULLY SET FORTH , AND REQUEST THE COURT TO TAKE JUDICIAL NOTICE OF PURSUANT TO THE PROVISIONS SET OUT IN CALIFORNIA EVIDENCE CODE SECTION § 451-453 Et Sequiter.

In thé said letter to L.P. Molina plaintiffs made it quite clear that the city codes and ordinances being used against them appeared on their face to be in violation of the plaintiffs State Constitutional Rights guaranteed under California Constitution Article I,Section § 1, to be free and independent with inalienable rights , which include enjoying and defending life and liberty, acquiring,possessing and protecting property and pursuing and obtaining safety, happiness, and privacy. SEE COPY OF SAID :LETTER IN EXHIBIT #: 2 ATTACHED HERETO, WHICH THE PLAINTIFFS HEREIN HAVE INCORPORATED BY REFERENCE.

FURTHERMORE PLAINTIFFS INFORMED THE CITY OF FRESNO TAX REVENU SUPERVISOR L.P. Molina IN THE SAID LETTER THAT THEY WOULD AGREE TO THE FRESNO MUNICIPAL CODE ON THE CITY'S BUSINESS TAX ORDINANCE ONCE THE CITY PROVIDED PROOF OF CLAIM THAT PLAINTIFFS ARE NO LONGER ENTITLED TO ARTICLE I OF THE CALIFORNIA STATE CONSTITUTION AND FURTHER PROVIDED A LIST OF 15 ITEMS WHICH THEY WANTED PROOF FOR FROM THE CITY BEFORE THEY WOULD AGREE TO ANYTHING BEING ALLEGED OR PROPOSED BY THE CITY AND IT'S SAID OFFICER OR EMPLOYEE L.P. Molina . SEE SAID LIST IN ITS ENTIRETY IN THE LETTER IN EXHIBIT #:2 ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

4. Plaintiffs have never received any answer from the said CITY OF

FRESNO, NOR THE SAID OFFICER L.P. Molina REGARDING THE SAID STATE CONSTITUTIONAL ISSUES ,ETC., RAISED BY PLAINTIFFS IN THE 15 ITEMIZED REQUESTS FOR PROOF OF CLAIM AGAINST PLAINTIFFS, AND AS OF THE PRESENT PLAINTIFFS HAVE RECEIVED NO DOCUMENTATION OR DISCLOSURE FROM ANY DEFENDANT NAMED HEREIN WHICH SUPPORTS ANY CLAIM THAT PLAINTIFFS ARE OPERATING A BUSINESS THAT COMES UNDER THE CITY'S CODE REQUIRING A LICENSE TO BE PURCHASED BY PLAINTIFFS

5. The said letters from the city apparently were an attempt by the city and its agents to obtain by threat,coercion,and and extortion, intimidation,Etc., a license fee ,without any verification that plaintiffs were subject to any such license, which methodology by the said city and its officers and agents is illegal,unlawful,and unconstitutional, in violation of both state and federal constitutional rights of plaintiffs herein, for which plaintiffs seek remedy.

6. Since plaintiffs sent the defendants a letter in response to the demands of the said TAX REVENUE SUPERVISOR AND "MUNICIPAL AUDITING SERVICES" TO FILL OUT AN APPLICATION FOR A BUSINESS LICENSE, ON AUGUST 30, 2002, PLAINTIFFS HAVE BEEN BELEAGUERED, INUNDATED,HOUNDED AND HARASSED BY EMPLOYEES,AGENTS,OFFICERS,AND AGENCIES OF THE SAID CITY OF FRESNO,CALIFORNIA, FOR ALLEGED INFRACTIONS AND VIOLATIONS OF THE FRESNO MUNICIPAL CODE AND CITY ORDINANCES AS RETRIBUTION,SELECTIVE ENFORCEMENT,AND PUNISHMENT FOR DEMANDING THEIR CONSTITUTIONAL RIGHTS UNDER BOTH STATE AND FEDERAL LAW WHICH IS A CLEAR VIOLATION OF PLAINTIFFS RIGHTS TO EQUAL PROTECTION UNDER THE LAWS, AND EQUAL APPLICATION OF THE LAWS GUARANTEED BY BOTH THE STATE AND FEDERAL CONSTITUTIONS FOR WHICH PLAINTIFFS NOW SEEK REMEDY FOR THE DAMAGES THEY HAVE

SUFFERED DUE TO THE SAID HARASSMENT AND SELECTIVE ENFORCEMENT OF ALLEGED CITY ORDINANCES AND MUNICIPAL CODES, WHICH DO NOT APPLY TO PLAINTIFFS WHO ARE NOT ENGAGED IN ANY BUSINESS ACTIVITY WHICH COMES UNDER THE CITY CODE OR ORDINANCES.

7. STATEMENT OF CONTROVERSY;

Plaintiffs herein contend that they are not engaged in any condition precedent activity which the City of Fresno can regulate under the FRESNO CITY MUNICIPAL CODE, and are thus not subject to the alleged violations of city ordinances which the said City officers,employees,agents and agencies have been issuing citations for city fines to plaintiffs for allegedly violating , and for which said defendants have been continuously hounding and harassing plaintiffs for , taking away time from plaintiffs work day and from personal time which has caused loss of aproximately $33,493---DOLLARS TO PLAINTIFF Greg Occhionero, AND APROXIMATELY $20,856----DOLLARS TO Michael Occhionero, IN LOST WORK TIME, AND APROXIMATELY $ 500 DOLLARS FOR LEGAL RESEARCH, AND FOR SERVICE OF CLAIMS AGAINST THE CITY OF FRESNO PURSUANT TO THE REQUIREMENTS OF THE GOVERNMENT TORT CLAIMS ACT, SET OUT UNDER GOVERNMENT CODE SECTION § 900 Et Seq. AS WELL AS TRAVELING EXPENSES RELATED TO THE SAID CONTROVERSY IN THE AMOUNT OF: $ 1,107.28 DOLLARS FOR GAS; AND THE AMOUNT OF $ 25-------- DOLLARS DUE TO TELEPHONE CALLS RELATED TO THE SAID CONTROVERSY. AS WELL AS $ 2500 DOLLARS FOR LEGAL RESEARCH.

THE DEFENDANTS CLAIM THAT THE PLAINTIFFS ARE OPERATING A RECYCLEING CENTER WHICH COMES UNDER THE PERVIEW OF THE CITY OF FRESNO AND ITS MUNICIPAL CODE AND CITY ORDINANCES, AND THAT THE CODE ENFORCEMENT DIVISION OF THE CITY OF FRESNO IS EMPOWERED TO ISSUE CITATIONS AGAINST PLAINTIFFS FOR HAVING MATERIALS ON PLAINTIFFS PRIVATE PROPERTY LOCATED AT 2680 N. Miami, Fresno California, EVEN THOUGH SAID PLAINTIFFS ARE THE PRIVATE OWNERS OF THE SAID PROPERTY AND ARE NOT ENGAGED IN ANY PUBLIC SECTOR

ACTIVITY AFFECTING THE PUBLIC WHATSOEVER, AND PLAINTIFFS ARE NOT RUNING A RECYCLING CENTER AS ALLEGED BY THE DEFENDANTS. PLAINTIFFS FURTHER CONTEND THEY ARE NOT SUBJECT TO ANY MUNICIPAL CODE REQUIREMENT TO OBTAIN ANY CITY LICENSE FOR SERVICES SINCE THEY ARE NOT ENGAGED IN ANY COMMERCIAL ACTIVITY IN THE PUBLIC SECTOR, BUT ARE MERELY WORKING FOR A LIVING ON THEIR PRIVATE PROPERTY, WHICH IS THEIR RIGHT UNDER CALIFORNIA CONSTITUTION ARTICLE I, SECTION § 1 ET SEQUITER, AND UNDER THE BILL OF RIGHTS OF THE UNITED STATES OF AMERICA, AND PLAINTIFFS CONTEND THAT THE CITY OF FRESNO HAS NO POWER WHATSOEVER TO SUPERCEDE,ABOLISH REPEAL,RESCIND, OR CANCEL THOSE RIGHTS WHICH ARE NOT MERE PRIVILEGES GRANTED BY THE STATE LEGISLATURE BUT ARE UNALIENABLE RIGHTS WHICH CAN NOT BE WITHDRAWN OR TAKEN AWAY BY ANY GOVERNMENT ENTITY, INCLUDING THE CITY OF FRESNO.SEE THE CASE OF MIRANDA VS ARIZONA,384 U.S. 436 (1966) AT PAGE 491 WHERE THE SUPREME COURT OF THE UNITED STATES OF AMERICA STATED IN PLAIN LANGUAGE:"**Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them.**" MIRANDA VS ARIZONA,SUPRA, AT PAGE 491.

Furthermore the Defendant City of fresno purports to have the authority to delegate the power of the City to a private Corporation, OR LLC , BY THE NAME OF MUNICIPAL AUDITING SERVICES, LLC, AND Kevin Weigant, and others unknown and unidentified as of yet, BY WAY OF CONTRACT TO ATTEMPT TO FORCE AND COERCE THE PLAINTIFFS INTO APPLYING FOR A CITY BUSINESS LICENSE, OR "CITY OF FRESNO TAX CERTIFICATE" AS IT WAS CALLED BY "MAS" IN THEIR LETTER TO PLAINTIFFS DATED 9/11/2002.

IT IS THE CONTENTION OF THE PLAINTIFFS THAT THERE IS NO

AUTHORITY VESTED TO A CITY MUNICIPALITY TO DELEGATE ITS POWER AND AUTHORITY TO A PRIVATE CORPORATION UNDER THE LAWS OF THE STATE OF CALIFORNIA FOR THE PURPOSES OF COERCING A PRIVATE CITIZEN OR CITIZENS TO APPLY FOR A BUSINESS LICENSE, OR A "TAX CERTIFICATE", AS THE CITY ITSELF HAS NO SUCH POWER TO COERCE BY THREATS AND INTIMIDATION A PRIVATE CITIZEN OR MEMBER OF THE SOVEREIGN PEOPLE OF THE REPUBLIC OF CALIFORNIA; THUS IT CAN NOT DELEGATE A POWER IT DOES NOT HAVE ITSELF.

PLAINTIFFS HAVE BEEN HARASSED BY THE SAID PRIVATE CORPORATION MUNICIPAL AUDITING SERVICE", AND "KEVIN WIGANT" FOR OVER A YEAR VIA THE U.S. MAIL IN VIOLATION OF FEDERAL LAW UNDER THE DEBT COLLECTION PRACTICES ACT, AS PLAINTIFFS HAVE NO CONTRACT WITH SAID DEFENDANTS, "MAS" AND HAVE INFORMED THEM AND HAVE REQUESTED THAT THEY PRODUCE A VALID CONTRACT WHICH GIVES THEM THE LAWFUL AUTHORITY TO PURSUE PLAINTIFFS FOR AN ALLEGED THIRD PARTIES CLAIM AGAINST PLAINTIFFS, WHICH THIRD PARTY IS A GOVERNMENT ENTITY, THE CITY OF FRESNO,CALIFORNIA.

PLAINTIFFS HAVE GIVEN WRITTEN NOTICE TO THE SAID PRIVATE CORPORATION,MUNICIPAL AUDITING SERVICES, THAT THEY ARE NOT SUBJECT TO THE SAID MUNICIPAL CODE AND CITY ORDINANCES,BECAUSE THEY ARE NOT ENGAGED IN ANY ACTIVITY WHICH BRINGS THEM UNDER THE SAID CODE AND ORDINANCES, AND THAT THE PLAINTIFFS ARE NOT WAIVING THEIR INALIENABLE RIGHTS UNDER THE CALIFORNIA CONSTITUTION ARTICLE I,SECTION § 1 ET SEQUITER ,AND PLAINTIFFS FURTHER REQUESTED IN WRITING FOR THE SAID CORPORATION, AND ALSO FOR THE CITY OF FRESNO, TO RESPOND IN WRITING TO THEIR WRITTEN QUESTIONS CONCERNING THEIR PRESUMED POWER TO REPEAL OR TAKE AWAY THE RIGHTS OF PLAINTIFFS UNDER CALIFORNIA CONSTITUTION ARTICLE I

SECTION 1, AND THE SAID CITY AND THE SAID PRIVATE CORPORATION HAVE FAILED TO REPLY OR RESPOND TO SAID INQUIRY OF PLAINTIFFS IN ANY WAY SHAPE FORM OR REGARD.

PLAINTIFFS HAVE SUFFERED THE PREVIOUS STATED FINANCIAL LOSSES COSTS AND DAMAGES CITED HEREIN AT PAGE 6, LINES 12-19, AS WELL AS MENTAL AND EMOTIONAL DISTRESS, FOR WHICH THERE HAS BEEN NO REMEDY PROVIDED BY THE SAID DEFENDANTS TO THE PRESENT DATE.

8. PLAINTIFFS HAVE COMPLIED WITH THE CALIFORNIA TORT CLAIMS ACT SET OUT AT GOVERNMENT CODE SECTION § 900 ET SEQUITER, <u>FILING A CLAIM FOR DAMAGES WITH THE SAID CITY OF FRESNO, CALIFORNIA ON THE</u> DATE OF: June 17, 2003; AND FILING AN AMENDED CLAIM AGAINST THE SAID CITY OF FRESNO ON THE DATE OF: July 14, 2003, A COPY OF WHICH SAID CLAIMS ARE ATTACHED HERETO IN EXHIBIT#:____, WHICH PLAINTIFFS REQUEST THE COURT TO TAKE JUDICIAL NOTICE OF PURSUANT TO CALIFORNIA EVIDENCE CODE SECTION § 451-453 ET SEQUITER. **(SAID CLAIMS WERE REJECTED BY THE SAID CITY OF FRESNO CALIFORNIA)**

9. IF THIS COURT DOES NOT PROVIDE A REMEDY PURSUANT TO EITHER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION § 1060 ET SEQUITER, OR ITS' EQUITABLE JURISDICTION, THE PLAINTIFFS WILL BE DENIED DUE PROCESS OF LAW AND JUSTICE UNDER THE LAWS OF THE STATE OF CALIFORNIA AND THE UNITED STATES OF AMERICA, FOR WHICH THEY HAVE NO REMEDY IN THE ORDINARY COURSE OF LAW, TO THEIR FURTHER INJURY DETRIMENT, AND DAMAGE, AND PREJUDICE OF THEIR SAID STATE AND FEDERAL RIGHTS .

10. <u>REQUEST FOR DECLARATORY RELIEF</u>;

CALIFORNIA CODE OF CIVIL PROCEDURE SECTION § 1060 PROVIDES FOR THE FOLLOWING: "ANY PERSON UNDER A WRITTEN INSTRUMENT,EXCLUDING A WILL OR TRUST , OR UNDER A CONTRACT, OR WHO DISIRES A DECLARATION OF HIS OR HER RIGHTS OR DUTIES WITH RESPECT TO

ANOTHER,OR IN RESPECT TO,IN,OVER OR UPON PROPERTY, OR WITH RESPECT TO THE LOCATION OF THE NATURAL CHANNEL OF A WATERCOURSE, MAY,IN CASES OF ACTUAL CONTROVERSY RELATING TO THE LEGAL RIGHTS AND DUTIES OF THE RESPECTIVE PARTIES, BRING AN ORIGINAL ACTION OR CROSS COMPLAINT IN THE SUPERIOR COURT OR IN THE MUNICIPAL COURT TO THE EXTENT ALLOWED PURSUANT TO ARTICLE 1 (COMMENCING WITH SECTION 85) OF CHAPTER 5.1 OF TITLE 1 OF PART 1 FOR A DECLARATION OF HIS OR HER RIGHTS AND DUTIES IN THE PREMISES, INCLUDING A DETERMINATION OF ANY QUESTION OF CONSTRUCTION OR VALIDITY ARISING UNDER THE INSTRUMENT OR CONTRACT. HE OR SHE MAY ASK FOR A DECLARATION OF RIGHTS OR DUTIES, EITHER ALONE OR WITH OTHER RELIEF;AND THE COURT MAY MAKE A BINDING DECLARATION OF THESE RIGHTS OR DUTIES,WHETHER OR NOT FURTHER RELIEF IS OR COULD BE CLAIMED AT THE TIME.THE DECLARATION MAY BE EITHER AFFIRMATIVE OR NEGATIVE IN FORM AND EFFECT,AND THE DECLARATION SHALL HAVE THE FORCE OF A FINAL JUDGEMENT. THE DECLARATION MAY BE HAD BEFORE THERE HAS BEEN ANY BREACH OF THE OBLIGATION IN RESPECT TO WHICH SAID DECLARATION IS SOUGHT."

PLAINTIFFS HEREBY REQUEST DECLARATIONS FROM THIS COURT PURSUANT TO SAID CODE OF CIVIL PROCEDURE SECTION § 1060 DETERMINING THE FOLLOWING QUESTIONS OF CONSTRUCTION OF THE FRESNO CITY MUNICIPAL CODE AS IT APPLIES TO THE RIGHTS AND THE DUTIES OF THE PARTIES HEREIN, IN RELATION TO THE RIGHTS OF PLAINTIFFS UNDER THE CALIFORNIA CONSTITUTION , ARTICLE I. SECTION §1,ET SEQUITER AS FOLLOWS:

(1) Are the provisions of ARTICLE I,SECTION § 1, ET SEQUITER SUPERCEDED,ANULLED,CANCELLED,OR REPEALED BY THE FRESNO COUNTY MUNICIPAL CODE AND CITY ORDINANCES AS APPLIED TO THE

PLAINTIFFS IN THE CONTROVERSY AT ISSUE ?

(2) DO PLAINTIFFS HAVE THE RIGHT AS CITIZENS OF THE STATE OF CALIFORNIA, AND OF THE CITY OF FRESNO TO HAVE THEIR QUESTIONS ANSWERED BY THE DEFENDANTS,CITY OF FRESNO, AND AGENCIES AND OFFICERS, OR EMPLOYEES OF CITY OF FRESNO AND ITS AGENCIES, IN REGARDS TO THE ON GOING DISPUTE AND CONTROVERSY BETWEEN THE SAID PARTIES, AS SET FORTH IN THE ATTACHED LETTERS OF PLAINTIFFS TO SAID CITY OF FRESNO,AND ITS OFFICERS,AGENCIES,AND EMPLOYEES, AS WELL AS TO ITS CONTRACTOR M.A.S. ?

(3) DID/DOES THE CITY OF FRESNO,ITS OFFICERS,AGENCIES,EMPLOYEES AND/OR CONTRACTORS WHO ENGAGED PLAINTIFFS HAVE THE DUTY TO ANSWER THE WRITTEN INQUIRIES,AND QUESTIONS PRESENTED TO THEM BY PLAINTIFFS IN THE CERTIFIED LETTERS MAILED TO SAID CITY AND SAID PARTIES REGARDING PLAINTIFFS RIGHTS UNDER CALIFORNIA CONSTITUTION ARTICLE ARTICLE I,SECTION§ 1,ET SEQUITER ?

(4) DID/DO THE PLAINTIFF HAVE A RIGHT TO COMPLETE ANSWERS TO ALL THE SAID QUESTIONS WHICH THEY PRESENTED TO THE SAID DEFENDANTS IN THE LETTERS ATTACHED HERETO AS EXHIBITS, BEFORE BEING REQUIRED TO COMPLY WITH ANY OF THE REQUESTS AND DEMANDS OF THE SAID DEFENDANTS MADE IN THEIR LETTERS TO PLAINTIFFS ,WHICH ARE ATTACHED HERETO AS EXHIBIT ?

(5) DO PLAINTIFFS HEREIN HAVE A RIGHT TO A TEMPORARY INJUNCTION OR RESTRAINING ORDER AGAINST THE DEFENDANTS ENJOINING THEM FROM ANY FURTHER CONTACT WITH PLAINTIFFS ,AND FROM ANY FURTHER ENTRY ON PLAINTIFFS PROPERTY AT 2680 N. MIAMI, FRESNO,CALIFORNIA UNTIL ALL OF THEIR QUATIONS AND ALL APPROPRIATE REQUESTED INFORMATION IS PROVIDED TO PLAINTIFFS BY SAID DEFENDANTS ?

///

(6) DOES THE FRESNO MUNICIPAL CODE AND CITY ORDINANCES VOID, REPEAL,OR SUPERCEDE THE PROVISIONS OF THE BILL OF RIGHTS OF THE UNITED STATES OF AMERICA UNDER THE 4th AND 5th ARTICLES PROVIDING FOR PRIVACY AGAINST INVASION OF PROPERTY WITHOUT A WARRANT SUPPORTED BY AFFIDAVIT ESTABLISHING PROBABLE CAUSE TO ENTER AND SEARCH THE PREMISES ?

(7) DO THE PLAINTIFFS HAVE THE RIGHT TO PRIVACY AND TO BE FREE FROM UNLAWFUL SEARCHES,INSPECTIONS,INVASIONS OF THEIR SAID PROPERTY LOCATED AT 2680 N. MIAMI,FRESNO,CALIFORNIA UNDER THE 4th & 5th AMENDMENTS TO THE CONSTITUTION OF THE U.S.A., IN THE BILL OF UNALIENABLE RIGHTS OF THE U.S.A.?

(8) ARE THE CITATIONS ISSUED AGAINST PLAINTIFFS PRIOR TO ANY ANSWERS TO PLAINTIFFS INQUIREIES AND QUESTIONS AS TO THE LAWFUL AUTHORITY,AND PLAINTIFFS RIGHTS UNDER ARTICLE I, SECTION § 1 ET SEQUITER PREMATURE AND INVALID DUE TO LACK OF DUE PROCESS OF LAW OPPORTUNITY TO BE HEARD, AND TO DEFEND PLAINTIFFS RIGHTS AND INTERESTS REGARDING THEIR SAID CONSTITUTIONAL RIGHTS WHICH WERE CITED IN THE LETTERS TO DEFENDANTS ATTACHED HERETO AS EXHIBITS, WHICH PLAINTIFFS INCORPORATE HEREIN BY REFERENCE AS IF FULLY SET FORTH AND REQUEST THE COURT TO TAKE JUDICIAL NOTICE OF UNDER EVIDENCE CODE SECTION § 451-453 Et Sequiter.

11. <u>REQUEST FOR SUBSEQUENT EQUITABLE RELIEF</u>;

Plaintiffs herein request this Court for any appropriate subsequent equitable relief which this court deems right and proper under all the facts and the laws of the State of California.

12. <u>PRAYER FOR RELIEF</u>;

Wherefore plaintiffs pray this Court grants the following

relief;

I. TAKES JUDICIAL NOTICE AS REQUESTED BY PLAINTIFFS HEREIN,AND;

II. ISSUES DECLARATORY RELIEF AS REQUESTED IN THE COMPLAINT,AND;

III. ISSUES WHATEVER SUBSEQUENT EQUITABLE RELIEF THE COURT DEEMS RIGHT & PROPER UNDER THE LAWS AND FACTS OF THIS CASE,AND;

IV. GRANTS PLAINTIFFS COURT COSTS ,EXPENSES, AND THE AMOUNT LOST FROM WORK DUE TO THE ACTIONS OF DEFENDANTS, AS SET FORTH IN THE COMPLAINT HEREIN,AND,

V. ISSUES WHATEVER OTHER RELIEF THE COURT DEEMS RIGHT AND PROPER UNDER THE FACTS AND THE LAW IN THIS CASE.

RESPECTFULLY PRESENTED,

DATED: 11/26/2003 a.d.

/S/ Gregory Occhionero
Greg Occhionero, PLAINTIFF IN PERSON.

/S/ Michael Occhionero
Michael Occhionero,
PLAINTIFF IN PERSON.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

-SWORN VERIFICATION-

We the undersigned hereby declare under penalty of perjury under the laws of the state of california that we excuted the foregoing "AMENDED CIVIL COMPLAINT FOR DECLARATORY RELIEF AND FOR SUBSEQUENT EQUITABLE RELIEF OF PLAINTIFFS Michael Occhionero AND Greg Occhionero, AND THAT THE CONTENTS OF THE SAME ARE TRUE,ACCURATE, CERTAIN AND COMPLETE TO THE BEST OF OUR PERSONAL KNOWLEDGE, INFORMATION,UNDERSTANDING AND BELIEF.EXCUTED THIS ____ DAY OF: NOVEMBER, 2003 a.d. IN THE CITY OF FRESNO,CALIFORNIA,[FRESNO COUNTY],

/S/ Michael Occhionero,
PLAINTIFF IN PERSON
IN CASE#:03-CECG-02623

/S/ Greg Occhionero,
PLAINTIFF IN PERSON
IN CASE#:03-CECG-02623.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

# 24 HOUR NOTICE
# OF INSPECTION / ABATEMENT

# NOTICE

An inspection at 2680 N. Miami Avenue, Fresno, California will be conducted by the City of Fresno, Department of Planning and Development, Code Enforcement Division and the City of Fresno Fire Department on December 8, 2003 at 11:00 a.m.

This inspection will be done pursuant to an Inspection / Abatement Warrant issued by the Fresno County Superior Court. A copy of the warrant will be delivered at the time of service.

It is a misdemeanor to willfully refuse to permit an inspection authorized by warrant. [CCP § 1822.57]

This Notice serves as the required 24-hour notice of intent to execute the above-mentioned warrant. [CCP § 1822.56]

[signature] 12-5-03

Israel Trejo
Planner II, Code Enforcement Division
City of Fresno

Certified Article Number
7160 3901 9848 4623 9194
SENDERS RECORD

# OFFICE OF THE INDEPENDENT ADMINISTRATIVE HEARING OFFICER CITY OF FRESNO, CALIFORNIA

| | |
|---|---|
| In the Matter of the Appeal of<br><br>MICHAEL OCCHIONERO<br>VINCENZA OCCHIONERO<br><br>Appellants<br><br>Notice of Public Nuisance<br>Summary Abatement/Billing | DECISION<br><br>OF<br><br>HEARING OFFICER |

---

On February 12, 2004, at 10:00 a.m., an appeal hearing was held pursuant to Fresno Municipal Code (FMC) Section 1-505 before Robert H. Baida, Hearing Officer, Office of the Independent Hearing Officer, City of Fresno, 2600 Fresno Street, Fresno, California, 559-621-7766. Evidence was taken, and the matter was continued to March 11, 2004, at 11:00 a.m., at which time further evidence was taken and the hearing was concluded.

The City of Fresno was represented by Dennis Beck, Deputy City Attorney, City Attorney's Office, 2600 Fresno Street, Fresno, California 93721, 559-621-7500.

Appellants were represented by Charles L. Doerksen, Attorney at Law, 2100 Tulare Street, Suite 410, Fresno, California 93721, 559-233-3434.

The Appellants were not present, but their son, Greg Occhinonero, appeared on their behalf.

A Notice of Public Nuisance Summary Abatement/Billing, dated December 31, 2003, was issued by the City of Fresno to the Appellants in connection with property owned by them at 2680 North Miami, Fresno, California, assessing charges in the amount of $13,085. A copy of the Notice is attached as Exhibit "A"

An appeal from the Notice was filed with the City on January 15, 2004, by Michael Occhionero and Greg Occionero.

Attached as Exhibit "B" is a summary of the facts leading up to the the issuance by Superior Court Judge Robert Oliver on November 26, 2003, of an Inspection and Abatement Warrant for 2680 N. Miami Avenue, Fresno, California. [Council for Appellants requested that

the summary not be not considered for the truth the facts stated therein, but that, instead, the supporting documentation be used for that purpose. The Hearing Officer has compared the summary with the supporting documentation and has determined that it is sufficiently accurate for the purposes of this opinion.] A copy of the warrant is attached as Exhibit "C".

A 24-hour Notice of Inspection/Abatement was posted on the property on December 5, 2003. A copy is attached as Exhibit "D".

At 9:15 a.m., December 8, 2003, Greg Occhionero came to the office of the City inspector to obtain a copy of the warrant and affidavit. He was told that he would be given a copy when the warrant was served.

At 11:00 a.m. of the same day, the warrant was served. The City inspectors were accompanied by a City contractor engaged to remove hazardous materials. After an inspection by the City inspectors, they determined that an imminent danger existed (the overheight storage of hazardous materials in the building, mostly polyurethane foam), and the contractor was directed to abate the hazardous condition inside the building.

The Appellants claim that the 24-Notice was deficient in that it did not specifically state that an abatement would take place, but only that an inspection would be conducted, and therefore the City is not entitled to recover the costs of abatement.

The City contends that the heading of the Notice specifically states that it is a notice of "inspection/abatement", and the body states that the inspection will be done "pursuant to an Inspection/Abatement Warrant", and therefore, Appellants had ample notice that an abatement might take place; or, in the alternative, the condition constituted an imminent danger, and, under Fresno Municipal Code Section 9-805.3, could be abated without prior notice.

The parties stipulated that the only issues that needed to be considered by the Hearing Officer were the issue of adequacy of notice and the existence of an imminent hazard justifying summary abatement. After the stipulation, the Appellants raised an additional issue; that the City was limited by its Notice of Public Nuisance to recovery only if an imminent danger was found to exist.

FINDINGS:

1. The facts in this case do not support a finding of imminent danger justifying the use of summary abatement

under FMC 9-805.3.

The use of summary abatement without prior notice is an extraordinary remedy, to be used only when the exigencies of the situation clearly warrant its use; otherwise, notice and pre-abatement hearings must be pursued.

In this case, Fire Inspector Richard Fultz was aware of this hazardous condition when he conducted an inspection on April 2, 2003, when he decide to take the time to research situation, although he did encourage Appellants to correct the condition. On April 27, 2003, he again inspected and noted that the pile had been reduced a small amount. Again, the same on June 16, 2003. On July 21, 2003, he was denied access. On September 2, 2003, he sent a letter requesting access for inspection, and received no response. On November 25, 2003, a request for inspection was denied. Inspector Trejo testified that access was denied upon request on September 30, October 9, November 5, and November 25, 2004.

It is hard to justify that a condition on December 8, 2003, suddenly became an imminent danger, justifying summary abatement, when substantially that same condition on April 2, April 27, and June 16 was not deemed sufficiently hazardous to warrant summary abatement. Again, if this was such an imminent danger, why did the City wait from June until November to apply for a warrant.

2. The failure to give notice of the warrant pursuant to Code of Civil Procedure Section 1822.56 does not invalidate the action taken under the warrant.

While there are no California cases exactly on point, the City cites the case of *People v. Lepeilbet* (1992) 4 Cal.App.4th 1208, involving a criminal prosecution in which evidence seized under an inspection warrant without the 24-hour notice was not excluded. The court held that the failure to give the notice did not constitute a Fourth Amendment violation.

Appellants contend that if they had been given notice that an abatement would take place, they would have been able to take action to remove the danger. If there ever was a case in which the parties have had more than ample notice as to what needed to be done to correct the situation, this is it.

3. The 24-hour notice given was adequate notice that abatement action might be taken.

The notice adequately described the warrant as an "inspection/

abatement" warrant. In view of the history in this matter, it is not unreasonable to conclude that the Appellants knew what was coming. They had been advised on many occasions of what needed to be done to eliminate the hazardous conditions.

It is troublesome that the Appellants were not given a copy of the warrant when it was requested, but, as a matter of fact, they did receive the warrant when it was served some hour and three-quarters later.

4. The City is entitled to recovery of the costs of the abatement conducted pursuant to the warrant under FMC Sections 1-604, et seq, as set forth in the Notice of Public Nuisance Summary Abatement/Billing.

Although the action of the City is not supported as a summary abatement, the Notice constitutes a valid billing under the code sections cited.

DECISION

The billing by the City, in the amount $13,085.07, is upheld.

Robert H. Baida

ROBERT H. BAIDA
Independent Hearing Officer
April 1, 2004

City of

Planning and Development Department

Code Enforcement Division
2600 Fresno Street, Room 3070
Fresno, California 93721-3605
(559) 621-8400 • FAX (559) 498-1078
www.fresno.gov

Nick P. Yovino
Director

December 31, 2003

**Call or Schedule an Appointment with:**
Israel Trejo at (559) 621-8435

Michael and Vincenza Occhionero
757 Laverne Ave
Clovis, CA 93611

Dear Property Owner:

SUBJECT: **NOTICE OF PUBLIC NUISANCE SUMMARY ABATEMENT/BILLING**
Address: 2680 N Miami
APN: 496-217-09
Case #: 03-90002022

Your property was recently inspected by the Code Enforcement Division and the Fire Department, and was found to have violations of the Fresno Municipal Code ("FMC"). These violations created a public nuisance imminently dangerous to life, health and public safety. These conditions have been removed or otherwise abated, and you are being billed for this expense pursuant to FMC 9-805.3(a)(b)(c) and 1-604 et seq. Below are the violations, corrective action taken by the City, and the costs incurred.

- FMC 9-804(a) Rubbish or junk throughout the interior of the building.
- FMC 9-804(b) Combustible material likely to become easily ignited.
- FMC 9-804(j); 12-411 Over-height storage of hazardous materials.
- Uniform Fire Code, Section 209; Sections 8101.4.1.5; 8101.4.2.2; 8101.4.1.6, Article 81 Storage of high-piled combustible materials in excess of six feet in height.
- Uniform Fire Code, Article 12 Failure to maintain clear, unobstructed aisles.

This summary abatement included the removal of materials, hazardously stored inside of the building. Improper storage of materials remains on the exterior of the building.

| | |
|---|---|
| **Contractor Costs** | **$11,385.07** |
| **Administrative Costs** | **$1,700.00 (20hrs @ $85.00)** |
| **Total Due** | **$13,085.07** |

***PLEASE PAY THIS <u>NOTICE/BILLING</u> WITHIN 30 DAYS. NO INVOICE WILL BE SENT.***

If you would like to make payment arrangements please call our accounting staff at 621-8318.

The owner and/or occupant may contest this action by filing an appeal to the Hearing Officer (FMC sec. 1-501 et seq.). The appeal must be received by the Hearing Officer within 15 days of the service of this notice. The appeal shall be made in writing and filed with the Office of the City Manager located on the second floor of City Hall, 2600 Fresno Street, Fresno, CA 93721, (559) 621-7766. There is a non-refundable Administrative Hearing Fee of $35 for residential units up to two, $55 for three or more units and $75 for commercial units. Please bring or send a check or money order with the appeal form. If payment is not included with the appeal form you will be billed.

Case #: 03-90002022

Address: 2680 N Miami
APN: 496-217-09

PLEASE NOTE that should you fail to pay these charges in full within either **30 days** from the date of mailing or one business day after an appeal hearing, the City may seek collection through any of the following means: (1) a collection agency; (2) a lien; (3) property assessment; and/or (4) legal action. (FMC 1-601 et seq). Before a lien or special assessment would be placed on your property, an administrative hearing officer will confirm the costs by a public hearing. You will receive notice of the hearing at least fifteen days prior to the date of the hearing and will be allowed to file an objection. A late fee of 1.5% or a minimum of $1.00 will be assessed to all outstanding balances after 30 days. IMPORTANT: This Notice will be recorded with the County Recorder's Office, but not before 7 calendar days from the date of mailing. The cost to release said document is $26.00.

**Appointments are required if you want to meet directly with the inspector.**

Sincerely,

Israel Trejo
Code Enforcement Inspector

c: Inspector File, JAF

# Summary of 2680 N Miami

For the past several months, this Property has been the subject of extensive code enforcement activity. The Property Owner has been cited for a variety of code violations. To date, compliance with the code has not been achieved, despite extraordinary efforts to accommodate the Property Owner's health situation. Recently, we were forced to seek an inspection/abatement warrant regarding the Property. The inspection/abatement effort was a joint effort between the Code Enforcement Division and the Fire Department. On December 8, 2003, Code Inspector Israel Trejo and Fire Department Inspector Rick Fultz executed the inspection/abatement warrant. Israel Trejo, and Mr. Fultz conducted an inspection of the Property prior to any abatement action. Mr. Fultz confirmed that an imminent hazard existed and the public nuisance was therefore abated.

At the time the inspection/abatement warrant was executed, numerous violations of the approved Site Plan for the Property were found. At least some of the violations of the Site Plan led to and created a public nuisance at the Property. It should be noted that during the abatement efforts, the Property Owner and his son were adamant that they were not bound by the conditions of their Site Plan. Also, the Property Owner and his son interfered with the execution of the inspection/abatement warrant on numerous occasions.

## HISTORICAL BACKGROUND

The subject Property is located at **2680 N. Miami Avenue (APN No. 496-217-09)** (herein after the "Property"). The Property is owned by Michael and Vincenza Occhionero. Numerous code violations, including fire code violations existed at this site at the time the inspection/abatement warrant was executed. Despite the abatement effort, numerous code violations still exist at the site.

Code Enforcement Inspector, Mr. Trejo, first inspected the Property on February 21, 2003. Mr. Trejo observed various materials located throughout the Property, including: vehicle parts, scrap metal and wood, carpet pads, cardboard and foam for beds. Mr. Trejo noticed that materials were stacked to the ceiling in the inside of the building. The items he observed at the Property were stored in a manner inconsistent with the requirements and limitations of the Site Plan.

Among other things, the Site Plan limited outside baled storage on the Property to specific areas which excluded the designated parking area as well as the loading zone area. Where outside storage was permitted, however, height and distance limitations were imposed as follows: between 0 to 3 feet of the Property line, no storage is allowed; between 3 and 10 feet storage is limited to 6 feet in height; over 10 feet from the Property line, storage height is limited to 20 feet. Inside storage is limited to a maximum of 6 feet in height without automatic sprinklers. There is no automatic sprinkler system in place within the building on the Property.

On March 13, 2003, a Notice of Violation was sent to the Property Owners, Michael and Vincenza Occhionero; a copy of the Notice of Violation was also sent to the tenant at the Subject Property. The Notice of Violation required the removal of all items from the parking area and to recycle only those materials allowed, including: plastic, aluminum, glass and paper.

On April 1, 2003, Mr. Trejo received a letter from an unknown person. The letter requested various information. The letter states an inspection cannot be done without a court order.

On April 2, 2003, Mr. Trejo met with Fire Inspector Rick Fultz. Mr. Fultz performed an inspection at the location. He later called Mr. Trejo and stated he informed the Property Owner he would give him fourteen days to reduce the height of the interior storage, then re-check the storage for reduction.

On May 1, 2003, Mr. Trejo inspected the Property and found various materials throughout the Property, including: cardboard, scrap wood, foam for furniture, carpet padding and scrap metal. Mr. Trejo observed, materials were stacked to the ceiling in the inside of the building.  Due to the violations found at the Property, a $100 citation was sent to the Property Owners on May 7, 2003, for the relinquishment, reduction or alteration of the parking area with respect to the storage of materials. Storage of materials in the designated parking area is not only a violation of the Site Plan, but also a violation of Fresno Municipal Code Sections 12-226.5 and 12-306. The violations Mr. Trejo observed, including the violations of the Site Plan, constitute a public nuisance within the meaning of Fresno Municipal Code Section 12-411.

On May 20, 2003, Mr. Trejo inspected the Property and found the Property to be in the same condition as noted during the prior inspection. A $250 citation was sent to the Property Owners on May 23, 2003.

On May 21, 2003, Mr. Trejo received a fax from Fire Inspector, Rick Fultz. The fax is a fire inspection notice dated April 2, 2003. The notice explains to maintain clear aisles and inside storage to be maintained at six feet or less.

On June 10, 2003, Mr. Trejo again inspected the Property.  Mr. Trejo found the Property to be in the same condition as noted during the prior inspection.   A $500 citation was sent to the Property Owners on June 12, 2003.

On June 26, 2003, Mr. Trejo inspected the Property and found it to be in the same condition as noted during the prior inspection.  At this time, Mr. Trejo spoke to the son of the Property Owner who informed him that the Property Owner had a stroke. Mr. Trejo attempted to inform the Property Owner's son what the Property Owner needed to do to achieve compliance with his Site Plan and the Fresno Municipal Code in general.  The Property Owner's son responded by telling Mr. Trejo that he had filed a claim with City of Fresno's Risk Management Department and would not remove items from the parking area or inside the building because Risk Management had not gotten back to him.  A $500 citation was sent to the Property Owners on July 1, 2003.

On July 3, 2003, Mr. Trejo received an unsigned letter that discussed the Property. The letter has a list of sentences and states they are questions which need to be answered, such as, provide the law that requires one to identify oneself.

On July 3, 2003, Code Enforcement Supervisor, Larry Rader placed a call to Property Owner. Mr. Rader requested to make an appointment to meet Michael Occhionero at the Property to discuss bringing the Property into compliance.

On July 8, 2003, Code Enforcement Supervisor, Larry Rader placed a call to Property Owner. The Property Owner stated he is quick deeding the Property to his son and his son will set up a meeting to discuss what needs to be done to bring the Property in compliance. Mr. Rader subsequently met with Greg Occhionero and explained that it is possible to revise his Site Plan to alter the use restrictions.. Mr. Rader also advised Greg Occhinero that he needed to remove material from the inside of the building.

On July 10, 2003, a letter was mailed to the Property Owners. The letter was written by Code Enforcement Supervisor, Larry Rader and was in response to unsigned letters received by Code Enforcement regarding the Property and a phone call with the Property Owner.

On September 30, 2003, Mr. Trejo re-inspected the Property with Legal Analyst, Richard Salinas. Mr. Greg Occhionero asked if the conservation could be recorded, permission was denied. They showed Michael and Greg Occhionero on the site plan where items are not allowed to be stored. Mr. Trejo and Mr. Salinas explained the site plan limitation relative to outside storage on the southern and eastern sides of the Property. Mr. Greg Occhionero stated he would consult with his legal counsel and get back to Mr. Salinas by Friday(10-3-03).

On October 9, 2003, Mr. Trejo re-inspected the Property with Mr. Salinas. They found that the previously noted violations remained, including items stacked to the ceiling within the building on the Property. The Property Owner told Mr. Trejo and Mr. Salinas that he had been removing some materials from the building, but he would not allow an inspection of inside the building.

On November 5, 2003, Mr. Trejo re-inspected the Property with Senior Neighborhood Services Specialist Alan Brajkovich and found the violations remained, including items stacked to the ceiling within the building at the Property. They spoke to the Property Owner who said he had been cleaning the Property, including the inside of the building. He said he had cleaned about "thirty feet" on the inside of the building; he refused to allow an inspection of inside the building.

On November 25, 2003, Mr. Trejo and Fire Inspector, Rick Fultz went to the Property. They spoke to Greg Occhionero. They asked Mr. Occhionero for consent to inspect the inside of the building. Mr. Occhionero refused that consent to inspect.

On November 26, 2003, Code Inspector, Israel Trejo was served with an Amended Civil Complaint for Declaratory Relief and for Subsequent Equitable Relief of Plaintiffs Michael and Greg Occhionero.

On November 26, 2003, an inspection/abatement warrant was issued by the Superior Court of California, County of Fresno.  The inspection / abatement warrant was necessary because the Property Owners had been given numerous opportunities to rectify the violations of their Site Plan, and allowed ample time and consideration to comply with code requirements.  Also, the Fresno Fire Department and Code Enforcement believed, based on prior inspections, that the interior storage posed an imminent threat to health and safety.

Prior to the execution of the inspection / abatement effort, Code Inspector, Israel Trejo conferred with Fire Inspector, Rick Fultz of the Fresno Fire Department, and was informed that Article 81 of the California Fire Code classifies foam products as high hazard commodities which are treated similar to tires. Because of the highly toxic and dense smoke created by foam during a fire, storage height is limited by the Fire Code to 6 feet in buildings without sprinklers. The building on the Property has no sprinkler system in place. Mr. Trejo was informed by Mr. Fultz of the Fire Department that based upon Inspector Fultz's recent inspections of the Property the following violations of the Fresno Municipal Code were observed:

A. Combustible storage less than ten feet from the Property line. A violation of Fresno Municipal Code, Sections 9-71103.3.1.1-2.1

B. Storage inside the building was greater than the maximum legal height of six feet without the benefit of a sprinkler system. Uniform Fire Code, Section 209; Sections 8101.4.1.5; 8101.4.2.2; 8101.4.1.6 requires storage in excess of six feet must meet the requirements of Uniform Fire Code, Article 81, which specifies requirements for high-piled combustible storage.

C. Storage inside the building failed to meet the requirements of Uniform Fire Code, Article 12 which requires all aisles in the building must remain clear and unobstructed, and storage shall be stored in a neat and orderly fashion.

On December 8, 2003, Code Enforcement Inspector, Israel Trejo and Fire Inspector Rick Fultz served the inspection/abatement warrant on the Property Owner. Larry Rader, Richard Salinas and representatives from the Fresno Police Department were present. Initially, Mr. Trejo and Mr. Fultz inspected the interior of the building. Over-height storage of hazardous materials was observed throughout the interior of the building. The building is approximately 13-15 feet in height. About 85-90 percent of the building contained a variety of materials; mostly polyurethane foam. The materials were either against the ceiling or approximately two feet from the ceiling. The remaining 10-15 percent of the building included the areas by the doors where there was a small space left to allow the doors to be opened. There was no fire lane in the building. The items throughout building and the exterior areas, of the building included: cardboard, aluminum cans, car parts, carpet, furniture, polyurethane foam, scrap metal, wood, solvents and bottles. After inspection of the interior of the building and a determination by Fire Inspector, Rick Fultz that the stored materials constituted an imminent threat to health and safety, the city contractor was directed to abate the hazardous condition on the inside of the building. The Property Owner and his son acted in a defiant and belligerent manner and interfered with the abatement effort. The abatement was recorded(audio and video) by Michael and Greg Occhionero. Michael and Greg Occhionero were allowed to keep some of the materials that were being removed from the building, but with the understanding that the materials would have to be legally stored immediately after the abatement. The contractor was advised to focus primarily on removing the flammable materials; they were also advised to not remove anything of obvious value. During the abatement efforts, Mr. Trejo observed three different vehicles hauling polyurethane foam to the Property. None of the vehicles deposited materials on site.

On December 9, 2003, Mr. Trejo found a petition for temporary restraining order taped to the fence surrounding the Property, however, no court order was served. Michael Occhionero opened the fence to allow for continued abatement. Michael and Greg continued to remove items from the workers piles and place them in the parking area. An extension of inspection/abatement warrant was obtained form the court and served on Michael Occhionero.

On December 10, 2003, the abatement of materials from inside of the buillding was continued. Michael and Greg Occhionero continued to remove materials from the workers piles. The workers encountered haphazard storage of materials. Using a forklift, the contractor removed approx. 45-55 cardboard and polyurethane bales from the building and in lieu of discarding them the contractor was directed to place them in the legal storage area, on the southern side of the Property. These stacks were five bales wide by two bales high. At approx. 4:30 p.m., Fire Inspector, Rick Fultz measured the created fire lane and the height of the materials inside the building and determined them to be in compliance with the fire and municipal code and declared that the imminent threat to health and safety had been abated.

On December 31, 2003, the Notice of Public Nuisance Summary Abatement/Billing was sent to the Property Owner. The total bill was for $13,085.07. The total amount of material removed from the Property during the three day abatement was 643 cu. yds.(First day-131 cu. yds., Second day-220 cu. yds. and third day-292 cu. yds.). The Property Owner was charged for the removal of 635 cu. yds. of material.

## ADDITIONAL INFORMATION PROVIDED TO CODE ENFORCEMENT BY THE FIRE DEPARTMENT

Mr. Trejo was also informed by Mr. Fultz that on July 20, 2000, the Fresno Fire Department sent the Property Owner a letter as an official Fresno Fire Department notice to correct the fire code violations noted above. At that time, the Fire Department gave the Property Owners 30 days to make the necessary corrections as outlined in the July 20, 2000, letter. The Property Owners failed to make the corrections.

The Fire Department inspected the Property again on April 2, 2003. During this inspection, Fire Inspector Fultz found that the Fire Code violations noted in the July 20, 2000, letter to the Property Owners had not been corrected.

Fire Inspector Fultz inspected the Property on May 27, 2003, and noted that the Fire Code violations noted in the July 20, 2000, letter to the Property Owners had not been corrected.

The Fire Department inspected the Property again on June 16, 2003, and noted that the conditions at the Property were substantially unchanged, such that the Fire Code violations noted in the July 20, 2000, letter to the Property Owners had not been corrected.

On September 2, 2003, the Fresno Fire Department sent the Property Owners a letter requesting an inspection of the Property. The Property Owner did not respond to the letter.

Fire Inspector Fultz conducted a drive-by inspection on November 12, 2003. At that time he noted that the violations mentioned in the July 20, 2000 letter had not been corrected.

Despite prior efforts by Code Enforcement and the Fire Department to obtain the Property Owner's compliance with the Site Plan for his Property, as well as the recent execution of the inspection / abatement warrant, the Property Owner continues to violate the conditions of his Site Plan. Also, the Property Owner has responded to code enforcement efforts by filing a lawsuit against the City and against certain employees of the City, including code enforcement officers. At every turn, the Property Owner has expressed his belief that he is not bound by the conditions of the Site Plan and his inaction with respect to resolving violations of the Site Plan and the Fire Code, strongly indicate that this Property Owner has no intentions of complying with the conditions of his Site Plan.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

| STATE OF CALIFORNIA<br><br>COUNTY OF FRESNO | ) Case No. __________<br>)<br>) INSPECTION AND ABATEMENT WARRANT FOR 2680 N. MIAMI AVENUE, FRESNO, CALIFORNIA<br>) |
|---|---|

To the People of the State of California, to any Code Enforcement Officer of the City of Fresno, to any Fire Inspector of the Fire Department of the City of Fresno and to any contractor hired by the City of Fresno:

**UPON GOOD CAUSE SHOWN TO THE COURT** by declaration of Israel Trejo, Planner of the Code Enforcement Division of the City of Fresno, and Fire Inspector Richard Fultz, Fire Inspector of the Fire Department of the City of Fresno;

**THAT THERE EXISTS VIOLATIONS OF:**

1. Fresno Municipal Code (FMC) Section 12-411;
2. FMC Section 12-226.5.I.3;
3. FMC Section 12-306.I.1.a & b;
4. FMC Section 4-111.A & B;
5. California Fire Code (CFC) Sections 8101.4.2.2, 8101.4.1.6 and 209-H, ;
6. CFC Sections 8102.10.1, 8102.10.2.3 and 8101.6.3;
7. CFC Section 1103.3.3.5.1.

**AT THE PREMISES LOCATED ON** 2680 N. Miami Avenue, in the City of Fresno, State of California ("Subject Property"), County of Fresno Assessor's Parcel Number 496-217-09;

/// RH

**YOU ARE HEREBY COMMANDED AND AUTHORIZED TO** enter and (1) conduct an inspection of the **interior** and **exterior** of the premises including the **interior of any structures** on the Subject Property and (2) **summarily abate** any public nuisance on the Subject Property under the authority of Sections 9-804 and 9-805 of the Fresno Municipal Code;

**THE INSPECTION AND ABATEMENT SHALL** be conducted pursuant to Code of Civil Procedure section 1822.56 in a reasonable manner for the purpose of ensuring compliance with all applicable laws. Notice that the warrant has been issued must be given at least twenty-four (24) hours before warrant is executed. The abatement may be done between the hours of 8:00 a.m. and 6:00 p.m. of any day. The property owner and/or legal tenant shall be present at the time of execution of the warrant. The warrant will be effective from the date hereof for a period not to exceed fourteen (14) days.

Given under my hand this 26th day of November, 2003.

Judge of the Superior Court

**Return:** Inspection and abatement of the public nuisances on the premises located at 2680 N. Miami Avenue, Fresno, California, was conducted by the City of Fresno on December ___, 2003.

City of Fresno
Planning and Development Department
Code Enforcement Division

______________________
Israel Trejo
Planner II

City of Fresno Fire Department

______________________
Richard Fultz
Fire Inspector II

DLB:ns [29033ns/dlb] - 11/26/03

# 24 HOUR NOTICE
# OF INSPECTION / ABATEMENT

# NOTICE

An inspection at 2680 N. Miami Avenue, Fresno, California will be conducted by the City of Fresno, Department of Planning and Development, Code Enforcement Division and the City of Fresno Fire Department on December 8, 2003 at 11:00 a.m.

This inspection will be done pursuant to an Inspection / Abatement Warrant issued by the Fresno County Superior Court. A copy of the warrant will be delivered at the time of service.

It is a misdemeanor to willfully refuse to permit an inspection authorized by warrant. [CCP § 1822.57]

This Notice serves as the required 24-hour notice of intent to execute the above-mentioned warrant. [CCP § 1822.56]

[signature] 12-5-03

Israel Trejo
Planner II, Code Enforcement Division
City of Fresno

Charles L. Doerksen, #135423
Attorney at Law
2100 Tulare Street, Suite 410
Fresno, California 93721
559 233 3434

Attorney for petitioners MICHAEL OCCHIONERO and VINCENZA OCCHIONERO

FILED
DEC 28 2004
SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO
BY ______ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

MICHAEL OCCHIONERO and VINCENZA OCCHIONERO,

Petitioners,

vs.

OFFICE OF THE INDEPENDENT ADMINISTRATIVE HEARING OFFICER OF THE CITY OF FRESNO; and CITY OF FRESNO,

Respondents.

Case No.: 04 CE CG 01401

**JUDGMENT GRANTING PEREMPTORY WRIT OF ADMINISTRATIVE MANDAMUS**

This matter came regularly before this court on October 10, 2004, in the Kingsburg Division of the Fresno County Superior Court, the Honorable Rosendo Pena presiding. Petitioners MICHAEL OCCHIONERO and VINCENZA OCCHIONERO appeared through counsel Charles L. Doerksen, respondent CITY OF FRESNO appeared through counsel Dennis L. Beck, Jr., and respondent

///

OFFICE OF THE INDEPENDENT ADMINISTRATIVE HEARING OFFICER OF THE CITY OF FRESNO did not appear.

The record of the administrative proceedings having been received into evidence and examined by the court, arguments having been presented, and the court having orally recited its statement of decision on October 29, 2004, and filed its Order Granting Petition for Writ of Mandamus on November 12, 2004,

IT IS ORDERED AND ADJUDGED that:

1. A peremptory writ of mandamus shall issue from the court, remanding the proceedings to respondent OFFICE OF THE INDEPENDENT ADMINISTRATIVE HEARING OFFICER OF THE CITY OF FRESNO and commanding said respondent to set aside its decision of April 1, 2004, in the administrative proceedings entitled *In re Michael and Vincenza Occhionero, Appeal of Notice of Public Nuisance Summary Abatement Billing, dated 12/31/03, Case No. 03-90002022.*

2. The writ shall further command respondent OFFICE OF THE INDEPENDENT ADMINISTRATIVE HEARING OFFICER OF THE CITY OF FRESNO to reconsider its action in the light of this court's statement of decision, and to take any further action specially enjoined on it by law; but nothing in this judgment or in that writ shall limit or control in any way the discretion legally vested in said respondent.

3. Petitioners MICHAEL OCCHIONERO and VINCENZA OCCHIONERO shall recover their costs in this proceeding, in an amount to be determined by the filing of a memorandum of costs.

///

///

Dated: 12/28, 2004

R. PEÑA, JR.
Honorable Rosendo Pena,
Judge of the Superior Court

Judgment Granting Peremptory Writ of Administrative Mandamus

3

# EXHIBIT B

ORIGINAL

Greg Occhionero,
Michael Occhionero,
2680 N. Miami,
Fresno,California,
[93721].

PLAINTIFF IN PERSON IN CASE#:

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

| | |
|---|---|
| Greg Occhionero,<br>Michael Occhionero,<br>PLAINTIFFS,<br><br>-VS-<br><br>CITY OF FRESNO CALIFORNIA, Mayor Alan Autry;MUNICIPAL AUDITING SERVICES, Kevin Weigant;L.P. Molina TAX Revenue Supervisor;<br>DOES 1-100,<br>DEFENDANTS. | CASE#: 03 CE CG 02 [illegible]<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND FOR SUBSEQUENT EQUITABLE RELIEF OF PLAINTIFFS Michael Occhionero and Greg Occhionero.** |

**COMES NOW PLAINTIFF Greg Occhionero, with his complaint for declaratory relief, and for subsequent equitable relief, as follows**

**-VENUE & JURISDICTION-**

This Court has Jurisdiction over this action pursuant to California Constitution Article VI, and under California Code of Civil Procedure Section § 1060. This Court is the proper venue for this action pursuant to the facts that the controversy, and all causes of action ,and all acts perpetrated by the defendants were committed by defendants within the city of Fresno,California, within the County of Fresno, California, Plaintiffs herein, the

Occhionero's , reside in the county of Fresno,California, and the defendants do business or work within the city and county of Fresno California, and worked within the city and county of Fresno at the time of the actions complained of herein.

**-PARTIES-**

Plaintiffs herein are members of the Soveriegn People of the Republic of California, and are inhabitants on the land. The defendants named herein are a local government entity, the Mayor of said entity, and an officer of the said entity ,as well as a LIMITED LIABILITY CORPORATION , and its officers , the Weigant's. The does 1-100 are as of yet unidentified employees,officers,agents contractors, or agencies of the said defendants, whose names will be added to the complaint as soon as they are discovered by the plaintiffs.

**-FACTS & ALLEGATIONS-**

1. On the day of May 10, 2002 the department of administrative services, Tax Revenue Supervisor, for the city of fresno, california, in the county of fresno, california, issued a letter which was addressed to:"BUSINESS OWNER/OPERATOR", WITH NO NAME OR ADDRESS FOR THE SAID "BUSINESS OWNER/OPERATOR", INDICATING IT WAS A COMPUTER GENERATED GENERAL LETTER FOR MASS MAILING.
2. On July 26, 2002 a.d., "Municipal Auditing Services", a limited liability corporation ,whose main office is in the city of Fresno,California, mailed a letter ,with the above cited letter attached to it, to plaintiffs at "POLYURETHANE FOAM RECYCLERS OF AMERICA", 2680 N **Miami**, Fresno,CA 93727." THIS LETTER WAS UNSIGNED, AND WAS ONE SINGLE PAGE IN LENGTH WITH A "CASE I.D. #: 9087" AT THE TOP RIGHT HAND CORNER . A COPY OF THE

SAID LETTER DATED July 26, 2002, and the ATTACHED LETTER DATED: May 10,2002 a.d. WITH YELLOW HIGHLIGHTING ON BOTH , are here attached marked exhibit #: 1 . Both of the said letters are hereby incorporated into the body of this complaint and plaintiffs herein request the court to take judicial notice of the same pursuant to the provisions set out in California Evidence Code Section § 451-453 Et Sequiter. Letter number one, dated May 10, 2002 , was signed by defendant L.P. Molina, "Tax Revenue Supervisor" for "Fresno Business Tax and Permits". Said defendant, L.P. Molina stated in his letter of May 10, 2002 a.d. that " THE CITY OF FRESNO HAS AUTHORIZED MR. Kevin Weigant AND THE FIRM OF MUNICIPAL AUDITING SERVICES (MAS) **TO CONDUCT "DISCOVERY" COMPLIANCE VERIFICATIONS WITH THE CITY BUSINESS TAX ORDINANCE."** AND FURTHER STATED " THE PURPOSE OF THIS PROGRAM IS TO FIND BUSINESSES THAT ARE NOT PAYING BUSINESS TAXES IN THE CITY." AND:"IN THIS REGARD, MAS IS ACTING AS AN EXTENSION OF CITY STAFF AND OPERATING UNDER THE RULES AND REGULATIONS OF THE CITY'S BUSINESS TAX ORDINANCE.**All** INFORMATION OBTAINED AS PART OF THE DISCOVERY IS STRICTLY CONFIDENTIAL AND SHALL BE USED BY THE CITY FOR THE ADMINISTRATION OF THE BUSINESS TAX ORDINANCE AND RELATED PERMITS. PLEASE EXTEND YOUR COMPLETE COOPERATION TO MR. Weigant OF MAS AND HIS ASSOCIATES. YOU MAY CONTACT ME AT (559) 621-6878 IF YOU REQUIRE ANY INFORMATION ABOUT CITY BUSINESS TAXES. THANK YOU RESPECTFULLY, MR. L.P. MOLINA, TAX REVENUE SUPERVISOR, FRESNO BUSINESS TAX AND PERMITS."

3. After receiving the two letters, one accompanying the other, in the united states mail, plaintiffs herein , mailed a letter , by certified return reciept, via the united states mail, to the "Tax Revenue Supervisor" **for** the City of Fresno, Business Tax &

Permits division,Mr. L.P. Molina, a defendant named herein this action. A copy of the said letter, which was dated August 30, 2002 a.d. is here attached to this complaint, marked as exhibit #:2, WHICH PLAINTIFFS HEREBY INCORPORATE HEREIN BY REFERENCE AS IF FULLY SET FORTH , AND REQUEST THE COURT TO TAKE JUDICIAL NOTICE OF PURSUANT TO THE PROVISIONS SET OUT IN CALIFORNIA EVIDENCE CODE SECTION § 451-453 Et Sequiter.

In the said letter to L.P. Molina plaintiffs made it quite clear that the city codes and ordinances being used against them appeared on their face to be in violation of the plaintiffs State Constitutional Rights guaranteed under California Constitution Article I,Section § 1, to be free and independent with inalienable rights , which include enjoying and defending life and liberty, acquiring,possessing and protecting property and pursuing and obtaining safety, happiness, and privacy. SEE COPY OF SAID :LETTER IN EXHIBIT #: 2 ATTACHED HERETO, WHICH THE PLAINTIFFS HEREIN HAVE INCORPORATED BY REFERENCE.

FURTHERMORE PLAINTIFFS INFORMED THE CITY OF FRESNO TAX REVENUE SUPERVISOR L.P. Molina IN THE SAID LETTER THAT THEY WOULD AGREE TO THE FRESNO MUNICIPAL CODE ON THE CITY'S BUSINESS TAX ORDINANCE ONCE THE CITY PROVIDED PROOF OF CLAIM THAT PLAINTIFFS ARE NO LONGER ENTITLED TO ARTICLE I OF THE CALIFORNIA STATE CONSTITUTION AND FURTHER PROVIDED A LIST OF 15 ITEMS WHICH THEY WANTED PROOF FOR FROM THE CITY BEFORE THEY WOULD AGREE TO ANYTHING BEING ALLEGED OR PROPOSED BY THE CITY AND IT'S SAID OFFICER OR EMPLOYEE L.P. Molina . SEE SAID LIST IN ITS ENTIRETY IN THE LETTER IN EXHIBIT #:2 ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

4. Plaintiffs have never received any answer from the said CITY OF

FRESNO, NOR THE SAID OFFICER L.P. Molina REGARDING THE SAID STATE CONSTITUTIONAL ISSUES ,ETC., RAISED BY PLAINTIFFS IN THE 15 ITEMIZED REQUESTS FOR PROOF OF CLAIM AGAINST PLAINTIFFS, AND AS OF THE PRESENT PLAINTIFFS HAVE RECEIVED NO DOCUMENTATION OR DISCLOSURE FROM ANY DEFENDANT NAMED HEREIN WHICH SUPPORTS ANY CLAIM THAT PLAINTIFFS ARE OPERATING A BUSINESS THAT COMES UNDER THE CITY'S CODE REQUIRING A LICENSE TO BE PURCHASED BY PLAINTIFFS.

5. The said letters from the city apparently were an attempt by the city and its agents to obtain by threat,coercion,and and extortion, intimidation,Etc., a license fee ,without any verification that plaintiffs were subject to any such license, which methodology by the said city and its officers and agents is illegal,unlawful,and unconstitutional, in violation of both state and federal constitutional rights of plaintiffs herein, for which plaintiffs seek remedy.

6. Since plaintiffs sent the defendants a letter in response to the demands of the said TAX REVENUE SUPERVISOR AND "MUNICIPAL AUDITING SERVICES" TO FILL OUT AN APPLICATION FOR A BUSINESS LICENSE, ON AUGUST 30, 2002, PLAINTIFFS HAVE BEEN BELEAGUERED, INUNDATED,HOUNDED AND HARASSED BY EMPLOYEES,AGENTS,OFFICERS,AND AGENCIES OF THE SAID CITY OF FRESNO,CALIFORNIA, FOR ALLEGED INFRACTIONS AND VIOLATIONS OF THE FRESNO MUNICIPAL CODE AND CITY ORDINANCES AS RETRIBUTION,SELECTIVE ENFORCEMENT,AND PUNISHMENT FOR DEMANDING THEIR CONSTITUTIONAL RIGHTS UNDER BOTH STATE AND FEDERAL LAW WHICH IS A CLEAR VIOLATION OF PLAINTIFFS RIGHTS TO EQUAL PROTECTION UNDER THE LAWS, AND EQUAL APPLICATION OF THE LAWS GUARANTEED BY BOTH THE STATE AND FEDERAL CONSTITUTIONS FOR WHICH PLAINTIFFS NOW SEEK REMEDY FOR THE DAMAGES THEY HAVE

SUFFERED DUE TO THE SAID HARASSMENT AND SELECTIVE ENFORCEMENT OF ALLEGED CITY ORDINANCES AND MUNICIPAL CODES, WHICH DO NOT APPLY TO PLAINTIFFS WHO ARE NOT ENGAGED IN ANY BUSINESS ACTIVITY WHICH COMES UNDER THE CITY CODE OR ORDINANCES.

7. **STATEMENT OF CONTROVERSY;**

Plaintiffs herein contend that they are not engaged in any condition precedent activity which the City of Fresno can regulate under the FRESNO CITY MUNICIPAL CODE, and are thus not subject to the alleged violations of city ordinances which the said City officers,employees,agents and agencies have been issuing citations for city fines to plaintiffs for allegedly violating , and for which said defendants have been continuously hounding and harassing plaintiffs for , taking away time from plaintiffs work day and from personal time which has caused loss of aproximately $7,893.11 DOLLARS TO PLAINTIFF Greg Occhionero, AND APROXIMATELY $3,696 DOLLARS TO Michael Occhionero, IN LOST WORK TIME, AND APROXIMATELY $ 500 DOLLARS FOR LEGAL RESEARCH, AND FOR SERVICE OF CLAIMS AGAINST THE CITY OF FRESNO PURSUANT TO THE REQUIREMENTS OF THE GOVERNMENT TORT CLAIMS ACT, SET OUT UNDER GOVERNMENT CODE SECTION § 900 Et Seq. AS WELL AS TRAVELING EXPENSES RELATED TO THE SAID CONTROVERSY IN THE AMOUNT OF: $331 — DOLLARS FOR GAS; AND THE AMOUNT OF $20 — DOLLARS DUE TO TELEPHONE CALLS RELATED TO THE SAID CONTROVERSY.

THE DEFENDANTS CLAIM THAT THE PLAINTIFFS ARE OPERATING A RECYCLEING CENTER WHICH COMES UNDER THE PERVIEW OF THE CITY OF FRESNO AND ITS MUNICIPAL CODE AND CITY ORDINANCES, AND THAT THE CODE ENFORCEMENT DIVISION OF THE CITY OF FRESNO IS EMPOWERED TO ISSUE CITATIONS AGAINST PLAINTIFFS FOR HAVING MATERIALS ON PLAINTIFFS PRIVATE PROPERTY LOCATED AT 2680 N. Miami, Fresno California, EVEN THOUGH SAID PLAINTIFFS ARE THE PRIVATE OWNERS OF THE SAID PROPERTY AND ARE NOT ENGAGED IN ANY PUBLIC SECTOR

ACTIVITY AFFECTING THE PUBLIC WHATSOEVER, AND PLAINTIFFS ARE NOT RUNING A RECYCLING CENTER AS ALLEGED BY THE DEFENDANTS. PLAINTIFFS FURTHER CONTEND THEY ARE NOT SUBJECT TO ANY MUNICIPAL CODE REQUIREMENT TO OBTAIN ANY CITY LICENSE FOR SERVICES SINCE THEY ARE NOT ENGAGED IN ANY COMMERCIAL ACTIVITY IN THE PUBLIC SECTOR, BUT ARE MERELY WORKING FOR A LIVING ON THEIR PRIVATE PROPERTY, WHICH IS THEIR RIGHT UNDER CALIFORNIA CONSTITUTION ARTICLE I, SECTION § 1 ET SEQUITER, AND UNDER THE BILL OF RIGHTS OF THE UNITED STATES OF AMERICA, AND PLAINTIFFS CONTEND THAT THE CITY OF FRESNO HAS NO POWER WHATSOEVER TO SUPERCEDE,ABOLISH REPEAL,RESCIND, OR CANCEL THOSE RIGHTS WHICH ARE NOT MERE PRIVILEGES GRANTED BY THE STATE LEGISLATURE BUT ARE UNALIENABLE RIGHTS WHICH CAN NOT BE WITHDRAWN OR TAKEN AWAY FROM ANY GOVERNMENT ENTITY, INCLUDING THE CITY OF FRESNO.SEE THE CASE OF MIRANDA VS ARIZONA,384 U.S. 436 (1966) AT PAGE 491 WHERE THE SUPREME COURT OF THE UNITED STATES OF AMERICA STATED IN PLAIN LANGUAGE:"**Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them.**" **MIRANDA VS ARIZONA,SUPRA, AT PAGE 491.**

Furthermore the Defendant City of fresno purports to have the authority to delegate the power of the City to a private Corporation, OR LLC , BY THE NAME OF MUNICIPAL AUDITING SERVICES, LLC, AND Kevin Weigant, and others unknown and unidentified as of yet, BY WAY OF CONTRACT TO ATTEMPT TO FORCE AND COERCE THE PLAINTIFFS INTO APPLYING FOR A CITY BUSINESS LICENSE, OR "CITY OF FRESNO TAX CERTIFICATE" AS IT WAS CALLED BY "MAS" IN THEIR LETTER TO PLAINTIFFS DATED 9/11/2002.

IT IS THE CONTENTION OF THE PLAINTIFFS THAT THERE IS NO

AUTHORITY VESTED TO A CITY MUNICIPALITY TO DELEGATE ITS POWER AND AUTHORITY TO A PRIVATE CORPORATION UNDER THE LAWS OF THE STATE OF CALIFORNIA FOR THE PURPOSES OF COERCING A PRIVATE CITIZEN OR CITIZENS TO APPLY FOR A BUSINESS LICENSE, OR A "TAX CERTIFICATE", AS THE CITY ITSELF HAS NO SUCH POWER TO COERCE BY THREATS AND INTIMIDATION A PRIVATE CITIZEN OR MEMBER OF THE SOVEREIGN PEOPLE OF THE REPUBLIC OF CALIFORNIA; THUS IT CAN NOT DELEGATE A POWER IT DOES NOT HAVE ITSELF.

PLAINTIFFS HAVE BEEN HARASSED BY THE SAID PRIVATE CORPORATION MUNICIPAL AUDITING SERVICE", AND "KEVIN WIGANT" FOR ALMOST A YEAR VIA THE U.S. MAIL IN VIOLATION OF FEDERAL LAW UNDER THE DEBT COLLECTION PRACTICES ACT, AS PLAINTIFFS HAVE NO CONTRACT WITH SAID DEFENDANTS, "MAS" AND HAVE INFORMED THEM AND HAVE REQUESTED THAT THEY PRODUCE A VALID CONTRACT WHICH GIVES THEM THE LAWFUL AUTHORITY TO PURSUE PLAINTIFFS FOR AN ALLEGED THIRD PARTIES CLAIM AGAINST PLAINTIFFS, WHICH THIRD PARTY IS A GOVERNMENT ENTITY, THE CITY OF FRESNO,CALIFORNIA.

PLAINTIFFS HAVE GIVEN WRITTEN NOTICE TO THE SAID PRIVATE CORPORATION,MUNICIPAL AUDITING SERVICES, THAT THEY ARE NOT SUBJECT TO THE SAID MUNICIPAL CODE AND CITY ORDINANCES,BECAUSE THEY ARE NOT ENGAGED IN ANY ACTIVITY WHICH BRINGS THEM UNDER THE SAID CODE AND ORDINANCES, AND THAT THE PLAINTIFFS ARE NOT WAIVING THEIR INALIENABLE RIGHTS UNDER THE CALIFORNIA CONSTITUTION ARTICLE I,SECTION § 1 ET SEQUITER ,AND PLAINTIFFS FURTHER REQUESTED IN WRITING FOR THE SAID CORPORATION, AND ALSO FOR THE CITY OF FRESNO, TO RESPOND IN WRITING TO THEIR WRITTEN QUESTIONS CONCERNING THEIR PRESUMED POWER TO REPEAL OR TAKE AWAY THE RIGHTS OF PLAINTIFFS UNDER CALIFORNIA CONSTITUTION ARTICLE I

SECTION 1, AND THE SAID CITY AND THE SAID PRIVATE CORPORATION HAVE FAILED TO REPLY OR RESPOND TO SAID INQUIRY OF PLAINTIFFS IN ANY WAY SHAPE FORM OR REGARD.

PLAINTIFFS HAVE SUFFERED THE PREVIOUS STATED FINANCIAL LOSSES COSTS AND DAMAGES CITED HEREIN AT PAGE 6, LINES 12-19, AS WELL AS MENTAL AND EMOTIONAL DISTRESS, FOR WHICH THERE HAS BEEN NO REMEDY PROVIDED BY THE SAID DEFENDANTS TO THE PRESENT DATE.

8. PLAINTIFFS HAVE COMPLIED WITH THE CALIFORNIA TORT CLAIMS ACT SET OUT AT GOVERNMENT CODE SECTION § 900 ET SEQUITER, FILING A CLAIM FOR DAMAGES WITH THE SAID CITY OF FRESNO, CALIFORNIA ON THE DATE OF: June 17, 2003; AND FILING AN AMENDED CLAIM AGAINST THE SAID CITY OF FRESNO ON THE DATE OF: July 14 - 2003, A COPY OF WHICH SAID CLAIMS ARE ATTACHED HERETO IN EXHIBIT#:____, WHICH PLAINTIFFS REQUEST THE COURT TO TAKE JUDICIAL NOTICE OF PURSUANT TO CALIFORNIA EVIDENCE CODE SECTION § 451-453 ET SEQUITER. **(SAID CLAIMS WERE REJECTED BY THE SAID CITY OF FRESNO CALIFORNIA)**

9. IF THIS COURT DOES NOT PROVIDE A REMEDY PURSUANT TO EITHER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION § 1060 ET SEQUITER, OR ITS' EQUITABLE JURISDICTION, THE PLAINTIFFS WILL BE DENIED DUE PROCESS OF LAW AND JUSTICE UNDER THE LAWS OF THE STATE OF CALIFORNIA AND THE UNITED STATES OF AMERICA, FOR WHICH THEY HAVE NO REMEDY IN THE ORDINARY COURSE OF LAW, TO THEIR FURTHER INJURY DETRIMENT, AND DAMAGE, AND PREJUDICE OF THEIR SAID STATE AND FEDERAL RIGHTS .

10. REQUEST FOR DECLARATORY RELIEF;

CALIFORNIA CODE OF CIVIL PROCEDURE SECTION § 1060 PROVIDES FOR THE FOLLOWING: "ANY PERSON UNDER A WRITTEN INSTRUMENT,EXCLUDING A WILL OR TRUST , OR UNDER A CONTRACT, OR WHO DISIRES A DECLARATION OF HIS OR HER RIGHTS OR DUTIES WITH RESPECT TO

ANOTHER,OR IN RESPECT TO,IN,OVER OR UPON PROPERTY, OR WITH RESPECT TO THE LOCATION OF THE NATURAL CHANNEL OF A WATERCOURSE, MAY,IN CASES OF ACTUAL CONTROVERSY RELATING TO THE LEGAL RIGHTS AND DUTIES OF THE RESPECTIVE PARTIES, BRING AN ORIGINAL ACTION OR CROSS COMPLAINT IN THE SUPERIOR COURT OR IN THE MUNICIPAL COURT TO THE EXTENT ALLOWED PURSUANT TO ARTICLE 1 (COMMENCING WITH SECTION 85) OF CHAPTER 5.1 OF TITLE 1 OF PART 1 FOR A DECLARATION OF HIS OR HER RIGHTS AND DUTIES IN THE PREMISES, INCLUDING A DETERMINATION OF ANY QUESTION OF CONSTRUCTION OR VALIDITY ARISING UNDER THE INSTRUMENT OR CONTRACT. HE OR SHE MAY ASK FOR A DECLARATION OF RIGHTS OR DUTIES, EITHER ALONE OR WITH OTHER RELIEF;AND THE COURT MAY MAKE A BINDING DECLARATION OF THESE RIGHTS OR DUTIES,WHETHER OR NOT FURTHER RELIEF IS OR COULD BE CLAIMED AT THE TIME.THE DECLARATION MAY BE EITHER AFFIRMATIVE OR NEGATIVE IN FORM AND EFFECT,AND THE DECLARATION SHALL HAVE THE FORCE OF A FINAL JUDGEMENT. THE DECLARATION MAY BE HAD BEFORE THERE HAS BEEN ANY BREACH OF THE OBLIGATION IN RESPECT TO WHICH SAID DECLARATION IS SOUGHT."

PLAINTIFFS HEREBY REQUEST A DECLARATIONS FROM THIS COURT PURSUANT TO SAID CODE OF CIVIL PROCEDURE SECTION § 1060 DETERMINING THE FOLLOWING QUESTIONS OF CONSTRUCTION OF THE FRESNO CITY MUNICIPAL CODE AS IT APPLIES TO THE RIGHTS AND THE DUTIES OF THE PARTIES HEREIN, IN RELATION TO THE RIGHTS OF PLAINTIFFS UNDER THE CALIFORNIA CONSTITUTION , ARTICLE I. SECTION §1,ET SEQUITER AS FOLLOWS:

(1) Are the provisions of ARTICLE I,SECTION § 1, ET SEQUITER SUPERCEDED,ANULLED,CANCELLED,OR REPEALED BY THE FRESNO COUNTY MUNICIPAL CODE AND CITY ORDINANCES AS APPLIED TO THE

PLAINTIFFS IN THE CONTROVERSY AT ISSUE ?

(2) DO PLAINTIFFS HAVE THE RIGHT AS CITIZENS OF THE STATE OF CALIFORNIA, AND OF THE CITY OF FRESNO TO HAVE THEIR QUESTIONS ANSWERED BY THE DEFENDANTS,CITY OF FRESNO, AND AGENCIES AND OFFICERS, OR EMPLOYEES OF CITY OF FRESNO AND ITS AGENCIES, IN REGARDS TO THE ON GOING DISPUTE AND CONTROVERSY BETWEEN THE SAID PARTIES, AS SET FORTH IN THE ATTACHED LETTERS OF PLAINTIFFS TO SAID CITY OF FRESNO,AND ITS OFFICERS,AGENCIES,AND EMPLOYEES, AS WELL AS TO ITS CONTRACTOR M.A.S. ?

(3) DID/DOES THE CITY OF FRESNO,ITS OFFICERS,AGENCIES,EMPLOYEES AND/OR CONTRACTORS WHO ENGAGED PLAINTIFFS HAVE THE DUTY TO 3ANSWER THE WRITTEN INQUIRIES,AND QUESTIONS PRESENTED TO THEM BY PLAINTIFFS IN THE CERTIFIED LETTERS MAILED TO SAID CITY AND SAID PARTIES REGARDING PLAINTIFFS RIGHTS UNDER CALIFORNIA CONSTITUTION ARTICLE ARTICLE I,SECTION§ 1,ET SEQUITER ?

(4) DID/DO THE PLAINTIFF HAVE A RIGHT TO COMPLETE ANSWERS TO ALL THE SAID QUESTIONS WHICH THEY PRESENTED TO THE SAID DEFENDANTS IN THE LETTERS ATTACHED HERETO AS EXHIBITS, **BEFORE BEING REQUIRED TO COMPLY WITH ANY OF THE REQUESTS AND DEMANDS OF THE SAID DEFENDANTS MADE IN THEIR LETTERS TO PLAINTIFFS ,WHICH ARE ATTACHED HERETO AS EXHIBIT ?**

(5) DO PLAINTIFFS HEREIN HAVE A RIGHT TO A TEMPORARY INJUNCTION OR RESTRAINING ORDER AGAINST THE DEFENDANTS ENJOINING THEM FROM ANY FURTHER CONTACT WITH PLAINTIFFS ,AND FROM ANY FURTHER ENTRY ON PLAINTIFFS PROPERTY AT 2680 N. MIAMI, FRESNO,CALIFORNIA UNTIL ALL OF THEIR QUATIONS AND ALL APPROPRIATE REQUESTED INFORMATION IS PROVIDED TO PLAINTIFFS BY SAID DEFENDANTS ?

///

(6) DOES THE FRESNO MUNICIPAL CODE AND CITY ORDINANCES VOID, REPEAL,OR SUPERCEDE THE PROVISIONS OF THE BILL OF RIGHTS OF THE UNITED STATES OF AMERICA UNDER THE 4th AND 5th ARTICLES PROVIDING FOR PRIVACY AGAINST INVASION OF PROPERTY WITHOUT A WARRANT SUPPORTED BY AFFIDAVIT ESTABLISHING PROBABLE CAUSE TO ENTER AND SEARCH THE PREMISES ?

(7) DO THE PLAINTIFFS HAVE THE RIGHT TO PRIVACY AND TO BE FREE FROM UNLAWFUL SEARCHES,INSPECTIONS,INVASIONS OF THEIR SAID PROPERTY LOCATED AT 2680 N. MIAMI,FRESNO,CALIFORNIA UNDER THE 4th & 5th AMENDMENTS TO THE CONSTITUTION OF THE U.S.A., IN THE BILL OF UNALIENABLE RIGHTS OF THE U.S.A.?

(8) ARE THE CITATIONS ISSUED AGAINST PLAINTIFFS PRIOR TO ANY ANSWERS TO PLAINTIFFS INQUIREIES AND QUESTIONS AS TO THE LAWFUL AUTHORITY,AND PLAINTIFFS RIGHTS UNDER ARTICLE I, SECTION § 1 ET SEQUITER PREMATURE AND INVALID DUE TO LACK OF DUE PROCESS OF LAW OPPORTUNITY TO BE HEARD, AND TO DEFEND PLAINTIFFS RIGHTS AND INTERESTS REGARDING THEIR SAID CONSTITUTIONAL RIGHTS WHICH WERE CITED IN THE LETTERS TO DEFENDANTS ATTACHED HERETO AS EXHIBITS, WHICH PLAINTIFFS INCORPORATE HEREIN BY REFERENCE AS IF FULLY SET FORTH AND REQUEST THE COURT TO TAKE JUDICIAL NOTICE OF UNDER EVIDENCE CODE SECTION § 451-453 Et Sequiter.

11. <u>REQUEST FOR SUBSEQUENT EQUITABLE RELIEF</u>;

Plaintiffs herein request this Court for any appropriate subsequent equitable relief which this court deems right and proper under all the facts and the laws of the State of California.

12. <u>PRAYER FOR RELIEF</u>;

Wherefore plaintiffs pray this Court grants the following

relief;

I. TAKES JUDICIAL NOTICE AS REQUESTED BY PLAINTIFFS HEREIN,AND

II. ISSUES DECLARATORY RELIEF AS REQUESTED IN THE COMPLAINT,AND

III. ISSUES WHATEVER SUBSEQUENT EQUITABLE RELIEF THE COURT DEEMS RIGHT & PROPER UNDER THE LAWS AND FACTS OF THIS CASE,AND;

IV. GRANTS PLAINTIFFS COURT COSTS ,EXPENSES, AND THE AMOUNT LOST FROM WORK DUE TO THE ACTIONS OF DEFENDANTS, AS SET FOR FORTH IN THE COMPLAINT HEREIN,AND,

V. ISSUES WHATEVER OTHER RELIEF THE COURT DEEMS RIGHT AND PROPER UNDER THE FACTS AND THE LAW IN THIS CASE.

RESPECTFULLY PRESENTED,

DATED:7/25/2003 a.d. /S/ Gregory Occhionero
Greg Occhionero,PLAINTIFF IN PERSON.

/S/ Michael Occhionero
Michael Occhionero, PLAINTIFF IN PERSON.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

-SWORN VERIFICATION-

We the undersigned hereby declare under penalty of perjury under the laws of the State of California that we executed the foregoing "COMPLAINT FOR DECLARATORY RELIEF AND FOR SUBSEQUENT EQUITABLE RELIEF" , AND THAT THE CONTENTS OF THE SAME ARE TRUE AND ACCURATE TO BEST OF OUR KNOWLEDGE,INFORMATION,BELIEF,AND UNDERSTANDING. EXECUTED THIS 25th DAY OF JULY, 2003 a.d. IN THE CITY OF FRESNO, CALIFORNIA, [FRESNO COUNTY], /S/ Gregory Occhionero

Greg Occhionero,plaintiff.

/S/ Michael Occhionero

Michael Occhionero,plaintiff.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

# EXHIBIT PAGE

## INDEX OF EXHIBITS

#1:  Letter Mailed to Plaintiffs dated 7/26/2002, from Municipal Auditing Services, with attached May 10, 2002 Letter and Business Tax Certificate Application from Mr. L. Molina Tax Revenue Supervisor for Business & Permits Division of Fresno City Dept. of Administrative Services.

#2:  Letter Mailed to Plaintiffs dated 8/16/2002 "Second Notice" from M.A.S. with attached letter of May 10, 2002 "Second Notice" from M.A.S. with attached letter of May 10, 2002 previously sent

#3:  August 30, 2002 letter of Plaintiffs Mailed to Mr. L. Molina Tax Revenue Supervisor for City 0f Fresno, in response to letters in Exhibits #1 & #2

#4:  Letter mailed to Plaintiffs dated 9/11/2002, "Third Notice" from M.A.S. requesting plaintiffs to apply for services and fill out the application "tax certificate" "form" and "reporting form"

#5:  Letter Mailed to plaintiff dated 9/12/2002 from "City of Fresno" "Finance Department, L.P. Molina Revenue Supervisor, "Business & Tax Permit Section," in response to plaintiff's letter to him in Exhibit #3.

#6:  Letter of plaintiffs dated 9/27/2002 mailed to defendant City of Fresno, and L.P. Molina addressing the letter of 9/12/2002 of L.P. Molina in Exhibit #5.

# EXHIBIT PAGE

## INDEX OF EXHIBITS

#7:  Letter of plaintiffs dated 10/7/2002 to Randy S. City of Fresno Utilities Billing & Collection Division, in response to "Important Notice" sent to plaintiffs threatening action by October 14, 2002 against plaintiffs.

#8.  Letter of plaintiffs dated October 14, 2002, to defendants; "Notice of Fault / Default regarding letters of August 30, 2002 and September 27, 2002"

#9:  Letter of plaintiffs dated 10/15/2002, "RE:   Important Notice of 10/4/2002 due by 10/14/2002," sent by Randy S. City of Fresno Utilities Billing & Collection Division"

#10: Letter of defendants dated 10/15/2002 mailed to plaintiffs, signed by "L.F. Corrales" Revenue Supervisor

#11: Letter of plaintiffs dated 10/21/2002 to Mr. L.P. Molina regarding prior contact by M.A.S.

#12: Letter of plaintiffs dated 10/21/2002, to Patty Jackman of the California State Board of Equalization Re Telephone Call of 10/9/2002

#13: Letter from defendants City of Fresno, Finance Department dated 10/23/2002 "Final Notice of Business Tax Non-Compliance and Failure to File" signed by Mr. L.P. Molina

# EXHIBIT PAGE

## INDEX OF EXHIBITS

#14: Letter from City of Fresno dated 10/24/2002 Re "Fresno City Business Tax" signed by John M. Harlan, Jr., Business Tax Representative.

#15: Letter from "State Board of Equalization," Patty Jackman, "Business Tax Representative" dated 10/15/2002, in which it is admitted the "Business" "Polyurethane Foam Recyclers of America" was **not** "active."

#16: Letter from plaintiffs dated 10/30/2002 to L.F. Corrales, Revenue Supervisor for "City of Fresno" Re: 10/15/2002 Letter of "Important Notice of 10/28/2002" due by 11/7/02

#17: Letter of plaintiffs dated 11/16/2002 to Steve Cole of M.A.S.

#18: Letter of defendants dated 11/18/2002 stating that water service will be discontinued on 11/12/2002, etc...

#19: Letter of plaintiffs dated 11/9/2002 to L.P. Molina, City of Fresno, regarding "Final Notice" in Exhibit #13

#20: Letter of plaintiffs dated 11/9/2002 to Mayor Alan Autry, informing the Mayor of the ongoing situation and requesting an adequate response to plaintiffs' questions regarding the ongoing dispute and controversy

#21: 11/14/2002 letter of Plaintiffs to City of Fresno, L.F. Corrales, Utilities Bldg & Collection Division regarding prior letters

# EXHIBIT PAGE

## INDEX OF EXHIBITS

#22: 11/14/2002 Letter from City of Fresno, L.F. Corrales, stating "the application is incomplete"

#23: 11/20/2002 Letter of plaintiffs to defendants L.F. Corrales in response to 11/14/2002 letter of L.F. Corrales stating the application filled out by plaintiffs "under protest" ws incomplete, requesting an answer as to what needs to be done to correct the application

#24: 3/13/2003 Letter of defendant City of Fresno to plaintiffs, "Notice of Violation" signed by Israel Trejo, Code Enforcement Inspector

#25: 3/29/2003 letter of plaintiffs to defendants City of Fresno, Code Enforcement Inspector requesting relevant information regarding the alleged report and violation mentioned in prior letter of Mr. Trejo, in Exhibit #24

#26: 4/2/2003 "Fire Inspection Notice" delivered to plaintiffs

#27: 6/10/2003 Administrative Citation from defendants, City of Fresno, to plaintiffs, citing alleged violations of Municipal Code.

#28: 6/13/2003 "Statement of Account" sent by defendants to plaintiffs demanding $350.00 dollars from defendants

#29: Copy of Claim for Damages filed by plaintiffs with the City of Fresno on June 17, 2003

# EXHIBIT PAGE

## INDEX OF EXHIBITS

#30:  6 written responses from the City of Fresno regarding plaintiffs' Claim filed on 6/17/2003, signed by Rose Miranda, "Visit Analyst," requesting an Amended Claim and a Meeting with plaintiffs.

#31: 6/30/2003 Letter of Plaintiffs to Defendants regarding "Notice of Violation, Etc., " summarizing the events recently transpired and notifying Mr. Trejo of the law under Government Code Sections §11120 and §54950

#32: July 8, 2003 "Statement of Account" mailed by defendants to plaintiffs demanding $850.00 dollars from plaintiffs

#33: 7/10/2003 Letter from defendants, City of Fresno, & Larry D. Rader, Housing Program Supervisor, Code Enforcement Division, requesting a meeting and responding in part to phone conversation of July 8, 2003

#34: Amended Claim for Damages pursuant to California Government Code Sections 900-910 et. sequiter, filed with Defendants, City of Fresno, on July 14th, 2003

The foregoing instrument is a correct copy of the original on file in this office.

ATTEST: DEC 08 2005

TAMARA L. BEARD, Superior Court Clerk
State of California, County of Fresno
By ______ DEPUTY



# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Greg and Michael Occhionero
In Pro Per
2680 Miami
Fresno, California 93727

TELEPHONE NO.: 559 233 3434

ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

FILED
JUN - 2 2004
FRESNO COUNTY SUPERIOR COURT
By K.C. DEPUTY

Insert name of court and name of judicial district and branch court, if any:
FRESNO COUNTY SUPERIOR COURT
CENTRAL DIVISION

PLAINTIFF/PETITIONER: GREG AND MICHAEL OCCHIONERO

DEFENDANT/RESPONDENT: CITY OF FRESNO, et al.

**NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE**

☐ **Personal Injury, Property Damage, or Wrongful Death**
☐ **Motor Vehicle** ☐ **Other**
☐ **Family Law**
☐ **Eminent Domain**
☒ **Other *(specify)*:** Declaratory Relief

CASE NUMBER: 03 CE CG 02623

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the Request for Dismissal. *(Attach a copy completed by the clerk.)*

Date: May 25, 2004

Greg Occhionero / Michael Occhionero
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

(SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My residence or business address is:
2100 Tulare Street, Suite 410, Fresno, California

2. ☐ I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. ☐ I deposited the envelope with the United States Postal Service.
   b. ☒ I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit: May 26, 2004
   d. Place of deposit *(city and state)*: Fresno, California
   e. Addressed as follows *(name and address)*: See Attachment "A"

3. ☐ I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by personally delivering copies to the person served as shown below:
Name: Date: Time: Address:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 26, 2004

Evelyn A. Freeman
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(5.1) [New January 1, 1997]

NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE

CEB

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.: 559 233 3434
Greg and Michael Occhionero
In Pro Per
2680 Miami
Fresno, California 93727
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

FILED
MAY 1 8 2004
FRESNO COUNTY SUPERIOR COURT
By K.C. DEPUTY

Insert name of court and name of judicial district and branch court, if any:
FRESNO COUNTY SUPERIOR COURT
CENTRAL DIVISION

PLAINTIFF/PETITIONER: GREG AND MICHAEL OCCHIONERO

DEFENDANT/RESPONDENT: CITY OF FRESNO, et al.

## REQUEST FOR DISMISSAL

☐ **Personal Injury, Property Damage, or Wrongful Death**
☐ **Motor Vehicle** ☐ **Other**
☐ **Family Law**
☐ **Eminent Domain**
☒ **Other (specify):** Declaratory Relief

CASE NUMBER: 03 CE CG 02623

— **A conformed copy will not be returned by the clerk unless a method of return is provided with the document.** —

1. **TO THE CLERK:** Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice (2) ☒ Without prejudice
   b. (1) ☐ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name)*: on *(date)*:
   (4) ☐ Cross-complaint filed by *(name)*: on *(date)*:
   (5) ☒ Entire action of all parties and all causes of action
   (6) ☐ Other *(specify)*:*

Date: May 14, 2004

Greg Occhionero / Michael Occhionero
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross-complainant

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross-complainant

** If a cross-complaint—or Response (Family Law) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

*(To be completed by clerk)*
3. ☒ Dismissal entered as requested on *(date)*: MAY 1 8 2004
4. ☐ Dismissal entered on *(date)*: as to only *(name)*:
5. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

6. ☐ a. Attorney or party without attorney notified on *(date)*:
   b. Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to conform ☐ means to return conformed copy

Date: MAY 1 8 2004 Clerk, by KENNETH E. COCY, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(5) [Rev. January 1, 1997]

REQUEST FOR DISMISSAL

CEB

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

# ATTACHMENT "A"

Mark E. Chielpegian
CHIELPEGIAN LAW OFFICES
5200 North Palm Avenue, Suite 201
Fresno, California 93704

Michael P. Slater, Esquire
CITY OF FRESNO
2600 Fresno Street
Fresno, California 93721

The foregoing instrument is a correct copy of the original on file in this office.

ATTEST: DEC 08 2005

TAMARA L. BEARD, Superior Court Clerk
State of California, County of Fresno
By ________ DEPUTY

