1   **BETTS & WRIGHT, A Professional Corporation**
Attorneys at Law
2   P.O. Box 28550
Fresno, California 93729-8550
3   Telephone: (559) 438-8500
Facsimile:  (559) 438-6959
4
James B. Betts (State Bar #110222)
5   Joseph D. Rubin (State Bar #149920)

6   Attorneys for Defendant CITY OF FRESNO

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   GREG OCCHIONERO,                          ) Case No. 1:05-CV-01184-AWI-SMS
                                               )
12                        Plaintiff,           )   MEMORANDUM OF POINTS AND
                                               )   AUTHORITIES IN SUPPORT OF
13            v.                                )   DEFENDANT S MOTION TO
                                               )   DISMISS SECOND AMENDED
14   CITY OF FRESNO, and DOES 1 through        )   COMPLAINT; FOR MORE
     40, inclusive,                            )   DEFINITE STATEMENT; AND TO
15                                             )   STRIKE PORTIONS OF THE
                         Defendants.           )   SECOND AMENDED COMPLAINT
16                                             )
     _____          )   [F.R.C.P. Rules 12(b)(6), 12(e),
17                                                 12(f) and 12(g)]

18                                             DATE:   February 27, 2006
                                               TIME:   1:30 p.m.
19                                             CTRM:   2    8th Floor

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

I.    PRELIMINARY STATEMENT ................................... 1

II.   STATEMENT OF FACTS .................................... 2

III.  ARGUMENT .......................................... 5

      A.    Plaintiff s Cause of Action for Violation of 42 U.S.C. Section
            1983 is Barred by the Statute of Limitations ................. 5

            1.    Standards for Raising an Affirmative Defense Under
                  Rule 12  ....................................... 5

            2.    Purpose Behind Statute of Limitations ................. 6

            3.    Applicable Statute of Limitations  .................... 6

            4.    At a Minimum, Court Should Preclude Allegations
                  of any Alleged Adverse Action Taken Before
                  September 16, 2003  .......................... 7

      B.    Plaintiff Cannot Maintain a Cause of Action for Violation of
            42 U.S.C. Section 1983 as a Matter of Law  ................ 8

            1.    Plaintiff Cannot Maintain a Claim Under the Equal Protection
                  Clause  ....................................... 8

                  a.    Olech Does Not Apply to this Situation ........... 8

                  b.    Plaintiff Cannot Satisfy the Elements of Olech  ..... 11

                        (1)    Plaintiff Fails to Allege he was Treated
                               Differently Than Others Similarly Situated  .... 12

            2.    Plaintiff Failed to Allege that the City s Actions
                  Were Irrational  ................................ 13

      C.    Plaintiff Cannot Maintain a Claim Against a Municipality Under
            Either Cause of Action ................................ 14

      D.    This Court Should Strike Numerous Allegations in the Second
            Amended Complaint ................................... 17

            1.    Alleged Adverse Actions Taken Before
                  September 16, 2003 ............................ 17

IV.   CONCLUSION ......................................... 18

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# TABLE OF AUTHORITIES

**CASES**

Abbott v. Village of Winthrop Harbor
    (7th Cir. 2000) 205 F.3d 976 . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Albiero v. City of Kankakee
    (7th Cir. 2001) 246 F.3d 927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Albright v. Oliver
    (1994) 510 U.S. 266 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Allred s Produce v. U.S. Dept. of Ag.
    (5th Cir. 1999) 178 F.3d 743 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Balistreri v. Pacifica Police Dept.
    (9th Cir. 1990) 901 F.2d. 696 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Barren v. Harrington
    (9th Cir. 1998) 152 F.3d 1193 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Barrington Cove v. Rhode Island Housing
    (1st Cir. 2001) 246 F.3d 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Bechtel v. City of Belton
    (8th Cir. 2001) 250 F.3d 1157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Bizzarro v. Miranda
    (2nd Cir. 2005) 394 F.3d 82 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Board of Regents v. Tomanio
    (1980) 446 U.S. 478 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Brown v. Neumann
    (11th Cir. 1999) 188 F.3d 1289 . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cain v. Tigard-Tualatin School District
    (D.Or. 2003) 262 F.Supp.2d 1120 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Campagna v. Com. Of Mass. Dept. of Environmental Protection
    (D. Mass. 2002) 206 F.Supp.2d 120 . . . . . . . . . . . . . . . . . . 10, 12, 13

Carpinteria Valley Farms, Ltd. v. County of Santa Barbara
    (9th Cir. 2003) 344 F.3d 822 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Carrero v. New York City Housing Authority
    (2d Cir. 1989) 890 F.2d 569 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

City of Huntington Park v. Superior Court
    (1995) 34 Cal.App.4th 1293 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

City of St. Louis v. Praprotnik
    (1988) 485 U.S. 112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_Coffin v. Safeway, Inc._
        (D. Ariz. 2004) 323 F.Supp.2d 997 . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

_Collyer v. Darling_
        (6th Cir. 1996) 98 F.3d 211 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

_Davis v. Bucher_
        (9th Cir. 1988) 853 F.2d 718 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

_Delaware State College v. Ricks_
        (1980) 449 U.S. 250 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

_Douglas v. Douglas_
        (1951) 103 Cal.App.2d 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

_Economic Opportunity Commission v. County of Nassar_
        (E.D. NY 2000) 106 F.Supp.2d 433 . . . . . . . . . . . . . . . . . . . . . . . . . 12

_Futernick v. Sumpter Township_
        (6th Cir. 1996) 78 F.3d 1051 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

_Harlen Associates v. Village of Mineola_
        (2nd Cir. 2001) 273 F.3d 494 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

_Henrise v. Horvath_
        (N.D. Tex. 2000) 94 F.Supp.2d 768 . . . . . . . . . . . . . . . . . . . . . 15, 17

_Hudson v. New York City_
        (2nd Cir. 2001) 271 F.3d 62 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

_Inturri v. City of Hartford_
        (D. Conn. 2005) 365 F.Supp.2d 240 . . . . . . . . . . . . . . . . . . . . . . . . 13

_Jackson v. Cedars-Sinai Medical Center_
        (1990) 220 Cal.App.3d 1315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

_Jennings v. City of Stillwater_
        (10th Cri. 2004) 383 F.3d 1199 . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12

_Kaiser Foundation Hospitals v. W.C.A.B._
        (1985) 39 Cal.3d 57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

_Knox v. Davis_
        (9th Cir. 2001) 260 F.3d 1009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

_Loeffler v. Wright_
        (1910) 13 Cal.App. 224 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

_Looper Maintenance Service v. City of Indianapolis_
        (7th Cir. 1999) 197 F.3d 908 . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

_Lumbreras v. Roberts_
        (D. Or. 2004) 319 F.Supp.2d 1191 . . . . . . . . . . . . . . . . . . . . . . . . . 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Macone v. Town of Wakefield
(1st Cir. 2002) 277 F.3d 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

McCormick v. City of Chicago
(7th Cir. 2000) 230 F.3d 319 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Monell v. New York Department of Social Services
(1978) 436 U.S. 658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14, 15

National R.R. Passenger Corp. v. Morgan
(2002) 536 U.S. 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Railroad Telegraphers v. Railway Express Agency, Inc.
(1944) 321 U.S. 342 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RK Ventures, Inc. v. City of Seattle
(9th Cir. 2002) 307 F.3d 1045 . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Rossi v. West Haven Board of Education
(D. Conn. 2005) 359 F.Supp.2d 178 . . . . . . . . . . . . . . . . . . . . . . . 13

RUI ONE Corp. v. City of Berkley
(9th Cir. 2004) 371 F.3d 1137 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Scheuer v. Rhodes
(1974) 416 U.S. 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Serrano v. Francis
(9th Cir. 2003) 345 F.3d 1071 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Spiller v. City of Texas City, Police Dep t.
(5th Cir. 1997) 130 F.3d 162 . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Stemler v. City of Florence
(6th Cir. 1997) 126 F.3d 856 . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Thompson v. City of Los Angeles
(9th Cir. 1989) 885 F.2d 1439 . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Thompson v. City of Shasta Lake
(E.D. Cal. 2004) 314 F.Supp.2d 1017 . . . . . . . . . . . . . . . . . . . . . . 17

Tuskowski v. Griffin
(D. Conn. 2005) 359 F.Supp.2d 225 . . . . . . . . . . . . . . . . . . . . . . 12

Urlich v. City and County of San Francisco
(9th Cir. 2002) 308 F.3d 968 . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Village of Willowbrook v. Olech
(2000) 528 U.S. 562 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8-13

Weisbuch v. County of L.A.
(9th Cir. 1997) 119 F.3d 778 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Pts & Auth Supp Def Mtn Dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

West Shield Investigations & Security Consultants v. Superior Court
    (2000) 82 Cal.App.4th 935 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Wilson v. Garcia
    (1985) 471 U.S. 261 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


**STATUTES**

42 U.S.C. Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Code Section 664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

California Government Code Section 945.4 . . . . . . . . . . . . . . . . . . . . . . . . . 17

California Code Civil Procedure Section 340(3) . . . . . . . . . . . . . . . . . . . . . . 7

California Code of Civil Procedure Section 355.1 . . . . . . . . . . . . . . . . . . . 7, 17


**OTHER AUTHORITIES**

Fresno City Charter, Sections 400 and 500. . . . . . . . . . . . . . . . . . . . . . . . . 16

I.   **PRELIMINARY STATEMENT**

Plaintiff Greg Occhinero ( Plaintiff ) initiated the instant action against the City of Fresno, wherein he alleges two causes of action for violation of 42 U.S.C. Section 1983   one claim under the 1st Amendment and one claim under the 14th Amendment. Plaintiff is not a member of a suspect class and Defendant City of Fresno is a municipality.  These facts, while simple, create significant liability hurdles for Plaintiff in his pursuit of a 1983 claim.

Plaintiff is attempting to assert a  class of one  equal protection claim against the City under <u>Village of Willowbrook v. Olech</u> (2000) 528 U.S. 562.  In making this claim, Plaintiff must establish <u>Olech</u> applies to the situation; must allege the elements of a  class of one  claim under <u>Olech</u>; and must allege the elements to establish a claim against the City under <u>Monell v. New York Dept. of Social Services</u> (1978) 436 U.S. 658.  Plaintiff has failed to meet this burden.[1]

In addition, Plaintiff s Section 1983 claim is subject to dismissal or motion to strike based upon the expiration of the statute of limitations.

For purposes of this Motion, Defendant accepts, as it must, the unfounded charges of wrongdoing asserted against it in the Second Amended Complaint. Plaintiff s allegations are, of course, vigorously disputed, but are nonetheless alleged with sufficient factual precision and clarity to establish that no cause of action can be asserted as a matter of law.  Hence, Plaintiff s action fails  for want of facts rather than from a lack of skill in stating them.   <u>Loeffler v. Wright</u> (1910) 13 Cal.App. 224, 232.  In the alternative, certain allegations should be stricken and/or a more definite statement should be required.

////

////

////

---

[1]  Plaintiff also fails to satisfy <u>Monell</u> on his 1st Amendment claim.

Pts & Auth Supp Def Mtn Dismiss

II.    **STATEMENT OF FACTS**

Plaintiff was conducting a recycling business on his parents real property. (Second Amended Complaint SAC , ¶¶ 3 and 7). In 2002, Plaintiff alleges the City of Fresno utilized Municipal Auditing Services ( MAS ) to locate businesses that were not paying business taxes to the City of Fresno. (SAC, ¶ 8). In 2002, Plaintiff asserted the City s use of MAS was an unconstitutional delegation of taxing authority. (SAC, ¶ 8).

According to Plaintiff, <u>in February, 2003</u>, the City of Fresno, through its Code Enforcement Division, began an aggressive campaign against Plaintiff which continued over several months and into 2005. (SAC, ¶ 9).

On <u>June 16, 2003</u>, Plaintiff filed a claim for damages with the City of Fresno. (SAC, ¶ 10; FAC, ¶ 10, Ex. C; RJN, Ex. A). The government claim stated, in part, as follows:

This a claim against the City of Fresno, California, and all responsible persons, . . . for damages suffered due to . . . discrimination including selective enforcement of city ordinances under the fresno municipal city code . . .

* * * * *

2. THIS CLAIM IS FOR . . . DISCRIMINATION INCLUDING SELECTIVE ENFORCEMENT OF THE MUNICIPAL CODE, RESULTING FROM THE ILLEGAL, UNLAWFUL ACTIONS OF THE PARTIES OR PERSONS NAMED ABOVE BETWEEN THE DATES OF JULY 26, 2002 AND THE PRESENT DATE OF JUNE 16, 2003 a.d. FOR WHICH ABOVE NAMED CLAIMANTS HEREBY DEMAND TO BE COMPENSATED FOR EITHER LOSSES AND INJURIES, OR THEY WILL SEEK REMEDY IN A COURT OF COMPETENT JURISDICTION.

* * * * *

EVER SINCE THAT DAY CLAIMANTS HAVE BEEN CONTINUALLY HARASSED BY NUMEROUS IDENTIFIED AND UNIDENTIFIED PERSONS CONNECTED TO, AND WORKING FOR THE CITY OF FRESNO, CALIFORNIA, IN VIOLATION OF THE CLAIMANTS RIGHTS ENUMERATED UNDER THE CALIFORNIA CONSTITUTION UNDER ARTICLE I SECTION § 1, ET SEQUITUR, BASED UPON THE FALSE, FRAUDULENT CLAIM BY SAID PARTIES THAT CLAIMANTS ARE OPERATING A RECYCLING BUSINESS WHICH IS SUBJECT TO THE FRESNO CITY MUNICIPAL CODE, AND ITS CODE ENFORCEMENT AGENTS AND AGENCIES. SAID PERSONS AND PARTIES HAVE BEEN ATTEMPTING BY COERCION, THREATS, AND INTIMATION TO

2                          Pts & Auth Supp Def Mtn Dismiss

EXTORT FEES, FINES AND LICENSES FROM THE CLAIMANTS HEREIN WHICH CLAIMANTS ARE NOT SUBJECT TO BECAUSE THEY ARE NOT NOW AND HAVE NEVER BEEN ENGAGED IN ANY PRIVILEGED ACTIVITY THAT IS SUBJECT TO SUCH FINES FEES, OR LICENSES.  CLAIMANTS HAVE BEEN VISITED NUMEROUS TIMES BY CITY OF FRESNO INSPECTORS, ENFORCEMENT OFFICIALS INCLUDING THE FIRE INSPECTOR OR HIS REPRESENTATIVE, AND HAVE BEEN CITED FOR ALLEGED VIOLATIONS OF THE CITY FIRE CODE, AND OR OTHER MUNICIPAL CODE OR ORDINANCE, ON AT LEAST THREE SEPARATE OCCASIONS, ON 6/2/2003; 6/12/2003; 6/19/2003, BY WHICH THE SAID CITY PERSONNEL, EMPLOYEES, OR OFFICERS HAVE BEEN ATTEMPTING TO EXTORT FUNDS FROM CLAIMANTS WHICH THEY ARE NOT ENTITLED UNDER THE LAW, AS RETRIBUTION FOR CLAIMANTS DEMANDING AND CLAIMING THEIR UNALIENABLE RIGHTS UNDER THE STATE CONSTITUTION, UNDER ARTICLE I., SECTION § 1, WHICH HAS MADE CLEAR TO THE CITY OF FRESNO AND SAID PERSONNEL, EMPLOYEES, AND OFFICERS IN NUMEROUS LETTERS WHICH CLAIMANTS HAVE SENT TO THE SAID PERSONS AS WELL AS TO THE MAYOR OF THE CITY OF FRESNO, Alan Autry, TO WHICH CLAIMANTS HAVE NEVER RECEIVED A DIRECT RESPONSE TO THEIR PLAIN QUESTIONS AS TO THEIR AUTHORITY TO SUPERCEDE THE PROVISIONS OF CALIFORNIA CONSTITUTION ARTICLE I., SECTION § 1, EFFECTIVELY ABOLISHING THE EXPRESS INALIENABLE RIGHTS OF THE CLAIMANTS, AND SUBJECTING CLAIMANTS TO ARBITRARY, CAPRICIOUS, FIAT, WITHOUT ANY NOTICE, AND OPPORTUNITY TO BE HEARD, NOR STATE OR FEDERAL DUE PROCESS OF LAW TO DEFEND AND PROTECT CLAIMANTS SAID INALIENABLE RIGHTS, WHICH CAN NOT BE TAKEN AWAY BY CITY OFFICIALS, PERSONNEL, EMPLOYEES, AGENTS, OR AGENCIES A THEIR WHIM OR WHIMSY.  SINCE THE SAID CONTINUAL VIOLATION OF CLAIMANTS PRIVACY, AND THE CONTINUAL INVASION OF CLAIMANTS PRIVATE PROPERTY LOCATED AT 2680 N. MIAMI AVENUE, FRESNO, CALIFORNIA, CLAIMANTS HAVE BEEN PREOCCUPIED WITH MAKING EFFORTS TO COMPLY WITH THE REQUESTS OF SAID CITY PERSONNEL TO MOVE CERTAIN MATERIALS FORM THE SAID PROPERTY, AND HAVE LOST MANY WORK HOURS DUE TO THE SAID CONTINUAL HARASSMENT, WHICH CLAIMANTS NOW DEMAND TO BE COMPENSATED FOR, AS WELL AS FOR THE EMOTIONAL DISTRESS, AND INCREASED HEALTH PROBLEMS CAUSED BY THE ADDED STRESS BROUGHT ABOUT BY THE SAID CITY PERSONNEL.  CLAIMANTS HAD THEIR WATER TURNED OFF BY THE SAID CITY AGENTS AND AGENCIES WITHOUT ANY DUE PROCESS OF LAW IN VIOLATION OF CLAIMANTS STATE AND FEDERAL RIGHTS TO SAID DUE PROCESS OF LAW WHICH HAS CAUSED CLAIMANTS FURTHER COSTS AND DAMAGED THEM FOR WHICH THEY HEREBY DEMAND COMPENSATION.

(FAC, Ex. C; RJN, Ex. A)

On or about July 14, 2003, Plaintiff filed an amended government claim.

(SAC, ¶ 10; FAC, ¶ 10, Ex. C; RJN, Ex. A).  In the amended government claim,

Plaintiff again reiterated he was seeking damages for the City s acts of

3

discrimination and retaliation, including the selective enforcement of City

Ordinances under the Fresno Municipal Code.  (FAC, Ex. C; RJN, Ex. A).

On <u>July 28, 2003</u>, Plaintiff filed a complaint against the City of Fresno.

(SAC, ¶ 10; RJN, Ex. B).  The complaint stated, in part, as follows:

> 6.  Since plaintiffs sent the defendants a letter in response to the demands of the said TAX REVENUE SUPERVISOR AND  MUNICIPAL AUDITING SERVICES  TO FILL OUT AN APPLICATION FOR A BUSINESS LICENSE, ON AUGUST 30, 2002, PLAINTIFFS HAVE BEEN BELEAGUERED, INUNDATED, HOUNDED AND HARASSED BY EMPLOYEES , AGENTS, OFFICERS, AND AGENCIES OF THE SAID CITY OF FRESNO, CALIFORNIA, FOR ALLEGED INFRACTIONS AND VIOLATIONS OF THE FRESNO MUNICIPAL CODE AND CITY ORDINANCES AS RETRIBUTION, SELECTIVE ENFORCEMENT, AND PUNISHMENT FOR DEMANDING THEIR CONSTITUTIONAL RIGHTS UNDER BOTH STATE AND FEDERAL LAW WHICH IS A CLEAR VIOLATION OF PLAINTIFFS RIGHTS TO EQUAL PROTECTION UNDER THE LAWS, AND EQUAL APPLICATION OF THE LAWS GUARANTEED BY BOTH THE STATE AND FEDERAL CONSTITUTIONS FOR WHICH PLAINTIFFS NOW SEEK REMEDY FOR THE DAMAGES THEY HAVE SUFFERED TUE TO THE SAID HARASSMENT AND SELECTIVE ENFORCEMENT OF ALLEGED CITY ORDINANCES AND MUNICIPAL CODES, WHICH DO NOT APPLY TO PLAINTIFFS WHO ARE NOT ENGAGED IN ANY BUSINESS ACTIVITY WHICH COMES UNDER THE CITY CODE OR ORDINANCES.

(RJN, Ex. B)[2]

On or about November 26, 2003, the City of Fresno obtained an inspection

and abatement warrant to come onto the property.  (SAC, ¶ 11).  On or about

December 8, 2003, Code Enforcement began executing on the warrant and

removed a variety of Plaintiff s materials.  (SAC, ¶ 13).  Thereafter, the City of

Fresno issued a Notice of Public Nuisance Summary Abatement Billing which

assessed charges against Plaintiff s parents for $13,085 for costs incurred in

abating a public nuisance.  (SAC, ¶ 14).  Plaintiff s parents appealed the billing.

(SAC, ¶ 14).

The hearing officer held that the facts did not support a finding of imminent

---

[2]  In response to a pending demurrer, Plaintiff dismissed the State Court action without prejudice on May 18, 2004. (RJN, Ex. C).

Pts & Auth Supp Def Mtn Dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

danger to justify the use of summary abatement procedures; however, the hearing officer did allow the City to recover its abatement costs.  (SAC, ¶ 15).

Plaintiff s parents filed a petition for writ of administrative mandamus, wherein the Superior Court overturned the cost recovery award in favor of the City of Fresno.  (SAC, ¶¶ 16 and 17).

## III.   ARGUMENT

### A.   Plaintiff s Cause of Action for Violation of 42 U.S.C. Section 1983 is Barred by the Statute of Limitations

#### 1.   Standards for Raising an Affirmative Defense Under Rule 12

Pursuant to Rule 12(b)(6), a dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dept. (9th Cir. 1990) 901 F.2d. 696, 699.  Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  See Weisbuch v. County of Los Angeles (9th Cir. 1997) 119 F.3d 778, 783, n.1 [ If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts. ]; see also Coffin v. Safeway, Inc. (D. Ariz. 2004) 323 F.Supp.2d 997, 1000.  Accordingly, in evaluating the sufficiency of a complaint, the court s role is necessarily a limited one, confined to evaluating  not whether a plaintiff will ultimately prevail,  but  whether the claimant is entitled to offer evidence to support the claims.   Scheuer v. Rhodes (1974) 416 U.S. 232, 236, 94 S.Ct. 1683.

As discussed below, Plaintiff s claims are clearly barred by the statute of limitations.

#### 2.   Purpose Behind Statute of Limitations

The purpose of a statute of limitations is to require diligent prosecution of claims, to provide finality in legal affairs, and to assure that claims will be resolved while evidence is reasonably available and fresh. Kaiser Foundation Hospitals v. W.C.A.B. (1985) 39 Cal.3d 57, 62. Statutes of limitations prevent defendants from having to respond to stale claims and rests, in part, on the presumption that a person with a legitimate claim will not delay in enforcing it. Douglas v. Douglas (1951) 103 Cal.App.2d 29, 34-35. Allowing suits based upon remote actions raises all of the problems that statute of limitations and other similar time limitations are designed to address:

> [P]romoting justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

Railroad Telegraphers v. Railway Express Agency, Inc. (1944) 321 U.S. 342, 348-349, 64 S.Ct. 582. Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. Board of Regents v. Tomanio (1980) 446 U.S. 478, 487, 100 S.Ct. 1790. [T]he period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. Delaware State College v. Ricks (1980) 449 U.S. 250, 259-260, 101 S.Ct. 498.

### 3.  Applicable Statute of Limitations

It is well established that federal civil rights claims are personal injury actions because the claims sound in tort. Wilson v. Garcia (1985) 471 U.S. 261, 277-280. Therefore, the appropriate statute of limitations is the limitations period applicable to personal injury claims in the particular state in which the case is filed.

6                    Pts & Auth Supp Def Mtn Dismiss

Jackson v. Cedars-Sinai Medical Center (1990) 220 Cal.App.3d 1315, 1323.  In California, the applicable statute of limitations for civil rights actions brought under 42 U.S.C. § 1983 is the one or two year statute of limitations for personal injury actions, depending on when the underlying acts took place.  Code Civ. Proc. §§ 340(3), 355.1; West Shield Investigations & Security Consultants v. Superior Court (2000) 82 Cal.App.4th 935, 953; City of Huntington Park v. Superior Court (1995) 34 Cal.App.4th 1293, 1297.

Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues.  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action has occurred.  Knox v. Davis (9th Cir. 2001) 260 F.3d 1009, 1013; Collyer v. Darling (6th Cir. 1996) 98 F.3d 211, 220.

Here, Plaintiff alleges adverse actions were taken against him as early as February, 2003, based on his complaints to the City in mid-2002.  (SAC, ¶9)  Moreover, Plaintiff set forth numerous alleged adverse actions that took place between February-July, 2003 in his two government claims and prior lawsuit against the City.  (RJN, Ex. A-C) This civil rights case was filed over two years later.  Therefore, Plaintiff s claims are time barred.

**4.    At a Minimum, Court Should Preclude Allegations of any Alleged Adverse Action Taken Before September 16, 2003**

To the extent the Court does not bar Plaintiff s entire claims on statute of limitations grounds, the Court, at a minimum, should strike/dismiss all portions of the Second Amended Complaint that attempt to invoke liability based on acts that took place prior to September 16, 2003   two years prior to the filing of the Complaint.

////

////

1

**B.   Plaintiff Cannot Maintain a Cause of Action for Violation of 42 U.S.C. Section 1983 as a Matter of Law**

2

3

In pursuing a Section 1983 claim, Plaintiff must plead and prove a violation

of rights protected by the federal constitution or created by federal statute or

4

regulation that was proximately caused by a person acting under the color of state

5

law.  Albright v. Oliver (1994) 510 U.S. 266, 271.  Additional requirements also

6

need to be satisfied when Plaintiff is suing a municipality and when he is alleging an

7

Equal Protection Clause violation.  McCormick v. City of Chicago (7th Cir. 2000)

8

230 F.3d 319, 324;  Hudson v. New York City (2nd Cir. 2001) 271 F.3d 62, 68

9

[Plaintiff must demonstrate intent when asserting a violation under the Equal

10

Protection Clause]; Barren v. Harrington (9th Cir. 1998) 152 F.3d 1193, 1194.

11

Section 1983 is essentially a procedural or remedial device through which a party

12

may seek relief for the deprivation of a constitutional or federal right.

13

14

**1.   Plaintiff Cannot Maintain a Claim Under the Equal Protection Clause**

15

To state a claim under 42 U.S.C. Section 1983 for a violation of the Equal

16

Protection Clause, a plaintiff must show that the defendant acted with an intent or

17

purpose to discriminate against plaintiff based upon membership in a protected

18

class.  Barren v. Harrington (9th Cir. 1998) 152 F.3d 1193, 1194; Serrano v.

19

Francis (9th Cir. 2003) 345 F.3d 1071, 1082.  Intentional discrimination means that

20

a defendant acted at least in part because of plaintiff s protected status.  Id.

21

Plaintiff does not allege that he is a member of a protected class.   Instead,

22

Plaintiff attempts to assert a  class of one  equal protection claim against the City

23

under Olech, supra, 528 U.S. at 562.

24

25

**a.   Olech Does Not Apply to this Situation**

26

Plaintiff must first establish that Olech applies to these facts.  Olech involved

27

property owners who wished to be connected to the municipal water supply.

28

Although the municipality typically required a fifteen-foot easement for this service,

8

1
2
3
4
5
6

it demanded thirty-three feet from the plaintiffs.  Plaintiffs claimed that the demand

for the additional easement was  irrational and wholly arbitrary.    Olech, supra,

528 U.S. at 563.  In a short per curiam opinion, the Court affirmed the class-of-one

theory, finding that the purpose of equal protection  is to secure every person

within the State s jurisdiction against intentional and arbitrary discrimination.    Id.

at 564.

7
8
9
10
11
12

In a two-paragraph concurrence, Justice Breyer expressed concern that Olech

would transform ordinary violations of state or local law into constitutional cases.

See Id. at 565-66.  The concurrence noted that because zoning decisions almost

always treat one landowner differently than another,   one might claim that, when

the city s zoning authority takes an action that fails to conform to a city zoning

regulation, it lacks  rational basis.    Id. at 565.

13
14
15
16
17
18

In the wake of Olech, lower courts have struggled to define the parameters

of class-of-one cases.  All have recognized that, unless carefully circumscribed, the

concept of a class-of-one equal protection claim could effectively provide a federal

cause of action for review of almost every executive and administrative decision

made by state actors.  As stated by the court in Jennings v. City of Stillwater (10th

Cri. 2004) 383 F.3d 1199, 1211:

19
20
21
22
23
24

> It is always possible for persons aggrieved by government action to
> allege, and almost always possible to produce evidence, that they
> were treated differently from others, with regard to everything from
> zoning to licensing to speeding to tax evaluation.  It would become the
> task of federal courts and juries, then, to inquire into the grounds for
> differential treatment and to decide whether those grounds were
> sufficiently reasonable to satisfy equal protection review.  This would
> constitute the federal courts as general-purpose second-guessers of
> the reasonableness of broad areas of state and local decision making:
> a role that is both ill-suited to the federal courts and offensive to state
> and local autonomy in our federal system.

25
26
27
28

An insistence that all government officials be able to provide articulable

reasonable grounds for every difference in treatment would open almost every low-

level decision to attack, and play havoc with the daily operation of government.  Id.

9                   Pts & Auth Supp Def Mtn Dismiss

As the Court in <u>Cain v. Tigard-Tualatin School District</u> (D. Or. 2003) 262 F.Supp.2d 1120, 1130 properly indicated:   The Supreme Court [in <u>Olech</u>] would have spoken more clearly if it intended to extend the reach of the Fourteenth Amendment s Equal Protection Clause to every instance of arbitrary state action. Plaintiff s all-encompassing interpretation of <u>Olech</u> would grant relief to any person who was singled out by a state official.   Such a reading extends well beyond the limits of the Fourteenth Amendment, and has been rejected by Courts in applying the <u>Olech</u> decision.   See, e.g., <u>Cain</u>, <u>supra</u>, 262 F.Supp.2d at 1130-1131 [dismissed equal protection claim by student that he was singled out by school in retaliation for a complaint by his parents]; <u>Campagna v. Com. Of Mass. Dept. of Environmental Protection</u> (D. Mass. 2002) 206 F.Supp.2d 120, 126-127 [dismissed equal protection claim by employee based on allegations that he was treated differently than other similarly situated employees]; <u>Jennings</u>, <u>supra</u>, 383 F.3d at 1210.

The Court in <u>Campagna</u> discussed its concerns with <u>Olech</u> as follows:

> While this theory may have some viability in certain contexts, if supported by adequate allegations, the applicability of the  class of one  theory to an employment-based equal protection claim seems dubious.  <u>Olech</u> itself was a discriminatory zoning case, and Justice Brewer in his separate concurrence expressed concern about transforming  run-of-the-mill zoning cases into cases of constitutional right.    528 U.S. at 566, 120 S.Ct. 1073.  In this case, if plaintiff is correct on the law, any public employee convinced that someone similarly situated is being treated more favorably could sue his or her employer under the Fourteenth Amendment for a violation of equal protection. <u>Since practically every employee, public or private, is bound to be convinced at some point that he or she is getting the short end of the stick, it is not hard to imagine the bee hive of constitutional litigation that would be generated by this variant of the  class of one  doctrine.  It seems unlikely that the Supreme Court intended such a dramatic result in its *per curiam* opinion in Olech</u>. [Emphasis added.]

In <u>Macone v. Town of Wakefield</u> (1st Cir. 2002) 277 F.3d 1, 10, the court expressed its extreme reluctance in applying  class of one  equal protection claims to local planning decisions:

////

10                    Pts & Auth Supp Def Mtn Dismiss

1
2
3
4
5
6
7
8
9

> Every appeal by a disappointed developer from an adverse ruling by a local Massachusetts planning board necessarily involves some claim that the board exceeded, abused, or distorted its legal authority in some manner, often for some allegedly perverse (from the developer s point of view) reason. It is not enough simply to give these state law claims constitutional labels such as due process or equal protection in order to raise a substantial federal question under section 1983. Creative Env ts, Inc. 680 F.2d at 833; see also Nestor Colón Medina, 964 F.2d at 44-45 (citing Vill. Of Belle Terre v. Boraas, 416 U.S. 1, 12, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974) (Marshall, J. dissenting) ( If disgruntled permit applicants could create constitutional claims merely by alleging that they were treated differently from a similarly situated applicant, the correctness of virtually any state permit denial would become subject to litigation in federal court. Limiting such claims is essential to prevent federal courts from turning into zoning board[s] of appeals. ) Appellants fail to raise a claim that persuades us to depart from this longstanding policy.

10
11
12

Thus, the first hurdle that Plaintiff must get past is that Olech applies to claims of differential treatment by those who question the mechanism by which the City requires business owners to have business licenses.

13
14
15
16
17
18
19
20
21

There is no right under the constitution to have a law go unenforced against you. Futernick v. Sumpter Township (6th Cir. 1996) 78 F.3d 1051, 1056. The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Allred s Produce v. U.S. Dept. of Agriculture (5th Cir. 1999) 178 F.3d 743, 748. Olech was not intended to create an equal protection claim whenever a person is treated differently or singled out by a government entity. To do so, would lead to a proliferation of lawsuits. In sum, the holding of Olech should not be expanded to allow Plaintiff to state a Section 1983 Equal Protection Claim.

22
23

**b.   Plaintiff Cannot Satisfy the Elements of Olech**

24
25
26
27

Even assuming the Court were to apply the Olech class of one theory to Plaintiff s claims, Plaintiff must allege that: (1) he was selectively treated compared with others similarly situated; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in

28

1  treatment.  Campagna, supra, 206 F.Supp.2d at 127; Barrington Cove v. Rhode

2  Island Housing (1st Cir. 2001) 246 F.3d 1, 7.   Plaintiff s allegations are insufficient.

### (1)    Plaintiff Fails to Allege he was Treated Differently Than Others Similarly Situated

To state a claim under Olech, Plaintiff must allege that he has been treated

differently from others similarly situated.  Equal protection emphasizes disparity in

treatment between classes of individuals whose situations are  arguably

indistinguishable.   Jennings, supra, 383 F.3d at 1213.  Thus, to prevail the

Plaintiff must allege that the government is treating unequally those individuals who

are prima facie identical in all respects.  Albiero v. City of Kankakee (7th Cir. 2001)

246 F.3d 927, 932; Lumbreras v. Roberts (D. Or. 2004) 319 F.Supp.2d 1191,

1213.  Thus, to be similarly situated, the individuals must be similarly situated in all

material respects.  Tuskowski v. Griffin (D. Conn. 2005) 359 F.Supp.2d 225, 228.

In his Complaint, Plaintiff does not allege any facts to support his claim of

differential treatment compared to others similarly situated.  In his claim, he alleges

in conclusory fashion that he was treated differently than any other person or entity

that has exercised his or its First Amendment right to challenge a municipal law,

regulation or practice or has collected materials for recycling and resale.  (SAC,  ¶

21) These allegations are deficient to show that the other members are prima facie

identical in all material respects.   Thus, such allegations are deficient to state a

claim.  See Campagna, supra, 206 F.Supp.2d at 127 [dismissal of equal protection

claim based on insufficient allegations]; Economic Opportunity Commission v.

County of Nassar (E.D. NY 2000) 106 F.Supp.2d 433, 440 [dismissing equal

protection claim for failing to identify others alleged to have been similarly situated];

Barrington, supra, 246 F.3d at 8.

As stated by the Court in Campagna:

Accepting the allegations of the complaint, plaintiff was treated
differently from Lally and Recoulee, and was treated inappropriately
and unfairly.  However, while inappropriate and unfair treatment may

12                     Pts & Auth Supp Def Mtn Dismiss

give rise to a common law or statutory cause of action in some circumstances, it does not, by itself constitute a violation of the Fourteenth Amendment.  See Dartmouth Review, 889 F.2d at 19 (noting that to survive motion to dismiss,  appellants obligation was to identify and relate specific instances where persons similarly situated  in all relevant respects  were treated differently. ) <u>To survive a threshold motion to dismiss on his equal protection claim, plaintiff must allege facts that would support a finding that he was  similarly situated  to Lally and Recoulee for purposes of the Fourteenth Amendment.</u>  He has not done, and cannot do, this. [Emphasis added].

Id. at 127.  See also Barrington, supra, 246 F.3d at 9-10 [mandating specificity in complaint so civil rights litigants cannot drag a defendant past the pleading threshold with baseless claims].

Thus, even if the Court applies Olech, Plaintiff s claim is subject to dismissal.

### 2. Plaintiff Failed to Allege that the City s Actions Were Irrational

The second criterion to a  class of one  equal protection claim requires a plaintiff to demonstrate that  there is no rational basis for the difference in treatment.   Olech 528 U.S. at 564; Inturri v. City of Hartford (D. Conn. 2005) 365 F.Supp.2d 240, 252.  A decision  can be considered irrational  only when the decision maker  acts with no legitimate reason for its decision.   Harlen Associates v. Village of Mineola (2nd Cir. 2001) 273 F.3d 494, 500; Rossi v. West Haven Board of Education (D. Conn. 2005) 359 F.Supp.2d 178, 183.  The action must be  wholly arbitrary.   Inturri, supra 365 F.Supp.2d at 252.  As the Ninth Circuit has indicated,  the rational-basis inquiry is a very lenient one.   RUI ONE Corp. v. City of Berkley (9th Cir. 2004) 371 F.3d 1137, 1156-7.

Thus, the Court s inquiry on this element of the claim is a narrow one:  Olech does not empower federal courts to review government actions for correctiveness.   Bizzarro v. Miranda (2nd Cir. 2005) 394 F.3d 82, 88-89.  Rational basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness or logic of legislative choices.   Inturri, supra, 365 F.Supp.2d at 251.  In fact, there is a strong presumption that municipal employees properly

13

discharged their official duties.  See California Code Section 664; Stemler v. City of Florence (6th Cir. 1997) 126 F.3d 856, 873.

Based on the foregoing, Plaintiff has not sufficiently alleged that there was no rational basis in the alleged difference in treatment.

Thus, even assuming that Plaintiff is allowed to maintain an Olech claim, he has not sufficiently alleged the prerequisites for such a claim.  In addition, Plaintiff has not satisfied the requirements under Monell.

### C.   Plaintiff Cannot Maintain a Claim Against a Municipality Under Either Cause of Action

Plaintiff cannot transform an ordinary tort or contract claim into a Section 1983 claim simply because the action was undertaken by a municipality.  Davis v. Bucher (9th Cir. 1988) 853 F.2d 718, 720 [ The mere fact that the allegedly tortuous conduct was performed by a state actor does not support its characterization as a constitutional wrong. ]  Plaintiff comes to this Court alleging facts that appear to try to hide the fact he is seeking state law claims in the guise of a civil rights violation.

Even if Plaintiff could somehow allege a constitutional violation, in order to find a municipality liable under Section 1983, Plaintiff must prove that a municipal policy or custom caused her injury.  Abbott v. Village of Winthrop Harbor (7th Cir. 2000) 205 F.3d 976, 981;  Looper Maintenance Service v. City of Indianapolis (7th Cir. 1999) 197 F.3d 908, 912.  This is because municipalities are answerable only for their own decisions and policies and are not vicariously liable for the constitutional torts of their agents.  Id.; Monell v. New York Department of Social Services (1978) 436 U.S. 658, 691.  As stated by the United States Supreme Court in Monell:

A local government may not be sued under section 1983 for injury afflicted solely by its employees or agents.  Instead, it is when execution of a government s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

14                         Pts & Auth Supp Def Mtn Dismiss

1

> represent official policy, inflicts the injury that the government as an
> entity is responsible under section 1983.

2

Id. at 694.

3

Thus, municipalities cannot be held liable for damages under Section 1983

4

unless a governmental policy or custom caused the alleged constitutional violation.

5

6

Id. at 694; Looper Maintenance Service v. City of Indianapolis (7th Cir. 1999) 197
F.3d 908, 912.

7

Courts have identified three ways in which a municipality can be held liable

8

to a plaintiff for a civil rights violation resulting from government policy: (1) an

9

express policy that, when enforced, causes a constitutional deprivation; (2) the

10

constitutional injury was caused by a person with final policymaking authority, or

11

(3) a widespread practice that, although not authorized by written law or express

12

municipal policy, is so permanent, widespread and well settled as to constitute a

13

custom or usage with the force of law.  Abbott, supra, 205 F.3d at 981;

14

Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439, 1443-4.

15

16

> Thus, to prevail on a § 1983 complaint against a local government
> under *Monell*, a plaintiff must satisfy a three-part test:

17

18

> A.    The local government official(s) must have intentionally violated the
> plaintiff s constitutional rights;

19

> B.    The violation must be a part of policy or custom and may not be an
> isolated incident; and

20

> C.    A nexus must link the specific policy or custom to the plaintiff s injury.

21

See Monell, supra, 436 U.S. at 690-692.  Plaintiff has not alleged the existence of

22

a defined policy that operated to violate his civil rights.  In paragraphs 22-24 of the

23

Second Amended Complaint, Plaintiff alleged that there was some policy, but has

24

not articulated what that policy is. See Henrise v. Horvath (N.D. Tex 2000) 94

25

Supp.2d 768, 770 [ The description of a policy or custom and its relationship to

26

the underlying constitutional violation, moreover, cannot be conclusory; it must

27

contain specific facts. ]

28

Pts & Auth Supp Def Mtn Dismiss

Moreover, the alleged actions of a Code Enforcement Inspector are not an official policy.  An official policy is a deliberate choice of a guiding principle or procedure made by a municipal official who has final policymaking authority regarding such matters.  Bechtel v. City of Belton (8th Cir. 2001) 250 F.3d 1157, 1160.   The  official policy  requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.    Urlich v. City and County of San Francisco (9th Cir. 2002) 308 F.3d 968, 984.  Plaintiff sets forth no allegations that Israel Trejo, a Code Enforcement inspector, established a municipal policy in issuing a Notice of Inspection/Abatement, or that he was the highest official responsible for setting such policy.  The Fresno City Charter vests final policymaking authority in the Mayor and the City Council.  Fresno City Charter, Sections 400 and 500.   See Anthony v. City of New York (2nd Cir. 2003) 339 F.3d 129, 139 [Police Sergeant does not have final decision making authority.]; Brown v. Neumann (11th Cir. 1999) 188 F.3d 1289, 1290 [Deputy Sheriff not policymaker]; Bechtel v. City of Belton (8th Cir. 2001) 250 F.3d 1157, 1161 [ Fire Chief not final policymaker].   When an official s discretionary decisions are constrained by policies not of that official s making, those policies, rather than the subordinate s departures from them, are the acts of the municipality.   City of St. Louis v. Praprotnik (1988) 485 U.S. 112, 127 [mid-level supervisor who retaliates against an employee in violation of City Charter is not setting city policy so as to give rise to Section 1983 liability]; see also Carrero v. New York City Housing Authority (2d Cir. 1989) 890 F.2d 569, 577 [project superintendent s discretion in training and evaluation did not constitute policymaking authority of the Housing Authority.]

Thus, Plaintiff cannot maintain a Section 1983 claim as a matter of law as against the City of Fresno because there is no factual basis on which to do so. Spiller v. City of Texas City, Police Dep t. (5th Cir. 1997) 130 F.3d 162, 167 [The

16                    Pts & Auth Supp Def Mtn Dismiss

description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory]; <u>Henrise v. Horvath</u> (N.D. Tex. 2000) 94 F.Supp.2d 768, 769-70 [rejecting conclusory allegations of municipal policy and custom.]

### D.   This Court Should Strike Numerous Allegations in the Second Amended Complaint

#### 1.   Alleged Adverse Actions Taken Before September 16, 2003

The longest potential statute of limitations is two years.  See California Code of Civil Procedure Section 355.1; California Government Code, Section 945.4).  Therefore, Plaintiff should be precluded from asserting any claims based on events that took place prior to September 16, 2003.

To the extent that Plaintiff attempts to utilize the continuing violations doctrine to salvage his claim, his contention is misplaced.

As the United States Supreme Court in <u>National R.R. Passenger Corp. v. Morgan</u> (2002) 536 U.S. 101, 122 S. Ct. 2061 makes clear, the continuing violation doctrine does not apply to discrete acts, even if they are related to other acts which are not time barred.  <u>Id.</u> at 113.  The Ninth Circuit and this District has applied <u>Morgan</u> to Section 1983 actions.  See <u>RK Ventures, Inc. v. City of Seattle</u> (9th Cir. 2002) 307 F.3d 1045, 1061 [rejecting plaintiff s analogy of a hostile work environment claim to a claim where a municipality subjected plaintiff to a pattern of hostile or harassing conduct, concluding that the latter were discrete acts, actionable on their own, rather than a series of separate acts that collectively constituted one unlawful practice]; <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbara</u> (9th Cir. 2003) 344 F.3d 822 [rejecting the continuing violation theory where plaintiff alleged seven incidents of selective enforcement by City, in violation of his equal protection rights, finding that the incidents were discrete acts]; <u>Thompson v. City of Shasta Lake</u> (E.D. Cal. 2004) 314 F.Supp.2d 1017, 1027.

17                    Pts & Auth Supp Def Mtn Dismiss

Thus, all the alleged adverse actions taken by the City before September 16, 2003, are time barred, even if such acts are closely related to other discrete acts occurring after September 16, 2003.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff s Second Amended Complaint pursuant to Rule 12(b)(6); or in the alternative, order a more definite statement and strike certain portions pursuant to Rule 12(e) and 12(f).

Dated: January 12, 2006                     Respectfully submitted,

BETTS & WRIGHT

By  /s/ Joseph D. Rubin
          Joseph D. Rubin
Attorneys for Defendant
CITY OF FRESNO

## PROOF OF SERVICE

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled cause or matter. My business address is P. O. Box 28550 [7108 N. Fresno Street, Suite 460], Fresno, California. On January 12, 2006, I served **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT S MOTION TO DISMISS SECOND AMENDED COMPLAINT; FOR MORE DEFINITE STATEMENT; AND TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT** on the parties in this action by placing an original/a true copy in an envelope and delivering it as follows:

_____ **(By Overnight Courier)** I caused such envelope with postage fully prepaid, to be sent by _____.

_____ **(By Mail)** I deposited the envelope, with postage fully prepaid, with the United States Postal Service at Fresno, Fresno County, California.

_X__ **(By Mail)** I placed the envelope for collection and processing for mailing following this business ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____ **(By Hand)** I caused each envelope to be delivered by hand.

Each envelope was addressed as follows:

Charles L. Doerksen, Esq.
2100 Tulare Street, Suite 410
Fresno, CA 93721

___ **(By Telecopy)** I caused each document to be sent by telecopier to the aforementioned number(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 12, 2006, at Fresno, California.

/s/ Laurie K. Freer
Laurie K. Freer

Pts & Auth Supp Def Mtn Dismiss