1  **BETTS & WRIGHT, A Professional Corporation**
   Attorneys at Law
2  P.O. Box 28550
   Fresno, California 93729-8550
3  Telephone: (559) 438-8500
   Facsimile:  (559) 438-6959
4
   James B. Betts (State Bar #110222)
5  Joseph D. Rubin (State Bar #149920)

6  Attorneys for Defendant CITY OF FRESNO

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  GREG OCCHIONERO,                  ) Case No. 1:05-CV-01184-AWI-SMS
                                      )
12              Plaintiff,            )       REPLY MEMORANDUM OF
                                      )       POINTS AND  AUTHORITIES IN
13       v.                           )       FURTHER SUPPORT OF
                                      )       DEFENDANT S MOTION TO
14  CITY OF FRESNO, and DOES 1 through)       DISMISS SECOND AMENDED
    40, inclusive,                    )       COMPLAINT; FOR MORE
15                                    )       DEFINITE STATEMENT; AND TO
                Defendants.           )       STRIKE PORTIONS OF THE
16                                    )       SECOND AMENDED COMPLAINT
    _____ )
17                                          [F.R.C.P. Rules 12(b)(6), 12(e),
                                            12(f) and 12(g)]
18
                                            DATE:     February 27, 2006
19                                          TIME:     1:30 p.m.
                                            CTRM:     2    8th Floor
20

21

22

23

24

25

26

27

28

**I.   PRELIMINARY STATEMENT**

From the opposition, it does not appear that the parties are divergent on the law regarding the statute of limitations or the elements of an Olech  class of one claim.  However, there remains a significant dispute as to whether Plaintiff can maintain such a claim.

**II.   ARGUMENT**

**_____A.   Plaintiff Cannot Maintain a Cause of Action for Violation of 42 U.S.C. Section 1983 for Acts Taken Prior to September 16, 2003_____**

It appears from the opposition that the parties agree to the following:

1.   The applicable statute of limitations for civil rights actions brought under 42 U.S.C. § 1983 is the one or two year statute of limitations for personal injury actions, depending on when the underlying acts took place.  Code Civ. Proc. §§ 340(3), 355.1; West Shield Investigations & Security Consultants v. Superior Court (2000) 82 Cal.App.4th 935, 953 (Opp., 10:11-13);

2.   A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action has occurred.  Knox v. Davis (9th Cir. 2001) 260 F.3d 1009, 103; RK Ventures, Inc. v. City of Seattle (9th Cir. 2002) 307 F.3d 1045, 1058-59 [claim accrues when the  operative decision  is made, not when the  inevitable consequences result.](Opp., 10:25-27);

3.   The continuing violations doctrine does not apply to discrete acts, even if they are related to other acts which are not time barred.  See RK Ventures, Inc. v. City of Seattle (9th Cir. 2002) 307 F.3d 1045, 1061; Carpinteria Valley Farms, Ltd. v. County of Santa Barbara (9th Cir. 2003) 344 F.3d 822 [ . . . we have applied *Morgan* to bar § 1983 claims predicated on discrete time-barred acts, not-withstanding that

those acts are related to timely-filed claims. ]; <u>Thompson v. City of Shasta Lake</u> (E.D. Cal. 2004) 314 F.Supp.2d 1017, 1027 [In sum, any discrete, allegedly discriminatory acts are time-barred even if they enjoy a close relation to other discrete acts falling within the statute of limitations.] (Opp. 11:20-23);

4.    Time barred acts may have potential evidentiary admissibility (Opp., 8:15-17).

However, the parties disagree whether the Court, in ruling on a Rule 12 motion, has the authority to dismiss and/or strike discrete acts which are barred by the statute of limitations.

This exact issue was addressed by this District Court in <u>Neveu v. City of Fresno</u> (E.D. Cal. 2005) 392 F.Supp.2d 1159, 1174-76, 1186.  In ruling on the issue in response to a Rule 12 motion, the Court dismissed the action as to discrete acts that were time barred:

> Insofar as Plaintiff s § 1983 claims are based on incidents of failure to promote that occurred before November 1, 2002 Defendants  Motion to Dismiss is **GRANTED**.  This ruling has no bearing on the evidentiary admissibility of such prior acts or omissions, which must be separately determined.

<u>Id</u>. at 1176.

\* \* \* \* \*

> Defendants  Motion to Dismiss pursuant to Rule 12(b)(6):

> (1) Plaintiff s § 1983 claims insofar as they are based on adverse employment actions occurring before November 1, 2002 is **GRANTED** with prejudice.

<u>Id</u>. at 1186.

Plaintiff filed his Complaint on September 16, 2005.  Plaintiff alleges adverse actions were taken against him as early as <u>February, 2003</u>, based on his complaints to the City in mid-2002.  (SAC, ¶ 9) Moreover, Plaintiff set forth numerous alleged adverse actions that took place between <u>February-July, 2003</u> in his two

1
2
3

government claims and prior lawsuit against the City.  (RJN, Exs. A-C)    Thus, any adverse action taken before September 16, 2003 is time barred, and should be dismissed.

4
5

> **2.    Plaintiff Cannot Maintain a 1983 Claim Based on a Violation Of The Fourteenth Amendment**

6

> **a.    Olech Does Not Apply to This Situation**

7
8
9
10

In opposition, Plaintiff cites a number of Ninth Circuit cases that have allowed a  class of one  theory to proceed.  (Opp. 13:2-17:20)   This does not mean that Olech should be applied to this specific situation, or that the concerns of other Circuits should not be considered.

11
12
13
14
15
16
17

First, there is a significant question whether a claim under the Equal Protection Clause can even be maintained regardless of Olech.  The opposition makes clear that Plaintiff is not claiming he was classified on the basis of some forbidden characteristic, but only that he was treated differently because he complained that the City improperly delegated its taxing authority to another entity. (Opp. 3:10-24) Alleged retaliation based upon free speech implicates the First Amendment, not the Equal Protection Clause.

18
19
20
21
22
23
24
25
26
27
28

Many Circuits have held that First Amendment claims cannot be recast as Equal Protection claims.  See Kirby v. City of Elizabeth City (4th Cir. 2004) 388 F.3d 440, 447 [The claims based on the allegation that Kirby was treated differently in retaliation for his speech are, at their core, free-speech retaliation claims that do  not implicate the Equal Protection Clause. ]; Bernheim v. Litt (2nd Cir. 1996) 79 F.3d 318, 323 [ We know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination. ]; R.S.W.W., Inc. v. City of Keego Harbor (6th Cir. 2005) 397 F.3d 427, 439-440 [Retaliation claim does not arise under Equal Protection Clause.]; Watkins v. Bowden (11th Cir. 1997) 105 F.3d 1344, 1354 [ A pure or generic

Pts & Auth Supp Def Mtn Dismiss

1
2
3
4

retaliation claim, however, simply does not implicate th Equal Protection Clause. ];
Boyd v. Illinois State Police (7th Cir. 2004) 384 F.3d 888, 898 [ . . . the right to be free from retaliation may be vindicated under the First Amendment . . . but not the equal protection clause. ].

5
6
7
8
9

　　　The Ninth Circuit has not specifically addressed the issue, but recognized the split among Circuits.  Gilbrook v. City of Westminster (9th Cir. 1999) 177 F.3d 839, 870, fn. 16.  Although in Carpinteria Valley v. City of Santa Barbara (9th Cir. 2003) 344 F.3d 822, 830, the Court, without analysis, allowed the Equal Protection Claim to proceed.

10
11
12
13
14
15

　　　It is the City s contention that this Court should follow the great weight of authority that a garden variety retaliation claim based upon free speech does not implicate the Equal Protection Clause.  Moreover, even if such a claim can be asserted under the Equal Protection Clause, Plaintiff has not cited any authority which indicates that any complaint about the manner in which a government undertakes its business can be the basis of an Olech claim.

16
17

　　　Recently, the Seventh Circuit expressed its concern about the scope of  class of one  equal protection cases as follows:

18
19
20
21
22

　　　　These are cases in which the plaintiff does not claim to be a member
　　　　of a class that the defendant discriminates against, but argues only
　　　　that he is being treated arbitrarily worse than someone or ones
　　　　identically situated to him.  If that is the law and any unexplained or
　　　　unjustified disparity in treatment by public officials is therefore to be
　　　　deemed a prima facie denial of equal protection, endless vistas of
　　　　federal liability are opened.  Complete equality in enforcement is
　　　　impossible to achieve; nor can personal motives be purged from all
　　　　official action.

23

Lauth v. McCollum (7th Cir. 2005) 424 F.3d 631, 633.

24
25
26

　　　Olech was not intended to create an equal protection claim whenever a person is treated differently or singled out by a government entity.  To do so, would lead to a proliferation of lawsuits.

27
28

4

**b.**    **Plaintiff Cannot Satisfy the Elements of Olech**

Even assuming the Court were to apply an <u>Olech</u>  class of one  theory to Plaintiff s claims, Plaintiff must still properly allege that: (1) he was intentionally treated differently from others similarly situated; and (2) there is no rational basis for the difference of treatment.  <u>Thornton v. City of St. Helens</u> (9th Cir. 2005) 425 F.3d 1158, 1167.  In opposition, Plaintiff agrees that these are the elements of an <u>Olech</u> claim.  (Opp., 15:10-15)

To be similarly situated, individuals must be prima facie identical in all material respects.  In opposition, Plaintiff contends that he is not in a position to identify those individuals who are similarly situated.  Such an assertion does not obviate Plaintiff s pleading requirements.

In his claim, Plaintiff alleges in conclusory fashion that he was treated differently than any other person or entity that has exercised his or its First Amendment right to challenge a municipal law, regulation or practice or has collected materials for recycling and resale.  (SAC, ¶ 21)  These allegations are completely deficient to show that the other members are prima facie identical in all material respects.  Plaintiff has not even alleged sufficient allegations to compare  apples to apples  as indicated in his opposition papers.  Thus, such allegations are deficient to state a claim.  See <u>Campagna v. Com. of Mass. Dept. of Env. Protection</u> (D. Mass. 2002) 206 F.Supp.3d 120, 127 [dismissal of equal protection claims based on insufficient allegations]; <u>Economic Opportunity Commission v. County of Nassar</u> (E.D. NY 2000) 106 F.Supp.2d 433, 440 [dismissing equal protection claim for failing to identify others alleged to have been similarly situated]; <u>Barrington Cove v. Rhode Island Housing</u> (1st Cir. 2001) 246 F.3d 1, 9-10 [mandating specificity in complaint so civil rights litigants cannot drag a defendant past the pleading threshold with baseless claims].

Thus, even if the Court applies <u>Olech</u>, Plaintiff s claim is subject to dismissal.

Pts & Auth Supp Def Mtn Dismiss

1

### c.   Plaintiff Cannot Maintain a Claim Against a Municipality Under Either Cause of Action

2

3

In opposition, Plaintiff appears to agree to the requirements of <u>Monell</u>, but he

still cannot point to any allegations that a policy has been identified.

4

5

As stated by the Court in <u>Neveu</u>:

6

7

However, Plaintiff s conclusory allegations regarding the purported policy implemented and/or created by Defendant DYER do not define or describe what that policy is.

8

* * * * *

9

10

11

12

However, Defendants correctly note that the alleged actions of Defendant DYER in a specific case are not *per se* an official policy. (Doc. 28, Def.s Reply 6).  Just as Plaintiff fails to state a claim against the CITY because he fails to identify the CITY s policy by describing a pattern or practice, Plaintiff also fails to state a claim against Defendant DYER in his official capacity for failing to define the same purported policy.  Alleging that DYER had policy-making authority without defining the policy and its operation is not sufficient.

13

<u>Neveu</u>, <u>supra</u>, 392 F.Supp.2d at 1178-9.

14

15

_____Plaintiff s allegations are conclusory and deficient.  Therefore, the motion to

dismiss should be granted.

16

17

### III.   CONCLUSION

18

For the foregoing reasons and for those reasons articulated in the moving

19

papers, Defendant respectfully requests that this Court dismiss Plaintiff s Second

20

Amended Complaint pursuant to Rule 12(b); or in the alternative, order a more

21

definite statement pursuant to Rule 12(e).  In addition, this Court should strike the

22

requested provisions of Plaintiff s Second Amended Complaint.

23

24

Dated: February 17, 2006              Respectfully submitted,

25

BETTS & WRIGHT

26

By   /s/ Joseph D. Rubin

27

Joseph D. Rubin
Attorneys for Defendant

28

CITY OF FRESNO

## PROOF OF SERVICE

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled cause or matter.  My business address is P. O. Box 28550 [7108 N. Fresno Street, Suite 460], Fresno, California.  On February 17, 2006, I served **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT S MOTION TO DISMISS SECOND AMENDED COMPLAINT; FOR MORE DEFINITE STATEMENT; AND TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT** on the parties in this action by placing an original/a true copy in an envelope and delivering it as follows:

_____ **(By Overnight Courier)** I caused such envelope with postage fully prepaid, to be sent by _____.

_____ **(By Mail)** I deposited the envelope, with postage fully prepaid, with the United States Postal Service at Fresno, Fresno County, California.

_X__ **(By Mail)** I placed the envelope for collection and processing for mailing following this business  ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____ **(By Hand)**I caused each envelope to be delivered by hand.

Each envelope was addressed as follows:

Charles L. Doerksen, Esq.
2100 Tulare Street, Suite 410
Fresno, CA 93721


___ **(By Telecopy)** I caused each document to be sent by telecopier to the aforementioned number(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 17, 2006, at Fresno, California.

/s/ Laurie K. Freer
Laurie K. Freer

Pts & Auth Supp Def Mtn Dismiss