UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG OCCHIONERO,<br><br>        Plaintiff,<br>  v.<br><br>CITY OF FRESNO,<br><br>        Defendant. | 1:05-cv-1184-AWI-SMS<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD (DOC. 33)<br><br>ORDER DIRECTING THE CLERK TO UPDATE THE DOCKET TO REFLECT PLAINTIFF'S PRO SE STATUS AND ADDRESS |

INFORMATIONAL ORDER TO PLAINTIFF

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

Plaintiff's complaint was filed on September 16, 2005.

The Court has reviewed the motion to withdraw as attorney of record for Plaintiff filed by Charles L. Doerksen, Plaintiff's attorney, on October 6, 2006, served electronically on counsel for Defendant and served by mail upon Plaintiff. The motion includes a declaration of attorney Doerksen. Neither Plaintiff nor Defendant has filed any opposition or other response to the motion. By separate orders, the Court initially vacated the

hearing on the motion due to clerical error but thereafter vacated that order, further determined that the motion is appropriately heard on the papers alone, and deemed the matter submitted to the Court for decision.

Attorney Doerksen declares that on October 6, 2006, Plaintiff Greg Occhionero was notified in writing and by service by mail of the decision to withdraw and of the bringing of this motion. Plaintiff's name, address, and telephone number are stated in the moving papers.

I. <u>Motion to Withdraw</u>

The grounds of the motion are a conflict concerning fundamental differences regarding how the action is to be handled, and a personality clash in the attorney-client relationship. Doerksen declares that a breakdown has occurred; he has discussed his desire to withdraw with Plaintiff, and he understands that Plaintiff will not oppose the motion.

Local Rule 83-182(d) provides that an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. Further, it requires that the attorney provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Here, Plaintiff's address is stated in the moving papers. Local Rule 83-182 further states that withdrawal of the attorney is governed by the Rules of Professional Conduct of the State Bar of California, and that the attorney shall conform to the requirements of those Rules.

1    Rule of Professional Conduct 3-700(C)(1)(d) permits
2 withdrawal if the client by his or her conduct renders it
3 unreasonably difficult for the member to carry out the employment
4 effectively; Rule 3-700(C)(6) permits withdrawal if the member
5 believes in good faith in a proceeding pending before a tribunal
6 that the tribunal will find he existence of good cause for
7 withdrawal. Rule 3-700(A) provides in substance that a member
8 must obtain permission to withdraw if rules of a tribunal require
9 it.
10    Here, Doerksen has established the breakdown in the
11 attorney-client relationship; thus, grounds for withdrawal exist.
12 He has notified the client of the instant motion in writing.
13 Further, a proof of service shows that the motion and declaration
14 were served on October 6, 2006, on Plaintiff at the address
15 given. Warren has provided the address and telephone number of
16 the client.
17     A scheduling conference is presently set for January 10,
18 2007, at 9:00 a.m. in Courtroom 7 before the Honorable Sandra M.
19 Snyder, United States Magistrate Judge. The parties have been
20 directed to file a new <u>joint</u> scheduling conference report one
21 week prior to the scheduling conference.
22    Because the moving attorney has shown grounds for withdrawal
23 and has complied with the applicable rules, the motion of
24 attorney Charles L. Doerksen to withdraw as attorney for
25 Plaintiff IS GRANTED.
26    II. <u>Updating the Docket</u>
27    Because the withdrawal of counsel results in Plaintiff's
28 proceeding pro se in this action, the Clerk of Court IS DIRECTED

3

1 TO UPDATE the docket to reflect Plaintiff's pro se status; his
2 last known address of 757 Laverne Avenue, Clovis, California
3 93611; and his telephone number of (559) 292-9210.
4        III. <u>Informational Order to Plaintiff</u>
5        **Plaintiff IS INFORMED that failure to take appropriate legal**
6 **action may result in serious legal consequences, and**
7 **consideration of obtaining legal assistance is strongly advised.**
8        **Plaintiff is further advised that regardless of whether or**
9 **not Plaintiff is represented by counsel, Plaintiff will be**
10 **expected to comply with all the requirements and deadlines stated**
11 **in the Court's order of October 20, 2006, including appearing**
12 **personally (unless Plaintiff has previously retained counsel who**
13 **has substituted in as counsel of record) at the scheduling**
14 **conference presently set for January 10, 2007, at 9:00 a.m., and**
15 **further cooperating in preparing a joint scheduling conference**
16 **statement due to be filed one week before the scheduling**
17 **conference.**
18        **Further, Plaintiff will be expected to comply with the**
19 **pertinent Federal Rules of Civil Procedure. As a party appearing**
20 **<u>in propria persona</u>, Plaintiff is also required by Local Rule 83-**
21 **183(b) to notify the Clerk and all other parties of any change of**
22 **address or telephone number.**
23        **A failure to comply with an order of the Court may result in**
24 **a recommendation that the action be dismissed or in other**
25 **sanctions. Local Rule 11-110.**
26 IT IS SO ORDERED.
27 **Dated:   November 6, 2006**                     /s/ Sandra M. Snyder
   icido3                                     UNITED STATES MAGISTRATE JUDGE
28