UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG OCCHIONERO, | ) 1:05-cv-1184-AWI-SMS |
| | ) |
|     Plaintiff, | ) ORDER VACATING THE COURT'S ORDER |
|   v. | ) GRANTING THE MOTION OF COUNSEL TO |
| | ) WITHDRAW (DOC. 41) |
| CITY OF FRESNO, | ) |
| | ) ORDER GRANTING THE MOTION OF |
|     Defendant. | ) COUNSEL TO WITHDRAW (DOC. 33) |
| | ) |
| | ) ORDER DIRECTING THE CLERK TO |
| | ) UPDATE THE DOCKET |

INFORMATIONAL ORDER TO PLAINTIFF

    Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

    I. <u>Background</u>

    Plaintiff's complaint was filed on September 16, 2005. On October 6, 2005, Plaintiff counsel filed a motion to withdraw as attorney of record that was initially noticed for November 3, 2006, and was eventually reset for November 17, 2006. When the period for filing opposition defined by Local Rule 78-230(c) passed, the docket did not reflect that either Plaintiff or

1 Defendant had filed any opposition or other response to the
2 motion. On November 6, 2006, the Court initially vacated the
3 hearing on the motion due to clerical error but thereafter on
4 November 6, 2006, vacated that order and further determined that
5 the motion was appropriately heard on the papers alone, and
6 deemed the matter submitted to the Court for decision. On the
7 same date, Plaintiff's opposition, which bears a mechanical file
8 stamp of November 3, 2006, was docketed. On November 7, the
9 Court's order signed on November 6, 2006, granting the motion to
10 withdraw, was docketed.
11      It is not clear whether or not the opposition of Plaintiff
12 was timely filed, but the Court will assume for the purposes of
13 the motion to withdraw that it was timely filed on November 3,
14 2006, as the mechanical file stamp indicates.
15      There is no proof of service of the opposition to the
16 motion; for that reason, the Court could strike the opposition
17 and not consider it at all. However, in an abundance of caution
18 for the interests of the Plaintiff, the undersigned Magistrate
19 Judge has reviewed the opposition and will summarize it in this
20 order so that no parties to this action remain uninformed of the
21 Plaintiff's position. <u>The Court notes, however, that any further</u>
22 <u>papers filed without an appropriate proof of service will be</u>
23 <u>stricken.</u>
24      Plaintiff does not request a hearing. The Court concludes
25 that its earlier decision to consider the motion on the papers
26 pursuant to Local Rule 78-230(h), was appropriate.
27      The Court notes that the declaration of Attorney Doerksen
28 establishes that on October 6, 2006, Plaintiff Greg Occhionero

was notified in writing and by service by mail of counsel's decision to withdraw and of the bringing of this motion. Plaintiff's name, address, and telephone number are stated in the moving papers.

II. <u>Motion to Withdraw</u>

The grounds of the motion are a conflict concerning fundamental differences regarding how the action is to be handled, and a personality clash in the attorney-client relationship. Doerksen declares that a breakdown has occurred; he has discussed his desire to withdraw with Plaintiff, and he understands that Plaintiff will not oppose the motion.

Local Rule 83-182(d) provides that an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. Further, it requires that the attorney provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Here, Plaintiff's address is stated in the moving papers. Local Rule 83-182 further states that withdrawal of the attorney is governed by the Rules of Professional Conduct of the State Bar of California, and that the attorney shall conform to the requirements of those Rules.

Rule of Professional Conduct 3-700(C)(1)(d) permits withdrawal if the client by his or her conduct renders it unreasonably difficult for the member to carry out the employment effectively; Rule 3-700(C)(6) permits withdrawal if the member believes in good faith in a proceeding pending before a tribunal

3

1 that the tribunal will find he existence of good cause for
2 withdrawal. Rule 3-700(A) provides in substance that a member
3 must obtain permission to withdraw if rules of a tribunal require
4 it.
5     Here, the declaration of counsel establishes that for about
6 two months, issues constituting fundamental differences regarding
7 how the action is to be handled have arisen; further, there is a
8 personality clash. The matter has been discussed by counsel and
9 Plaintiff; counsel understood that Plaintiff did not desire the
10 withdrawal but would not oppose it; Plaintiff, on the other hand,
11 apparently determined to oppose the motion.
12     Plaintiff makes argument concerning the motion, but he has
13 not submitted any evidentiary material in support of his
14 opposition. Plaintiff appears to contend that there is a
15 disagreement as to strategy and approach to the litigation; he
16 and counsel are still communicating, so there is no total
17 breakdown; Plaintiff desires aggressive pursuit of litigation
18 until most of the discovery and analysis of the case in light of
19 that discovery is completed; counsel should not be allowed to
20 abandon the case simply because a client refuses to give up
21 unspecified clear, substantive rights.
22     The Court concludes that it is clear that a breakdown in
23 communication has occurred and that it affects even the simplest
24 of matters, such as Plaintiff's position on the filing of
25 opposition. Further, it appears that counsel has concluded that
26 the conflict or differences concerning the subject of the
27 representation are serious, fundamental, and affect the substance
28 of the action. Although counsel declares that he is willing

4

1 further to explain the fundamental differences in confidence, he
2 does not wish to do so in a public document. The Court
3 appreciates counsel's sense of confidentiality and discretion.
4 However, given counsel's characterization, as well as Plaintiff's
5 own characterization of the disputes as directly affecting what
6 Plaintiff characterizes as his clear, substantive rights, the
7 Court concludes that the differences are fundamental, and further
8 considering the breakdown in communication between Plaintiff and
9 his counsel, the Court concludes that grounds for withdrawal have
10 been established.
11     Thus, the motion will be granted.
12     Plaintiff requests that counsel be required to obtain
13 Plaintiff's consent or, in the absence thereof, compensate
14 Plaintiff for any fees and costs associated with getting new
15 counsel familiar with the case, which Plaintiff estimates would
16 take 160 or more hours.
17     With respect to Plaintiff's request that present counsel be
18 required to pay the fees of incoming counsel, Plaintiff cites to
19 no agreement or other factual basis that would make such an award
20 appropriate. Local Rule 83-182(d) provides, "Leave to withdraw
21 may be granted subject to such appropriate conditions as the
22 Court deems fit." Counsel affirmatively states in his declaration
23 that the disputes between counsel and Plaintiff did not concern
24 payment for counsel's time. It does not appear that there are any
25 unusual circumstances or that there is any basis for requiring
26 Plaintiff's counsel to pay Plaintiff or Plaintiff's new counsel
27 as a condition of withdrawal.
28 ///

5

1  III. <u>Case Management</u>
2  A. <u>Scheduling</u>
3  Plaintiff states that after new counsel is found, new
4  counsel will then have to take fifteen or twenty depositions,
5  hire experts, and deal with dispositive motions; Plaintiff states
6  it will cost $30,000.00. Further, Plaintiff seeks ten weeks in
7  which to secure legal representation and an additional twelve to
8  fifteen weeks to bring new counsel up to speed. Thus, Plaintiff
9  requests that the Court vacate the current scheduling order,
10 vacate the trial date, and set a new case management conference
11 for early March 2007. Plaintiff states that this amount of time
12 will permit him to find new counsel and will allow new counsel to
13 prepare a viable and reasonable case schedule.
14     Plaintiff also asks for a seventy-five day stay of all
15 currently set discovery activities.
16     Plaintiff's case has been pending for slightly over a year.
17 The pleadings were not quiet until March 2006, and initial
18 exchange of information had not occurred in April 2006. (See,
19 Joint Scheduling Report of April 14, 2006, Ex. A, p. 1.) No trial
20 date is presently scheduled, and the Court has set a new
21 scheduling conference for January 10, 2007, at 9:00 a.m. in
22 Courtroom 7 before the Honorable Sandra M. Snyder, United States
23 Magistrate Judge. The parties have been directed to file a new
24 <u>joint</u> scheduling conference report one week prior to the
25 scheduling conference.
26     The Court concludes that the presently set date for a
27 scheduling conference of January 10, 2007, should not be
28 disturbed; Plaintiff will have over sixty days within which to

6

obtain counsel of record and for counsel to participate in the preparation of a joint scheduling report; if Plaintiff has not obtained counsel by that time, Plaintiff is free to seek a continuance of the scheduling conference by noticed motion for good cause shown.

Further, there is no basis at this time for a stay of discovery because it does not appear that any discovery is occurring at this time.

### B. Updating the Docket

Because the withdrawal of counsel results in Plaintiff's proceeding pro se in this action, the record must be updated to reflect Plaintiff's address. Plaintiff's address as stated on Plaintiff's opposition is no longer 757 Laverne Avenue, Clovis, California 93611, but rather is 2680 Miami Street, Fresno, California, 93727; and his telephone number is (559) 292-9210.

The Clerk IS DIRECTED to update the docket to reflect the Miami Street address and the telephone number of Plaintiff.

### IV. Informational Order to Plaintiff

**Plaintiff IS INFORMED that failure to take appropriate legal action may result in serious legal consequences, and consideration of obtaining legal assistance is strongly advised.**

**Plaintiff is further advised that regardless of whether or not Plaintiff is represented by counsel, Plaintiff will be expected to comply with all the requirements and deadlines stated in the Court's order of October 20, 2006, including appearing personally (unless Plaintiff has previously retained counsel who has substituted in as counsel of record) at the scheduling conference presently set for January 10, 2007, at 9:00 a.m., and**

7

1  **further cooperating in preparing a joint scheduling conference**
2  **statement due to be filed one week before the scheduling**
3  **conference.**
4  **Further, Plaintiff will be expected to comply with the**
5  **pertinent Federal Rules of Civil Procedure. As a party appearing**
6  <u>**in propria persona**</u>**, Plaintiff is also required by Local Rule 83-**
7  **183(b) to notify the Clerk and all other parties of any change of**
8  address or telephone number.
9  **A failure to comply with an order of the Court may result in**
10 a recommendation that the action be dismissed or in other
11 **sanctions. Local Rule 11-110.**
12 IT IS SO ORDERED.
13 **Dated:   November 13, 2006**               /s/ Sandra M. Snyder
   icido3                                 UNITED STATES MAGISTRATE JUDGE