# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG OCCHIONERO, ) | 1:05-cv-1184-LJO-SMS |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S MOTION |
| v. ) | FOR LEAVE TO FILE A THIRD AMENDED |
| ) | COMPLAINT AND DIRECTING PLAINTIFF |
| CITY OF FRESNO, ) | TO FILE THE THIRD AMENDED |
| ) | COMPLAINT, WITH COPIES OF |
| Defendant. ) | EXHIBITS, NO LATER THAN TEN DAYS |
| ) | AFTER THE DATE OF SERVICE OF THIS |
| ) | ORDER (DOC. 49) |

ORDER DIRECTING DEFENDANT TO
RESPOND TO THE THIRD AMENDED
COMPLAINT NO LATER THAN TWENTY
DAYS AFTER THE DATE OF SERVICE OF
THE COMPLAINT

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c) and 72-303. Pending before the Court is Plaintiff's motion for leave to file a third amended complaint, filed on January 27, 2007, and supported by a memorandum of law, a declaration of M. Jeffery Kallis, a proposed third amended complaint, and a proposed order. Defendant filed a notice of non-opposition on February 23, 2007, in which Defendant

1

1 requested that as part of the Court's order granting the motion,

2 Plaintiff be directed to file the exhibits to the third amended

3 complaint because they would likely be of assistance to the Court

4 and the parties in adjudicating an anticipated Rule 12 motion.

5      Plaintiffs' second amended complaint was filed on December

6 23, 2005. It alleged pursuant to 42 U.S.C. § 1983 that in 2002

7 and 2003 Defendant violated Plaintiff's right to the equal

8 protection of the laws by enforcing the municipal code

9 differently with respect to Plaintiff than as to other similarly

10 situated persons and in retaliation for Plaintiff's exercise of

11 his First Amendment rights. Plaintiff complained of Defendant's

12 procedures in issuing notices, summarily abating a nuisance, and

13 enforcing a warrant in connection with code enforcement that

14 resulted in removal of Plaintiff's materials from the premises of

15 a business and in attempts to collect over $13,000 in costs of

16 the Defendant's summary abatement of a claim nuisance claims.

17      By separate order, the Court has vacated the hearing on the

18 motion and has deemed the motion submitted to the Court for

19 decision on the papers.

20      II. <u>Leave to File a Third Amended Complaint</u>

21      Fed. R. Civ. P. 15(a) provides in pertinent part:

22      A party may amend the party's pleading once as a
        matter of course at any time before a responsive
23      pleading is served or, if the pleading is one to which
        no responsive pleading is permitted and the action has
24      not been placed upon the trial calendar, the party
        may so amend it at any time within 20 days after it
25      is served. Otherwise a party may amend the party's
        pleading only by leave of court or by written consent
26      of the adverse party; and leave shall be freely given
        when justice so requires....

27

28 Although the rule is to be construed liberally, leave to amend is

1  not automatically granted. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d

2  1385, 1387 (9th Cir.1990). In determining whether the Court

3  should exercise its discretion to allow amendments, the following

4  factors should be considered: (1) whether the movant unduly

5  delayed seeking leave to amend, or acted in bad faith or with

6  dilatory motive; (2) whether the party opposing amendment would

7  be unduly prejudiced by the amendment; 3) whether there have been

8  repeated failures to cure, and (4) whether amendment would be

9  futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230

10 (1962).

11       Plaintiff seeks to add a claim for violation of the Fifth

12 and Fourteenth Amendment due process clause because of a lack of

13 a pre-deprivation or post-deprivation hearing, and of the Fifth

14 Amendment takings clause due to a taking of his property for

15 public use without compensation and without a clear and imminent

16 danger. Plaintiff also seeks to change the amount of damages

17 sought in the prayer for relief from $500,000 to $700,000.

18       The scheduling order of January 17, 2007, reflects that

19 discovery does not close until July 2007, and Plaintiff's motion

20 was made within the stated pleadings amendment deadline of

21 February 14, 2007. No prejudice is claimed by Defendant. No claim

22 of futility is asserted by Defendants. The newly alleged and

23 previously alleged claims appear to arise out of the same series

24 of events or transactions.

25       Accordingly, the Court exercises its discretion to grant

26 Plaintiff's motion.

27       With respect to Defendant's request that Plaintiff be

28 directed to attach the exhibits to the proposed third amended

3

1   complaint, the Court notes that the proposed third amended

2   complaint refers to approximately six exhibits, consisting of

3   notices, requests, reports, complaints, and decisions. Local Rule

4   15-220 states that all changed pleadings shall contain copies of

5   all exhibits referred to in the changed pleading; permission may

6   be obtained from the Court, if desired, for the removal of any

7   exhibit or exhibits attached to prior pleadings in order that the

8   same may be attached to the changed pleading.

9       In this instance, Plaintiff has not requested any assistance

10  in connection with exhibits. In accordance with the requirements

11  of the local rule, the Court will direct Plaintiff to comply with

12  Local Rule 15-220 and to file copies of all exhibits referred to

13  in the third amended complaint that will be filed pursuant to

14  this order.

15      Therefore, it IS ORDERED that

16      1) Plaintiff's motion for leave to file a third amended

17  complaint IS GRANTED; and

18      2) Plaintiff IS DIRECTED TO FILE AND SERVE no later than ten

19  days after the date of service of this order the third amended

20  complaint, including all exhibits referred to in the third

21  amended complaint; and

22      3) Defendants SHALL RESPOND to the third amended complaint

23  no later than twenty days after the date of service of the third

24  amended complaint.

25  IT IS SO ORDERED.

26  **Dated:    March 5, 2007**                    **/s/ Sandra M. Snyder**
    icido3                                         UNITED STATES MAGISTRATE JUDGE

27

28

4