1    **BETTS & WRIGHT, A Professional Corporation**
     Attorneys at Law
2    P.O. Box 28550
     Fresno, California 93729-8550
3    Telephone: (559) 438-8500
     Facsimile:  (559) 438-6959
4
     James B. Betts (State Bar #110222)
5    Joseph D. Rubin (State Bar #149920)

6    Attorneys for Defendant CITY OF FRESNO

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10
     GREG OCCHIONERO,                    ) Case No. 1:05-CV-01184-LJO-SMS
11                                        )
                   Plaintiff,            )     MEMORANDUM OF POINTS AND
12                                        )     AUTHORITIES IN SUPPORT OF
          v.                             )     DEFENDANT S MOTION TO
13                                        )     DISMISS THIRD AND FOURTH
     CITY OF FRESNO, and DOES 1 through  )     CAUSES OF ACTION IN THIRD
14   40, inclusive,                      )     AMENDED COMPLAINT; FOR
                                          )     MORE DEFINITE STATEMENT;
15                 Defendants.           )     AND TO STRIKE PORTIONS OF
                                          )     THE THIRD AMENDED
16   _____ )     COMPLAINT

17                                             [F.R.C.P. Rules 12(b)(1)(2)(6),
                                               12(e), 12(f) and 12(g)]
18
                                               DATE:     May 9, 2007
19                                             TIME:     8:30 a.m.
                                               CTRM:     4   7th Floor
20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    PRELIMINARY STATEMENT

Plaintiff Greg Occhinero ( Plaintiff ) initiated the instant action against the City of Fresno, wherein he initially alleged two causes of action for violation of 42 U.S.C. Section 1983    one claim under the 1st Amendment and one claim under the Equal Protection Clause of the 14th Amendment. Over <u>sixteen</u> months later, Plaintiff attempts to assert additional theories of recovery based upon the Takings Clause and for procedural due process.  These additional theories cannot be asserted against Defendant City of Fresno.

As to Plaintiff s Section 1983 claim based upon the Takings Clause, this Court is without subject matter jurisdiction as the claim is not ripe.  Plaintiff has not alleged, nor can he in good faith allege, that he pursued available remedies under state law prior to pursuing this claim.

His procedural due process claim likewise fails, as it is based on the same facts as his takings claim.  Merely re-labeling his takings claim as one for due process does not change the requirement that Plaintiff must pursue state remedies before attempting to assert a claim in federal court.

At a minimum, Plaintiff needs to provide additional allegations to support these claims.  Additionally, the Court should strike allegations relating to punitive damages as against the City of Fresno.

For purposes of this Motion, Defendant accepts, as it must, the unfounded charges of wrongdoing asserted against it in the Third Amended Complaint. Plaintiff s allegations are, of course, vigorously disputed, but are nonetheless alleged with sufficient factual precision and clarity to establish that no cause of action can be asserted as a matter of law.  Hence, Plaintiff s action fails  for want of facts rather than from a lack of skill in stating them.    <u>Loeffler v. Wright</u> (1910) 13 Cal.App. 224, 232.

////

////

## II.   STATEMENT OF FACTS

Plaintiff was conducting a recycling business on his parents real property. (Third Amended Complaint TAC , ¶¶ 3 and 7).  In 2002, Plaintiff alleges the City of Fresno utilized Municipal Auditing Services ( MAS ) to locate businesses that were not paying business taxes to the City of Fresno.  (TAC, ¶ 8).  In 2002, Plaintiff asserted the City s use of MAS was an unconstitutional delegation of taxing authority.  (TAC, ¶ 8).

According to Plaintiff, in February, 2003, the City of Fresno, through its Code Enforcement Division, began an aggressive campaign against Plaintiff which continued over several months and into 2005.  (TAC, ¶ 9).  During this period, the City attempted to have Plaintiff correct problems on the property so that it complied with the site plan, the Fresno Municipal Code and the Fresno Fire Code. (TAC, Ex. B)

Because of Plaintiff s continued noncompliance, on or about November 26, 2003, the City of Fresno obtained an inspection and abatement warrant to come onto the property.  (TAC, ¶ 11).  On or about December 8, 2003, Code Enforcement began executing on the warrant and removed a variety of Plaintiff s materials.  (TAC, ¶¶ 13, 34-35, 44-45).

Plaintiff believes the replacement or market value of the seized material exceeded $70,000.  (TAC, ¶¶ 36, 46)

## III.   ARGUMENT

### A.   Standards to be Applied

#### 1.   Motion to Dismiss

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding (1984) 467 U.S. 69, 73; Balistreri v. Pacifica Police Department (9th Cir.

1990) 901 F.2d 696, 699.  A Rule 12(b)(6) dismissal can be based on the failure

to allege a cognizable legal theory or the failure to allege sufficient facts under a

cognizable legal theory.  <u>Robertson v. Dean Witter Reynolds, Inc.</u> (9th Cir. 1984)

749 F.2d 530, 533-34.  In considering a motion to dismiss, the court must accept

as true the allegations of the complaint in question, construe the pleading in the

light most favorable to the party opposing the motion, and resolve all doubts in the

pleader s favor.  <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u> (1976) 425 U.S. 738,

740;  <u>Jenkins v. McKeithen</u> (1969) 395 U.S. 411, 421.[1]

### 2.    Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike

from   any pleading any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter.    The purpose of a Rule 12(f) motion is to avoid

the costs that arise from litigating spurious issues by dispensing with those issues

prior to trial.  <u>Sidney-Vinstein v. A. H. Robins Co.</u> (9th Cir. 1983) 697 F.2d 880,

885.  Immaterial matter is defined as matter that   has no essential or important

relationship to the claim for relief or the defenses being pleaded.    <u>Fantasy, Inc. v.

Fogerty</u> (9th Cir. 1993) 984 F.2d 1524, 1527, *rev d on other grounds*, 510 U.S.

517 (1994).  Impertinent matter is defined as   statements that do not pertain, and

are not necessary, to the issues in question.    <u>Fantasy, Inc.</u> 984 F.2d at 1527.

Granting a motion to strike may be proper if it will make the trial less complicated

or if allegations being challenged are so unrelated to plaintiff s claims as to be

unworthy of any consideration and that their presence in the pleading will be

prejudicial to the moving party.  <u>Id</u>.

////

////

---

[1] Federal Rules of Civil Procedure, Rule 12(b)(1), (2), also allow for dismissal based upon a lack of subject matter or personal jurisdiction.

Pts & Auth Supp Def Mtn Dismiss

1

2

3. **Motion for a More Definite Statement**

3        If a pleading to which a responsive pleading is permitted is so vague or

4 ambiguous that a party cannot reasonably be required to frame a responsive

5 pleading, the party may move for a more definite statement before interposing a

6 responsive pleading.   Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is proper only if

7 the complaint is so indefinite that the defendant cannot ascertain the nature of the

8 claim being asserted.  See Federal Sav. and Loan Ins. Corp. v. Musacchio (N.D. Cal.

9 1988) 695 F.Supp. 1053, 1060; Famolare, Inc. v. Edison Bros. Stores, Inc. (E.D.

10 Ca. 1981) 525 F.Supp. 940, 949.

11

12        **B.     Plaintiff Cannot Maintain his Fourth Cause of Action for Violation of
           42 U.S.C. Section 1983 based on the Takings Clause as a Matter of
           Law**

13        Whether a claim is ripe for review bears on the court s subject matter

14 jurisdiction under Article III of the Constitution.  Batemen v. City of West Bountiful

15 (10th Cir. 1996) 89 F.3d 704, 706; Del Monte Dunes at Monterey, Ltd. v. City of

16 Monterey (9th Cir. 1990) 920 F.2d 1496, 1500 [ Whether appellants  constitutional

17 claims are ripe for review presents a question of law affecting our subject matter

18 jurisdiction. ].  Under Article III, a federal court is prohibited from entertaining a

19 case in which the issues are not yet ripe.  Prairie Band of Potawatomi Indians v.

20 Pierce (10th Cir. 2002) 253 F.3d 1234, 1241.  If a claim is unripe, federal courts

21 lack subject matter jurisdiction, and the complaint must be dismissed.  Arnett v.

22 Myers (6th Cir. 2002) 281 F.3d 552, 562.

23        In general, a takings claim must be exhausted in state court before it may be

24 brought in federal court.  See Williamson County Reg l Planning Comm n v.

25 Hamilton Bank of Johnson City (1985) 473 U.S. 172, 195 [a takings claim is not

26 ripe until the plaintiff has pursued all available remedies under state law and has

27 been denied just compensation].  Batemen, supra, 89 F.3d at 708 [ Because the

28

4

1
2
3
4
5

Fifth Amendment does not require compensation to be paid before a deprivation

occurs . . . a taking is not complete until the State fails to provide just

compensation for the property. ] The state s action is not complete in the sense of

causing a constitutional injury unless or until the state fails to provide an adequate

post-deprivation remedy for the property loss.

6
7

In <u>Miller v. Campbell County</u> (10th Cir. 1991) 945 F.2d 348, 352, the Tenth

Circuit described the issue as follows:

8
9
10
11
12
13
14
15

> The Fifth Amendment does not prohibit the government from taking its
> citizens  property; it merely prohibits the government from taking
> property without paying just compensation.  U.S. Const. amend. V.
> Before a federal court can properly determine whether the state has
> violated the Fifth Amendment, the aggrieved property owner must
> show first that the state deprived him of his property, and second,
> that the state refused to compensate him for his loss.  See <u>Williamson
> County Regional Planning Comm n v. Hamilton Bank of Johnson City</u>
> (1985) 473 U.S. 172, 194-97.  **In those states that allow aggrieved
> property owners to bring an inverse condemnation action in order to
> recover compensation for property taken by the state, a Fifth
> Amendment takings claim is not ripe until the aggrieved property
> owner  has used the procedure and been denied just compensation.
> Id. at 195.** [Emphasis added.]

16
17
18
19
20
21
22

Here, the State of California provides an adequate remedy for takings

violations, i.e., an inverse condemnation proceeding.  The California Constitution

prohibits the taking of private property for public use without just compensation,

and California State Courts have long allowed recovery through suits for inverse

condemnation.  See California Constitution, Art. I, Sec. 19; Code of Civil Procedure

Sections 1230.010, et seq.; <u>Chhour v. Community Redevelopment Agency</u> (1996)

46 Cal.App.4th 273, 277-286; <u>Eli v. California</u> (1975) 46 Cal.App.3d 233, 235.

23
24
25
26
27

Unless and until Plaintiff avails himself of this remedy under California law,

his takings claim will remain unripe.  <u>Jones Intercable of San Diego, Inc. v. City of

Chula Vista</u> (9th Cir. 1996) 80 F.3d 320, 324 [affirming dismissal of takings claim

on ripeness grounds because state inverse condemnation was still pending]; <u>Austin

v. City and County of Honolulu</u> (9th Cir. 1987) 840 F.2d 678, 680 [affirming

28

Pts & Auth Supp Def Mtn Dismiss

1
2
3
4

dismissal of takings claim because plaintiff failed to bring inverse condemnation

action in state court]; <u>Miller v. Campbell County</u> (10th Cir. 1991) 945 F.2d 348,

352 [holding that failure to invoke Wyoming inverse condemnation procedure

before seeking federal court relief renders case unripe for consideration].

5
6
7
8
9
10
11
12
13
14

     In sum, in <u>Williamson</u>, the Supreme Court held that a takings claim under the

Fifth Amendment was unripe unless the plaintiff avails himself of the state

procedure for seeking just compensation and is denied just compensation.  473

U.S. at 194-97; see also <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>

(1999) 526 U.S. 687, 721 [ A federal court . . . cannot entertain a takings claim

under § 1983 unless or until the complaining landowner has been denied an

adequate postdeprivation remedy. ].  The Third Amended Complaint makes no

allegation that Plaintiff has availed himself of any state procedure and that he was

denied just compensation under such a procedure.  Thus, Plaintiff s takings claim

should be dismissed as unripe.

15
16
17

     **C.**    **Plaintiff Cannot Maintain his Third Cause of Action for Violation of 42
U.S.C. Section 1983 Based on Procedural Due Process as a Matter of
Law**

18
19
20
21
22
23
24
25
26
27
28

     To proceed under the due process clause, Plaintiff s preliminary hurdle is

Ninth Circuit precedent barring due process challenges to the deprivation of

property.  In <u>Armendariz v. Penman</u> (9th Cir. 1996) 75 F.3d 1311, the Ninth Circuit

blocked a substantive due process challenge to a rent control ordinance, reasoning

that  where a particular amendment provides an explicit textual source of

constitutional protection against a particular sort of government behavior, that

Amendment, not the more generalized notion of  substantive due process,  must be

the guide for analyzing these claims.   <u>Id</u>. at 1319 (internal quotations omitted).

Hence, the court barred plaintiffs from resorting to the due process clause because

their claims concerned conduct that was  the type of government action the . . .

Fifth Amendment[ ] regulates.   <u>Id</u>. at 1324.

       Pts & Auth Supp Def Mtn Dismiss

In the Ninth Circuit, due process claims must still satisfy <u>Williamson</u> if they relate to, or arise form, a takings claim.  See <u>Norco Construction, Inc. v. King County</u> (9th Cir. 1986) 801 F.2d 1143, 1145; <u>Harris v. County of Riverside</u> (1990) 904 F.2d 497, 500-01.  Hence, Plaintiff cannot avoid <u>Williamson</u> merely by labeling its claims   due process violations.

Plaintiff s procedural due process claim, which is based on exactly the same facts as his takings claim, is similarly precluded by the availability of a state postdeprivation remedy.  See <u>Rocky Mountain Materials & Asphalt, Inc. v. Board of County Comm rs</u> (10th Cir. 1992) 972 F.2d 309, 311.  Plaintiff s more generalized takings claim premised on a violation of the Fourteenth Amendment s Due Process Clause is subsumed by his more particular takings claim premised on a violation of the Fifth Amendment s Just Compensation Clause.

Following the Supreme Court s directive in <u>Graham v. Connor</u> (1989) 490 U.S. 386, 395, courts have consistently held that:

> Because the Just Compensation Clause of the Fifth Amendment imposes very specific obligations upon the government when it seeks to take private property, we are reluctant in the context of a factual situation that falls squarely within the clause to impose new and potentially inconsistent obligations upon the parties under the substantive or procedural components of the Due Process Clause.  It is appropriate . . . to subsume the more generalized Fourteenth Amendment due process protections within the more particularized protections of the Just Compensation Clause.

<u>Miller v. Campbell County</u> (10th Cir. 1991) 945 F.2d 348, 352 [procedural due process]; <u>Rocky Mountain Materials & Asphalt, Inc. v. Bd. ov County Comm rs of El Passo County</u> (10th Cir. 1992) 972 F.2d 309, 311 [In denying procedural due process claim, the court stated:  This alleged deprivation is exactly the same one that Rocky Mountain asserts has resulted in the complete taking of its property without just compensation in violation of the Fifth Amendment.  The two alleged losses are coextensive. ]; <u>Bateman</u>, <u>supra</u>, 89 F.3d at 709 [holding plaintiff s due process and equal protection claims are subsumed within the more particularized

protections of the Takings Clause]; <u>Taylor Investment Ltd. v. Upper Darby Township</u> (3d Cir. 1992) 983 F.2d 1285, 1292-95 [applying Williamson finality rule to procedural due process claims]; <u>Bigelow v. Michigan Dept. of Natural Resources</u> (6th Cir. 1992) 970 F.2d 154, 159-60 [procedural due process claim, based on an allegation of no hearing before  a deprivation of a property interest, is subject to the finality rule]; <u>The John Corporation v. The City of Houston</u> (5th Cir. 2000) 214 F.3d 573, 585-6.

When a plaintiff alleges that it was denied a property interest without due process, and the loss of that property interest is the same loss upon which the plaintiff s takings claim is based, it must utilize the remedies applicable to the takings claim in order to satisfy the ripeness requirement.  In this case, because Plaintiff s procedural due process claim is premised on the same allegations as his unlawful taking, it too is premature.  The unripe takings claim renders the ancillary due process claim unripe as well.  Thus, until Plaintiff has pursued his remedies in state court, a federal court cannot make a complete determination as to his allegations of procedural due process.  Entertaining these claims would allow Plaintiff to circumvent the ripeness doctrine.  Accordingly, this Court should dismiss Plaintiff s cause of action for procedural due process violations.

**D.    In the Alternative, This Court Should Order a More Definite Statement**

If the Court does not dismiss Plaintiff s claim pursuant to Rule 12(b)(1), (2) or (6), it should require a more definite statement pursuant to Rule 12(e).  As the previous sections demonstrate, Plaintiff s allegations are so vague and conclusory that the City of Fresno cannot adequately respond to the allegations.  See <u>Crawford-EL v. Britton</u> (1998) 523 U.S. 574, 597-8, 118 S.Ct. 1584, 1596-1597; <u>Judge v. City of Lowell</u> (1st Cir. 1998) 160 F.3d 67, 74, fn. 9.  At this point, it is impossible to discern the basis of Plaintiff s claims against the City.

Therefore, at a minimum, the Court should require Plaintiff to amend her allegations to provide a more definite statement of her claim.

**E.     This Court Should Strike Numerous Allegations in the Third Amended Complaint**

**1.     Punitive Damages as to City of Fresno**

Plaintiff s Third Amended Complaint seeks exemplary damages as against the City of Fresno.  These punitive damage claims are barred under both state and federal law.  See California Government Code § 818; City of Newport v. Fact Concerts, Inc. (1981) 453 U.S. 247, 259-260, 271; Ferguson v. City of Phoenix (9th Cir. 1997) 157 F.3d 668, 671.  As a result, the allegations should be stricken.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff s Third Amended Complaint pursuant to Rule 12(b)(1)(2)(6); or in the alternative, order a more definite statement and strike certain portions pursuant to Rule 12(e) and 12(f).


Dated: April 5, 2007                    Respectfully submitted,

                                        BETTS & WRIGHT


                                        By   /s/ Joseph D. Rubin
                                              Joseph D. Rubin
                                        Attorneys for Defendant
                                        CITY OF FRESNO

## PROOF OF SERVICE

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled cause or matter.  My business address is P. O. Box 28550 [7108 N. Fresno Street, Suite 460], Fresno, California.  On April 5, 2007, I served **MEMORANDUM OF POINTS AND  AUTHORITIES IN SUPPORT OF DEFENDANT S MOTION TO DISMISS THIRD AND FOURTH CAUSES OF ACTION IN THIRD AMENDED COMPLAINT; FOR MORE DEFINITE STATEMENT; AND TO STRIKE PORTIONS OF THE THIRD AMENDED COMPLAINT** on the parties in this action by placing an original/a true copy in an envelope and delivering it as follows:

_____ **(By Overnight Courier)** I caused such envelope with postage fully prepaid, to be sent by _____.

_____ **(By Mail)** I deposited the envelope, with postage fully prepaid, with the United States Postal Service at Fresno, Fresno County, California.

_X__ **(By Mail)** I placed the envelope for collection and processing for mailing following this business  ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____ **(By Hand)**I caused each envelope to be delivered by hand.

Each envelope was addressed as follows:

M. Jeffrey Kallis, Esq.
Kallis & Assoc.
333 W. San Carlos, Suite 800
San Jose, California 95112


___ **(By Telecopy)** I caused each document to be sent by telecopier to the aforementioned number(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on April 5, 2007, at Fresno, California.

/s/ Laurie K. Freer
Laurie K. Freer

10                          Pts & Auth Supp Def Mtn Dismiss