1   **BETTS & WRIGHT, A Professional Corporation**
    Attorneys at Law
2   P.O. Box 28550
    Fresno, California 93729-8550
3   Telephone: (559) 438-8500
    Facsimile:  (559) 438-6959
4
    James B. Betts (State Bar #110222)
5   Joseph D. Rubin (State Bar #149920)

6   Attorneys for Defendant CITY OF FRESNO

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10
    GREG OCCHIONERO,                    ) Case No. 1:05-CV-01184-LJO-SMS
11                                       )
                    Plaintiff,           )    REPLY MEMORANDUM OF
12                                       )    POINTS AND  AUTHORITIES IN
                                         )    FURTHER SUPPORT OF
13          v.                           )    DEFENDANT S MOTION TO
                                         )    DISMISS THIRD AND FOURTH
14   CITY OF FRESNO, and DOES 1 through  )    CAUSES OF ACTION IN THIRD
    40, inclusive,                       )    AMENDED COMPLAINT; FOR
15                                       )    MORE DEFINITE STATEMENT;
                    Defendants.          )    AND TO STRIKE PORTIONS OF
16   _____ )    THE THIRD AMENDED
                                              COMPLAINT
17
                                              [F.R.C.P. Rules 12(b)(1)(2)(6),
18                                            12(e), 12(f) and 12(g)]

19                                            DATE:    May 9, 2007
                                              TIME:    8:30 a.m.
20                                            CTRM:    4   7th Floor

21

22

23

24

25

26

27

28

## I.   PRELIMINARY STATEMENT

In opposition, Plaintiff concurs there is no basis to pursue a takings claim and punitive damages as against the City of Fresno.  Thus, the motion should be granted without leave to amend as to these issues.

Plaintiff attempts to salvage his procedural due process claim by ignoring the allegations in the operative complaint and the authorities cited in the moving papers.  In sum, his due process claim has the same shortcomings as his takings claim, and should be dismissed without leave to amend.

## II.   ARGUMENT

### A.   Plaintiff Cannot Maintain his Fourth Cause of Action for Violation of 42 U.S.C. Section 1983 based on the Takings Clause as a Matter of Law

In opposition, Plaintiff acknowledges his takings claim is not ripe because he failed to exhaust available remedies in State court.  Plaintiff also recognizes the claim should be dismissed without leave to amend, since any potential claim for inverse condemnation in State court is barred by the statute of limitations.  See Daniel v. County of Santa Barbara, 288 F.3d 375, 381 (9th Cir. 2002) [ The failure of Johnson and the Bucklews to use such state procedures cannot now be cured because the applicable state limitation periods have long since expired. ]; Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 911 F.2d 1331, 1336 (9th Cir. 1990); Liberty Mutual Insurance Co. v. Brown, 380 F.3d 793, 797-8 (5th Cir. 2004).

### B.   Plaintiff Cannot Maintain his Third Cause of Action for Violation of 42 U.S.C. Section 1983 Based on Procedural Due Process as a Matter of Law

In his opposition, Plaintiff does not dispute that a claim of ripeness bears on the Court s subject matter jurisdiction; that a federal court is prohibited from entertaining a case in which the issues are not yet ripe; and that Plaintiff s takings

Reply Pts & Auth Supp Def Mtn Dismiss

1
2
3
4
5
6

claim is barred by his failure to pursue available remedies in State court (i.e., inverse condemnation proceedings).  See <u>Williamson County Reg l Planning Comm n v. Hamilton Bank of Johnson City</u>, 473 U.S. 172, 195 (1985); <u>Del Monte Dunes at Monterey, Ltd. v. City of Monterey</u>, 920 F.2d 1496, 1500 (9th Cir. 1990); <u>Prairie Band of Potawatomi Indians v. Pierce</u>, 253 F.3d 1234, 1241 (10th Cir. 2002).

7
8
9

Nevertheless, in conclusory fashion, Plaintiff argues that his procedural due process claim is still viable because it is factually and legally distinct from his takings claim.  Such is not the case.

10
11

**1.    Material Allegations in Third Amended Complaint are Identical**

12
13
14
15

Contrary to Plaintiff s assertions, the material allegations for his takings and due process claims are essentially the same.  In fact, Plaintiff incorporated all the allegations for his due process claim by reference in his takings claim.  (TAC, ¶ 43).  Moreover, in his takings claim, the material allegations are as follows:

16
17
18

44.   Defendants entered the Plaintiffs property on or about December 8, 2003 at 11:00 a.m. with an inspection warrant.  While on the property the defendants, acting under color of authority of the City of Fresno seized approximately 760 cubic yards of recycled and new material and personal possessions of Mike and Greg Occhionero.

19
20
21
22
23

45.   Plaintiff is informed and believes and thereon alleges that of the 760 or so cubic yards of material that were seized, 60 cubic yards was unused foam pads and product, 5 cubic yards were personal items such as 2 fully filled and functioning fire extinguishers, a collection of full beer bottles that were acquired around the world over a 30 year period, personal papers, records and momentos and miscellaneous office fixtures and equipment.  The balance of the material seized consisted of recyclable foam padding and products.

24
25

46.   Plaintiff is informed and believes and thereon alleges that the replacement value and or market value of the material seized exceeded $70,000.

26
27
28

47.   It is undisputed that the defendant City of Fresno, its agents and officers, took the seized materials off of the Occhionero property and used the material or disposed of the material for an alleged public benefit.

1
2
3
4

48.   It is undisputed that at no time prior to the seizure and use of the 760 cubic yards of material to build or use in a land fill, was there any discussion, or attempted discussion as to the City of Fresno purchasing the material or compensating the Plaintiff for the loss of use of the material.  It was subsequently determined by a Court of competent jurisdiction that there was no imminent public safety danger and no reason to take plaintiff s property.

5    (TAC, ¶¶ 44-48)

6    His due process allegations are essentially the same:

7

8
9
10

34.   Defendants entered the Plaintiffs property on or about December 8, 2003 at 11:00 a.m. with an inspection warrant.  While on the property the defendants, acting under color of authority of the City of Fresno seized approximately 760 cubic yards of recycled and new material and personal possessions of Mike and Greg Occhionero.

11
12
13
14
15

35.   Plaintiff is informed and believes and thereon alleges that of the 760 or so cubic yards of material that were seized, 60 cubic yards was unused foam pads and product, 5 cubic yards were personal items such as 2 fully filled and functioning fire extinguishers, a collection of full beer bottles that were acquired around the world over a 30 year period, personal papers, records and momentos and miscellaneous office fixtures and equipment.  The balance of the material seized consisted of recyclable foam padding and products.

16
17

36.   Plaintiff is informed and believes and thereon alleges that the replacement value and or market value of the material seized exceeded $70,000.

18
19
20

37.   It is undisputed that the defendant City of Fresno, its agents and officers, took the seized materials off of the Occhionero property and used the material or disposed of the material for an alleged public benefit.

21
22

38.   It is undisputed that at no time prior to the seizure and destruction of the 760 cubic yards of material was there any hearing as to the rights of the plaintiff to keep the material or the need for the defendants to seize and destroy the material.

23
24
25

39.   It is undisputed that at no time after the seizure and destruction of the 760 cubic yards of material was there any hearing as to the rights of the plaintiff to keep the material or the need for the defendants to seize and destroy the material.

26    (TAC, ¶¶ 34-39)

27

28

3        Reply Pts & Auth Supp Def Mtn Dismiss

1
2
3

The Third Amended Complaint, and the allegations contained therein, make clear that Plaintiff s alleged losses from these causes of action are coextensive, and that his procedural due process claim is subsumed by his takings claim.

4
5

### 2.    Law Supports City s Position

6
7
8
9
10
11
12

In his opposition papers, Plaintiff completely ignores the myriad of authorities cited by the City to support its position that Plaintiff s procedural due process claim cannot proceed, and then states that  certain wrongs can implicate more than one constitutional command.    (Opp. 4:26-27).  While the City recognizes that a certain act can implicate multiple constitutional provisions, the issue here, which Plaintiff fails to address, is that a procedural due process claim is also unripe when it is based on the same property interest as the takings claim.

13
14
15
16
17
18
19
20
21
22
23

The Ninth Circuit has required finality when the procedural due process claim relates to, or arises from, the same property injury as the takings claim, as here. See Hoehne v. San Benito County, 870 F.2d 529, 532 (9th Cir. 1989) [ the final decision requirement is applicable to substantive due process and equal protection claims brought to challenge the application of land use regulations, and is most likely applicable to related procedural due process claims ]; Norco Constr., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir. 1986). [final decision requirement applicable to procedural due process claim for unlawful delay in processing development application].  Kinzli v. City of Santa Cruz, 818 F.2d 1449, 1455-6 (9th Cir. 1987) [procedural due process claim is not ripe absent final determination in State court].

24
25
26
27
28

Plaintiff must seek compensation through available state procedures before bringing a 42 U.S.C. § 1983 claim attacking the decision-making process that allegedly resulted in an unlawful taking.  Id.; see also Lake Nacimiento Ranch Co. v. County of San Luis Obispo, 841 F.2d 872, 879 (9th Cir. 1988).   Hence, Plaintiff cannot avoid Williamson County Regional Planning Commission v. Hamilton Bank of

1
2

Johnson City, 473 U.S. 172 (1985) merely by labeling its claims   due process

violations.

3

As set forth in the City s moving papers, the same analysis has been applied

4

by other Circuits.  For example, in Rocky Mountain Materials and Asphalt, Inc. v.

5

The Board of County Commissioners of El Paso County, 972 F.2d 309, 311 (10th

6

Cir. 1992), the Court stated as follows:

7
8
9
10
11
12
13

> The procedural due process argument that Rocky Mountain asserts
> here is that it was deprived of its right to mine on its property through
> the County s implementation of certain zoning regulations, which it
> alleges were enacted without the requisite notice.  The property
> interest supporting the due process claim is thus the right to conduct
> mining activities on the land.  This alleged deprivation is exactly the
> same one that Rocky Mountain asserts has resulted in the complete
> taking of its property without just compensation in violation of the
> Fifth Amendment.  The two alleged losses are coextensive.  Under
> these circumstances, Rocky Mountain must first obtain a final adverse
> decision with respect to the zoning restriction imposed by the County,
> and then make use of the available inverse condemnation remedies,
> before its procedural due process claim may be considered ripe for
> determination.

14

[Emphasis added.]

15

In Bigelow v. Michigan Department of Natural Resources, 970 F.2d 154, 160

16

(6th Cir. 1992), the Court stated as follows:

17
18
19
20
21
22
23
24
25

> The key issue in this case is whether the state properly denied full
> compensation to the plaintiffs for their fishing licenses. . . . The
> plaintiffs  procedural due process claim is ancillary to this main issue;
> they simply assert that they were not given an effective opportunity to
> defend their fishing rights before they were taken.  There was thus no
>  instantaneous infliction of a concrete injury.  Until the state courts
> have ruled on the plaintiffs  inverse condemnation claim, this court
> cannot determine whether a taking has occurred, and thus cannot
> address the procedural due process claim with a full understanding of
> the relevant facts. Furthermore, addressing the plaintiffs  procedural
> due process claim at this stage of the proceedings would allow future
> plaintiffs effectively to circumvent the ripeness requirement for takings
> claims simply by attaching a procedural due process claim to their
> complaint.  Thus, we hold that under the circumstances of this case,
> the plaintiffs  procedural due process claim is not ripe, and thus cannot
> be heard by this court.

26

[Emphasis added.]

27

////

28

Reply Pts & Auth Supp Def Mtn Dismiss

The Fifth Circuit held as follows in <u>The John Corporation v. City of Houston</u>, 214 F.3d 573, 585 (5th Cir. 2000):

> Appellants  procedural due process claims stand on more unstable ground.  <u>Appellants assert that the City s actions violated the Takings Clause, and that they were not afforded due process prior to the demolition of their buildings</u>.  The takings claim is not yet ripe, and it will only be when a court may assess the takings claim that it will also be able to examine whether Appellants were afforded less procedure than is constitutionally required.

[Emphasis added.]

Similar to the above cases, Plaintiff is arguing that he was denied due process before and after the property, which is subject to the takings claim, was taken.  When a plaintiff alleges that he was denied a property interest without due process, and the loss of that property interest is the same loss upon which the plaintiff s takings claim is based, it must utilize the remedies applicable to the takings claim in order to satisfy the ripeness requirement.  In the face of alleged potential constitutional injuries, courts have held that states should be given the opportunity to fully and finally determine the scope of injury before the federal claims ripen.

In this case, Plaintiff s due process claim has no firmer jurisdictional footing than his takings claim.  Because Plaintiff s procedural due process claim is premised on the same allegations as his unlawful taking, it too is premature.  The unripe takings claim renders the ancillary due process claim unripe as well.  Entertaining these claims would allow Plaintiff to circumvent the ripeness doctrine.  Accordingly, this Court should dismiss Plaintiff s cause of action for procedural due process violations.

**3.   Due Process Claim Based on Fourth Amendment**

In a distorted effort to salvage his claim, Plaintiff now asserts, without any citation to authority, that he is basing his procedural due process claim on the

Fourth Amendment.  First, Plaintiff s Third Amended Complaint has no allegations to support this contention.  Moreover, such a claim is nonsensical, as the City entered onto his property pursuant to an inspection and abatement warrant, which Plaintiff has attached as an Exhibit to his Third Amended Complaint and makes reference to it in his opposition papers. [Opp., 2:21-22].  Within Exhibit G to the Third Amended Complaint, Plaintiff attaches the warrant executed by the Court, which states in part:

> YOU ARE HEREBY COMMANDED AND AUTHORIZED TO enter and (1) conduct an inspection of the interior and exterior of the premises including the interior of any structures on the Subject Property and (2) summarily abate any public nuisance on the Subject Property under the authority of Sections 9-804 and 9-805 of the Fresno Municipal Code;

(See also Ex. F to Third Amended Complaint) Thus, the claim should be dismissed without leave to amend.

### C.   This Court Should Strike Numerous Allegations in the Third Amended Complaint

#### 1.   Punitive Damages as to City of Fresno

In opposition, Plaintiff concurs that all allegations asserting punitive damages, as identified in the notice of motion, should be stricken.

## III.   CONCLUSION

For the foregoing reasons and those stated in the moving papers, Defendant respectfully requests that this Court dismiss Plaintiff s Third and Fourth causes of action without leave to amend, and strike all allegations relating to punitive damages.

Dated: April 25, 2007                    Respectfully submitted,
                                         BETTS & WRIGHT


                                         By   /s/ Joseph D. Rubin
                                              Joseph D. Rubin
                                         Attorneys for Defendant
                                         CITY OF FRESNO

## PROOF OF SERVICE

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled cause or matter.  My business address is P. O. Box 28550 [7108 N. Fresno Street, Suite 460], Fresno, California.  On April 25, 2007, I served **REPLY MEMORANDUM OF POINTS AND  AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT S MOTION TO DISMISS THIRD AND FOURTH CAUSES OF ACTION IN THIRD AMENDED COMPLAINT; FOR MORE DEFINITE STATEMENT; AND TO STRIKE PORTIONS OF THE THIRD AMENDED COMPLAINT** on the parties in this action by placing an original/a true copy in an envelope and delivering it as follows:

_____ **(By Overnight Courier)** I caused such envelope with postage fully prepaid, to be sent by _____.

_____ **(By Mail)** I deposited the envelope, with postage fully prepaid, with the United States Postal Service at Fresno, Fresno County, California.

_X__ **(By Mail)** I placed the envelope for collection and processing for mailing following this business  ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____ **(By Hand)**I caused each envelope to be delivered by hand.

Each envelope was addressed as follows:

M. Jeffrey Kallis, Esq.
Kallis & Assoc.
333 W. San Carlos, Suite 800
San Jose, California 95112


___ **(By Telecopy)** I caused each document to be sent by telecopier to the aforementioned number(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on April 25, 2007, at Fresno, California.

/s/ Laurie K. Freer _____
Laurie K. Freer

Reply Pts & Auth Supp Def Mtn Dismiss