IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG OCCHIONERO, | CASE NO. CV F 05-1184 LJO SMS |
| Plaintiff, | **ORDER ON MOTION TO DISMISS** |
| vs. | |
| CITY OF FRESNO, | |
| Defendant. | |

Defendant City of Fresno moves to dismiss the Third and Fourth claims for relief of plaintiff's Third Amended Complaint, each on the basis of: (1) the claim is not ripe and the court lacks subject matter jurisdiction, and (2) plaintiff's allegations do not establish the elements for a 42 U.S.C. §1983 claim. In the alternative, the City seeks a more definite statement and seeks to strike the allegations of punitive damages. On April 18, 2007, plaintiff filed his opposition to the motion. On April 25, 2007, defendant filed its reply brief. Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument, and the hearing set for May 9, 2007 was vacated. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order

**FACTUAL AND PROCEDURAL BACKGROUND**

This action was filed on September 16, 2005. Following the parties' law and motion, plaintiff filed the Third Amended Complaint ("TAC") on March 12, 2007. Plaintiff alleges that he was conducting a recycling business on his parents' property. In 2002, Municipal Auditing Services ("MAS"), on behalf of the City of Fresno, contacted plaintiff for outstanding business taxes. Plaintiff

1

challenged the City's delegation of the taxing authority to MAS.  Thereafter, plaintiff alleges that the City, through its Code Enforcement Division, began an aggressive campaign against plaintiff. Ultimately the City obtained an inspection and abatement warrant and seized some of plaintiff's business property, equipment and personal belongings.  Plaintiff's complaint alleges claims for:

      (1)      Violation of Equal Protection Clause,

      (2)      First Amendment Retaliation,

      (3)      Violation of Procedural Due Process, and

      (4)      Violation of the Takings Clause of the 5th Amendment

This motion challenges the third and fourth claims for relief and the claims for punitive damages against the City.  Plaintiff's opposition acknowledges that the Fourth claim for relief - the Takings Clause claim - and the punitive damages should be dismissed.  Therefore, this Order addresses only the Rule 12(b)(6) motion and Rule 12(e), motion for a more definite statement, on the Third Claim for Relief.  The Fourth claim for relief and the punitive damages allegations will be ordered dismissed.

**A.    Motion To Dismiss Standards**

    **1.    Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

**2.     Rule 12(e)**

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Motions for more definite statement are viewed with disfavor, and are rarely granted. *In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (ED PA 1986).

**B.     Procedural Due Process Claim**

Defendant argues that plaintiff cannot proceed on his procedural due process claim because the Ninth Circuit bars substantive due process claims, citing *Armendiariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996). Defendant argues that due process claims must satisfy *Williamson County Regional Planning Commission v. Hamilton Bank* if the claims relate to, or arise from a taking claim.

In *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the plaintiff brought a 42 U.S.C. § 1983 action against the county alleging that the county's temporary refusal to allow development of its property constituted a compensable taking. The Court did not reach the merits, but found the action premature. The Court remanded the case for further proceedings because the action would not be ripe until the county had reached a final decision on how much development, if any, would be allowed on the property.

*Williamson* imposes two requirements that must be satisfied before a takings claim may be heard in federal court. *See also Carson Harbor Village v. City of Carson*, 353 F.3d 824, 826-27 (2004). First, plaintiff must show that "the government entity charged with implementing the regulations [that purportedly effected a taking] has reached a final decision regarding the application of the regulations to the property at issue." 473 U.S. at 186, 105 S.Ct. 3108. This final decision requirement is automatically satisfied in cases where there was a physical taking. *See Sinaloa Lake Owners' Assoc. v. City of Simi Valley*, 882 F.2d 1398, 1402 (9th Cir.1989), *overruled on other grounds*, *Armendariz v. Penman*, 75 F.3d 1311, 1326 (9th Cir.1996) (en banc). Second, "[i]f a state has an adequate procedure for compensation," plaintiff must show that this procedure has been exhausted and that he has been denied compensation. *Williamson County*, 473 U.S. at 194, 105 S.Ct. at 3121 ("all that is required is that a ' "reasonable, certain and adequate provision for obtaining compensation" ' exist at the time of the

1  taking ")

2  Defendant argues that plaintiff cannot avoid *Williamson* merely by labeling his claims as due
3  process violations. Defendants also cite *Rocky Mountain Materials & Asphalt, Inc. v. Board of County*
4  *Com'rs of El Paso County*, 972 F.2d 309, 311 (10th Cir. 1992). The procedural due process argument that
5  Rocky Mountain asserted was that it was deprived of its right to mine on its property through the
6  County's implementation of certain zoning regulations, which it alleges were enacted without the
7  requisite notice.  The alleged deprivation was exactly the same one that Rocky Mountain asserted has
8  resulted in the complete taking of its property without just compensation in violation of the Fifth
9  Amendment. The Court found the two alleged losses are coextensive. The procedural due process claim
10 was in truth a just compensation claim and plaintiff was required to satisfy *Williamson*.

11 Defendants also cite *Miller v. Campbell County*, 945 F.2d 348 (10th Cir. 1991) where
12 homeowners brought suit for damages suffered when their village was declared unhabitable by county
13 commissioners.  Because the Just Compensation Clause of the Fifth Amendment imposes very specific
14 obligations upon the government when it seeks to take private property, the Court said it was "reluctant
15 in the context of a factual situation that falls squarely within that clause to impose new and potentially
16 inconsistent obligations upon the parties under the substantive or procedural components of the Due
17 Process Clause."

18 Plaintiff argues that the third claim is not a Just Compensation/Takings claim, but is a procedural
19 due process claim based upon the failure of defendant to provide either a pre-deprivation or post-
20 deprivation hearing.

21 The Due Process Clause confers both procedural and substantive rights. *Armendariz v. Penman*,
22 75 F.3d 1311, 1318 (9th Cir. 1996).  The first step in any [§ 1983] claim is to identify the specific
23 constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807 (1994).
24 A 'seizure' of property occurs when there is some meaningful interference with an individual's
25 possessory interests in that property." *Armendariz v. Penman*, 75 F.3d at 1320.  Procedural due process
26 requires that a party affected by government action receive "the opportunity to be heard at a meaningful
27 time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d
28 18 (1976). Central to the notion of due process is the right to notice and a hearing "at a meaningful time

and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir.1989). While due process normally requires an opportunity for some kind of hearing prior to the deprivation of a significant property interest, *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978), "[a] long established principle of due process jurisprudence is that Government must sometimes be allowed to act promptly to avoid public harm." *Cassim v. Brown*, 824 F.2d 791, 797 n. 2 (9th Cir.1987). Therefore, summary government action "designed to protect the public health, safety and general welfare does not violate due process." *Sinaloa Lake Owners*, 882 F.2d at 1406.

The Fourth Amendment applies to searches and seizures in the civil context and may serve to resolve the legality of the governmental actions without reference to other constitutional provisions. *See Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) (holding that a warrant based on probable cause is required for administrative search of residences for safety inspections). In *Soldal v. Cook County*, 506 U.S. 56, 70, 113 S.Ct. 538, 548, 121 L.Ed.2d 450 (1992), the Court noted that, "Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands. Where such multiple violations are alleged, we are not in the habit of identifying as a preliminary matter the claim's 'dominant' character. Rather, we examine each constitutional provision in turn." Though the Fourth Amendment places limits on the Government's power to seize property for purposes of forfeiture, it does not provide the sole measure of constitutional protection that must be afforded property owners in forfeiture proceedings. *U.S. v. James Daniel Good Real Property*, 510 U.S. 43, 52, 114 S.Ct. 492, 500 (1993).

Cases have permitted the procedural due process claim to proceed, notwithstanding a "taking," where there are issues not relevant to the taking claim. In *Sinaloa Lake Owners Association v. Simi Valley*, 882 F.2d 1398 (9th Cir.1989) (as amended), *cert. denied*, 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990), *overruled on other grounds by Armendariz v. Penman*, 75 F.3d 1311, 1324 (9th Cir.1996), property owners sued the City of Simi Valley, claiming that the city had violated the Fourth, Fifth, and Fourteenth Amendments by breaching the owners' dam and draining their lake without adequate notice and for no rational reason. While *Sinaloa* permitted plaintiffs to bring both a takings

1  claim and a substantive due process claim, this aspect of *Sinaloa* was expressly overruled by *Armendariz*
2  *v. Penman*, 75 F.3d 1311 (9th Cir.1996) (en banc). The procedural due process claim, however, was not
3  overruled.

4  In *Harris v. County of Riverside*, 904 F.2d 497, 501 (9th Cir.1990), the Court allowed a
5  procedural due process claim to proceed even though it could be found that a consequence of the lack
6  of notice was an incorrect zoning decision on the part of the County, the subject of the unripe takings
7  claim. The plaintiff alleged that the County denied him procedural due process by depriving him of the
8  commercial use of his land until he paid the $2,400 to $3,000 nonrefundable fee it charges to apply for
9  an amendment to the General Plan. The Court held that, "The fee and the deprivation of the commercial
10 use of his land amount to actual, concrete injuries which are separate from any taking Harris may have
11 suffered." *Harris*, 904 F.2d at 501. *Accord Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*,
12 344 F.3d 822 (9th Cir. 2003) (procedural due process claim permitted to proceed where plaintiff alleged
13 treatment which caused him harm in retaliation for exercising his First Amendment rights and restricting
14 him from playing polo on his property for nine years while waiting for a major conditional use permit).

15 In the case before the Court, an issue for resolution, which would be outside the Just
16 Compensation/Taking, is whether an emergency existed such that a pre-deprivation hearing could not
17 be had. Plaintiff alleges no emergency existed. This issue is not relevant to just compensation. In
18 addition, plaintiff's main issue is that his property was seized for retaliatory reasons as opposed to
19 emergency/public safety reasons or for public benefit reasons. The issue of retaliation is not relevant
20 to the takings claim.

21 The Third cause of action in the TAC states in relevant part:

22 34.   Defendants entered the plaintiff's property . . seized approximately 760 cubic yard of
23        recycled and new material and personal possessions. . .

24 37.   [Defendants] took the seized materials off of the Occhionero property and disposed of
25        it by crushing it under heavy equipment and burying it in a landfill. . .

26 38.   [A]t no time prior to the seizure and destruction of the 760 cubic yards was there any
27        hearing as to the rights of the plaintiff . . .

28 39.   [A]t no time after to the seizure and destruction of the 760 cubic yards was there any

|   |   |   |
|---|---|---|
| 1 |   | hearing as to the rights of the plaintiff . . . |
| 2 | 42. | [T]hese acts and the failure to have a hearing as to plaintiff's rights to the property and |
| 3 |   | the defendants' need to take the property were intentional and done with the intent to |
| 4 |   | injure, intimidate an "punish" plaintiff. |

Here plaintiff alleges he was denied due process in retaliation for his exercise of his first amendment rights of challenging the delegation of the City's taxing authority. This issue is independent of the just compensation in a Takings claim. Accordingly the motion to dismiss on the third claim should be denied.

**Relevant cases cited by the City in its Reply Brief**

In its reply, City cites cases which deal with regulatory Taking. The city cites *Hoehne v. San Benito County*, 870 F.2d 529, 532 (9th Cir. 1989). In *Hoehne*, a property owner applied to divide a 60-acre parcel of land into four lots, with one home to be placed on each. The local board of supervisors denied the subdivision request, and immediately rezoned the property to a zone having a minimum lot size of 40 acres. The court held that this constituted a final determination of the permitted use of the Hoehnes' land, and that the Hoehnes were not required to apply for further variances or other types of permits before coming to court. 870 F.2d at 535. The Hoehne court emphasized that the meaningful application requirement had already been satisfied by the subdivision request; the only thing excused by invocation of the futility exception was "[r]e-application and re-submission." In *Norco Const., Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir.1986), the Ninth Circuit held that "under federal law the general rule is that claims for inverse taking, and for alleged related injuries from denial of equal protection or denial of due process by unreasonable delay or failure to act under mandated time periods, are not matured claims until planning authorities and state review entities make a final determination on the status of the property." *Kinzli v. City of Santa Cruz*, 818 F.2d 1449 (9th Cir. 1987) (Property owners were not denied procedural due process by dismissal as unripe of claim they were denied substantive due process by city's restrictions on use to which property could be put, where substantive due process claim was not ripe as city had not made final decision regarding property).

/////

/////

Case 1:05-cv-01184-LJO-SMS   Document 64   Filed 05/01/07   Page 8 of 8

Each of these cases was regulatory takings cases or denial of due process due to the regulatory taking. None of the cases dealt with the unique facts that the actions taken were done for retaliation for allegedly engaging in protected acts. Accordingly, each of these cases is distinguishable.

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is partially GRANTED and partially DENIED:

1. The Motion to Dismiss the Fourth claim for relief is GRANTED.
2. The Motion to Strike the allegations of punitive damages and prayer for punitive damages is GRANTED.
3. The Motion to Dismiss the Third claim for relief is DENIED.
4. The Court ORDERS defendant, no later than 15 days from the date of service of the order, to file an answer to the Third Amended Complaint.

IT IS SO ORDERED.

**Dated:**   **April 30, 2007**                    **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES DISTRICT JUDGE