IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG OCCHIONERO, | CASE NO. CV F 05-1184 LJO SMS |
| Plaintiff, | **ORDER ON MOTION FOR LEAVE TO FILE ATTACHMENTS TO BILL OF COSTS** |
| vs. | (Doc. 134) |
| CITY OF FRESNO, | |
| Defendant. | |

**INTRODUCTION**

Defendant City of Fresno ("defendant") moves for leave to file attachments to the July 8, 2008 Bill of Costs. Plaintiff Greg Occhionero ("plaintiff") failed to oppose this motion. Having considered the applicable factors, this Court GRANTS defendant leave to file attachments to the Bill of Costs and directs the clerk to reconsider defendant's Bill of Costs in light of the attachments filed.

**BACKGROUND**

In a July 3, 2008 Summary Judgment Decision, this Court granted summary judgment in favor of defendant and against plaintiff. On July 8, 2008, defendant filed its Bill of Costs. Defendant's Bill of Costs was filed without a "memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred" as required by this Court's Local Rule 54-292(b) and 28 U.S.C. §1924. Plaintiff did not oppose defendant's July 8, 2008 Bill of Costs.

After reviewing defendants' Bill of Costs, this Court issued the following minute order on October 27, 2008:

> Defendant submitted a Bill of Costs to this Court for an award of costs following judgment on July 3, 2008. Defendant did not submit any invoices or other documentation to support the claimed costs. Defendant is directed to submit supporting documentation to the Court within fifteen days of this order. If defendant elects not to submit documentation, the Court will deem the matter submitted.

Defendant failed to file the supporting documentation requested. Accordingly, on January 7, 2009, the clerk of court denied in total defendant's Bill of Costs for failure to obey this Court's October 27, 2008 order.

On January 9, 2009, defendant moved for leave fo file attachments to the costs bill. Defendants filed the instant amended motion on January 12, 2009 and set a hearing for February 24, 2009. Plaintiff failed to oppose the instant motion. Having considered defendant's motion, including the supporting documents, this Court vacates the February 24, 2009 hearing, pursuant to Local Rule 78-230(h), and issues the following order.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), this Court may extend the time for a party to act after the time for action has expired, upon motion, "if the party failed to act because of excusable neglect." This Court employs an "equitable inquiry" to determine whether defendant's neglect is excusable, and considers the following factors: (1) the danger of prejudice to plaintiff; (2) the length of the delay and the its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Investment Servs. Co. v. Brusnwick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

The Court considers each factor below.

### Danger of Prejudice

While the taxation of costs without the required memorandum poses a danger of prejudice to plaintiff, this Court notes the plaintiff failed to oppose the July 8, 2008 Bill of Costs and further failed to oppose the instant motion, filed on January 12, 2009. Plaintiff declined two opportunities to oppose the Bill of Costs. Accordingly, the danger of prejudice to plaintiff, if any, is minimal. Accordingly, this factor weighs in favor of allowing defendant leave to file the affidavit.

### Length of Delay

Defendant was required by statute and this Court's local rule to file an affidavit in support of the Bill of Costs when defendant initially filed the Bill of Costs on July 8, 2008. On October 27, 2008, this Court allowed defendant the opportunity to file the affidavit of support within 15 days. Defendant failed to do so. On January 9, 2009, two days after this Court denied its Bill of Costs, defendant moved for leave to file the affidavit.

While there was little delay between this Court's denial and the instant motion, defendant's request for leave to file the affidavit comes six months after it was initially required to be filed. This Court finds the significant length of delay to be lessened, however, by the fact that a direct appeal in this action is pending. Plaintiff appealed this Court's Summary Judgment Decision on July 8, 2008. As a result of the appeal, defendant's delay has not impacted negatively these judicial proceedings. Accordingly, this factor does not weigh against defendant's motion for leave to file the affidavit.

### Reason For Delay

Defendant's counsel Joseph Rubin ("Mr. Rubin") explains that although his office received this Court's October 27, 2008 minute order, the attorneys working on this case did not receive it. Mr. Rubin explains that the attorneys were unaware of the minute order until this Court's January 2009 denial of the Bill of Costs. Mr. Rubin takes responsibility for the neglectful management of this case. Mr. Rubin does not address why defendant's initial Bill of Costs was filed without the required affidavit. Because the reason for the delay was fully within the control of the movant, this factor weighs against defendant's motion.

### Good Faith

This Court has no evidence that defendant or defendant's counsel acted in bad faith. Accordingly, this factor weighs in favor of granting defendant's motion.

### Local Rule 54-292(d)

This Court further considers Local Rule 54-292(d), which provides: "If no objection is filed, the Clerk *shall* proceed to tax and enter costs." (emphasis added) In this action, plaintiff filed no objection to defendant's Bill of Costs. Accordingly, this factor weights in favor of granting defendant leave to file the affidavit.

**CONCLUSION and ORDER**

After considering and balancing the relevant factors, this Court:

1. GRANTS defendant leave to file attachments to the July 8, 2008 Bill of Costs;
2. ORDERS defendant to file its attachment and affidavit in support of its Bill of Costs no later than February 18, 2009;
3. DIRECTS the clerk of court to reconsider its January 7, 2009 denial of defendant's Bill of Costs, in light of this ruling and defendant's affidavit to be filed no later than February 18, 2009; and
4. VACATES the February 24, 2009 hearing.

IT IS SO ORDERED.

**Dated:   February 13, 2009**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE